LATHAM&WATKINS LLP

650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
Tel: +1.714.540.1235  Fax: +1.714.755.8290
www.lw.com

February 4, 2022

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

Re: *Lavin v. Virgin Galactic Holdings, Inc.*, 1:21-cv-03070

Dear Judge Ross:

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Richard Branson, Chamath Palihapitiya, Michael A. Colglazier, George Whitesides, and Michael Moses ("Defendants") respectfully request a pre-motion conference regarding their anticipated motion to dismiss Plaintiffs' Amended Complaint ("AC").

**Background.**  Virgin Galactic is a pioneering aerospace company that designs, manufactures, and tests commercial spaceflight vehicles for human tourism, research, and education.  Form S-3/A at 4 (Jun. 17, 2021).  During the class period, it operated a multi-stage test flight program to identify design and engineering issues to ensure that commercial flights would be safe.  According to Plaintiffs, Defendants violated the securities laws by concealing information regarding the design and safety of Virgin Galactic's spacecraft.  AC ¶¶ 20, 232-233.  But Plaintiffs fail to identify any actionable false statement or omission supporting this theory, and they disregard repeated warnings concerning the inherent risks of spaceflight, potential safety issues, and possible program delays.  While Plaintiffs speculate that Defendants were somehow motivated to conceal safety issues for short-term gain, that theory makes no sense and ignores the far more logical inference that Virgin Galactic opted to proceed with caution in an unprecedented and high-risk business in order to ensure its flight system is safe for commercial use and prevent an accident that could mean disaster.  *Indeed, Plaintiffs do not allege that Virgin Galactic actually experienced any catastrophic safety events or loss of life during or after the class period.*  At best, Plaintiffs allege that Virgin Galactic identified some areas in which safety and engineering could be improved, grounded its ships or delayed certain flights to make those improvements, and told investors it was doing so.  That is not securities fraud.

**Plaintiffs Fail to Plead Falsity.** Plaintiffs challenge thirty-five statements as false or misleading,[1] but they do not identify (as they must) specific alleged facts contradicting the statements or rendering them false.  *See Tongue v. Sanofi*, 816 F.3d 199, 211 (2d Cir. 2016) (statement or omission must "conflict with what a reasonable investor would take from the statement") (citation omitted).  For example, Plaintiffs challenge several statements regarding the successful completion of test flights (AC ¶¶ 497, 503, 505, 514, 516, 524, 526, 531, 536, 538, 564), but point to no alleged facts establishing that those test flights did not achieve their

---

[1] AC ¶¶ 497, 499, 501, 503, 505, 507, 509, 512, 514, 516, 518, 520, 522, 524, 526, 529, 531, 533, 536, 538, 540, 542, 544, 547, 549, 551, 553, 555, 557, 559, 562, 564, 566, 568 & 570.

LATHAM&WATKINS LLP

objectives of flight completion and data gathering for future safety and engineering improvements.  Likewise, Plaintiffs point to statements regarding Virgin Galactic's commitment to safety (*id*. ¶¶ 501, 512, 516, 526, 533, 547, 549, 551, 557, 559), but do not offer a single allegation that the Company was not focused on ensuring safe operations for future commercial flight.  Indeed, Plaintiffs' allegations establish that where design or mechanical issues were identified that might impact the safety of future flights, those issues were investigated so that they could be corrected.  *Id*. ¶¶ 507, 509.

Six challenged statements concerning the next stages of Virgin Galactic's commercial space program—such as "we'll start putting people up" (AC ¶ 499), and "[w]e'll start commercial operations in the middle of next year" (*id*. ¶ 514)[2]—are forward-looking statements protected by the PSLRA's safe harbor.  *See* 15 U.S.C. § 78u-5(c)(1)(A)-(B); *Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 404-05 (S.D.N.Y.) *aff'd*, 757 F. App'x 35 (2d Cir. 2018).  Virgin Galactic provided cautionary language warning of possible "significant delays" caused by "changes to the spaceflight system" following "each flight test," and an inability to "operate [its] current spaceflight system . . . for a number of reasons, including . . . maintenance issues [and] design and engineering flaws," among others.  Form S-4/A at 35 (Sep. 13, 2019).  Virgin Galactic gave no assurance that it would not experience problems "that could result in potential safety risks" (*id*. at 36); warned that if its remediation measures were unsuccessful, leading to issues with "design and safety," the anticipated launch of commercial operations could be delayed (*id*. at 35); and cautioning investors that any "actual or perceived safety issues . . . could result in delaying or cancelling planned flights . . ." (*id*. at 36).  *See Foley v. Transocean Ltd.*, 861 F. Supp. 2d 197, 210–11 (S.D.N.Y. 2012) (dismissing claims that company omitted information regarding its poor "safety culture" where company disclosed that it "had experienced and would continue to experience, safety-related problems").

Fourteen of the alleged misstatements are non-actionable for the additional reason that they are opinion statements as to which Plaintiffs must show both objective and subjective falsity.  *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 186-87 (2015).  These include statements reflecting Defendants' beliefs regarding test flight progress (AC ¶¶ 497, 499, 505, 538, 551), safety (*id*. ¶¶ 512, 533, 547, 549, 557, 562, 564) and the customer experience (*id*. ¶¶ 516, 526).  Not a single fact is alleged that establishes that any Defendant believed these statements were untrue, much less that they were objectively false when made.  And Defendants' ten statements regarding their views of Virgin Galactic's competitive positioning and business outlook are non-actionable expressions of corporate optimism.  *See ECA, Local 134 IBEW Joint Pension Tr. Chi. v. JP Morgan Chase Co.,* 553 F.3d 187, 206 (2d Cir. 2009).  These include statements that Virgin Galactic was "confident that [it] is light years ahead of the competition" (AC ¶ 501), and that it would enable "hundreds and then thousands of people to embark on one of the most unforgettable journeys of their lives" (*id*. ¶ 542).[3]  *See, e.g.*, *Okl. Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 569-70 (S.D.N.Y. 2018), *aff'd*, 771 F. App'x 51 (2d Cir. 2019) (statements touting "competitive advantage" and "expectations of business success" not actionable).

---

[2] *See also* AC ¶¶ 514, 522, 538, 568.

[3] *See also* AC ¶¶ 503, 520, 522, 529, 540, 566, 568, 570.

LATHAM&WATKINS<sup>LLP</sup>

**Plaintiffs Fail to Plead Scienter.**  Plaintiffs fall far short of pleading a "strong" inference of scienter, *i.e.*, an "intent to deceive, manipulate, or defraud." *Cap. Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 225 (2d Cir. 2012) (citation omitted).  Plaintiffs assert that Defendants concealed safety issues because they "urgently needed cash."  AC ¶¶ 423-462.  But Defendants' conduct contradicts this theory.  Virgin Galactic not only informed investors that space travel is inherently dangerous and that safety performance issues could lead to delays (*id*. ¶¶ 507, 509), but also delayed or grounded flights at various points during the class period, in part to ensure that there were no catastrophic safety failures (*id*. ¶¶ 20, 22).  Indeed, when the former Head of Safety raised safety concerns, the board engaged a former Boeing executive who "spent hours interviewing the people responsible for Virgin Galactic's safety." *Id*. ¶¶ 322-324.  In July 2021, Defendant Branson flew successfully to space (*id*. ¶¶ 331, 387)—contradicting any possible inference that he had safety concerns.  Far from supporting securities fraud, the more cogent and compelling inference is that Virgin Galactic opted to delay flights precisely because of its commitment to safety. *See Cap. Mgmt.*, 680 F.3d at 225; *see also In re GeoPharma, Inc. Sec. Litig.*, 411 F. Supp. 2d 434, 466 n.83 (S.D.N.Y. 2006) (illogical allegations do not raise a strong inference of scienter).

Plaintiffs fail to plead scienter based on allegations from eight confidential witnesses, a book (*Test Gods*), and a purported expert.  As to the CWs, none of their accounts renders any statements false, and each of them left before the relevant class period or occupied low-level positions with no contact with senior management. *See Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 803 (S.D.N.Y. 2020) (plaintiff failed "to anchor" the confidential witness statements in the class period and offered no contemporaneous knowledge).  Likewise, the challenged statements were made years after the narrative in *Test Gods*, which Plaintiffs do not connect to any contemporaneous undisclosed facts. *See Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 333 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010) (no scienter where "articles merely report press speculation" about "opinions years earlier").  Plaintiffs similarly cannot rely on an expert to sustain their claims. *See Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 223 (S.D.N.Y. 2018) (striking expert opinion from complaint because "opinions cannot substitute for facts").  Nor are allegations about certain Defendants' stock sales (AC ¶¶ 423-462) probative of scienter when Plaintiffs do not plead that there was anything suspicious about them. *See*, *e.g.*, *In re Lululemon Sec. Litig*, 14 F. Supp. 3d 553, 585 (S.D.N.Y. 2014).

**Plaintiffs Do Not Plead Loss Causation**.  Plaintiffs entirely fail to plead loss causation – *i.e.*, a causal link between the "alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Lentell v. Merill Lynch & Co.,* 396 F.3d 161, 172 (2d Cir. 2005).  Plaintiffs fail to clearly identify the purported corrective disclosures, only broadly discussing flight delays in December and August 2020 or February and October 2021 that supposedly led to stock price declines, without connecting those events to a misstatement or explaining what they corrected. *See*, *e.g.*, *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 511-12 (2d Cir. 2010).

**Plaintiffs Do Not Plead 20(a) Liability.**  Absent primary violations, there can be no control person claim. *ATSI Comm's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

Given the necessary brevity of this letter, Defendants respectfully reserve the right to submit additional grounds for dismissal in support of their anticipated motion.

February 4, 2022
Page 4

LATHAM&WATKINS LLP

Respectfully Submitted,

*/s/ Michele D. Johnson*

Michele D. Johnson (*pro hac vice*)
of LATHAM & WATKINS LLP

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

Kristin N. Murphy (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants*


Enclosure

Cc:  All Counsel of Record (via ECF (with enclosure))