**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, JON CAMPAGNA,<br><br>      Defendants. | Case No.: 1:21-cv-03070-ARR-TAM |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE CORRECTED AMENDED COMPLAINT**

**LATHAM & WATKINS LLP**

Michele D. Johnson (*pro hac vice*)
Kristin N. Murphy (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: michele.johnson@lw.com
   kristin.murphy@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants*

April 4, 2022

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic"), Richard Branson, Chamath Palihapitiya, George Whitesides, Michael Moses, and Michael Colglazier (together with Virgin Galactic, the "Defendants") respectfully request that the Court take judicial notice of Exhibits 2-12 attached to the accompanying Declaration of Colleen C. Smith, pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine.

**DISCUSSION**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider "documents incorporated into the complaint by reference, public disclosure documents filed with the Securities and Exchange Commission ('SEC'), and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *In re Chembio Diagnostics, Inc. Sec. Litig.*, 2022 WL 541891, at *6 (E.D.N.Y. Feb. 23, 2022) (citation omitted); *see also Barbara v. MarineMax, Inc.*, 2013 WL 12358268, at *3 (E.D.N.Y. Mar. 7, 2013) (taking judicial notice of documents that were "incorporated by reference and integral to and relied upon in the complaint"). Additionally, the Court may judicially notice any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. ("FRE") 201(b).

Here, the Court may consider the entirety of Exhibits 2-12 under the incorporation by reference doctrine, and may further take judicial notice of the contents of Exhibits 2-11, as well as judicial notice of the stock prices in Exhibit 12, which are uncontested. The following chart summarizes the exhibits and the applicable reasons the Court may consider or take judicial notice of each:

1

| Exhibit No. | Document | AC References | Reason(s) for Judicial Notice |
|---|---|---|---|
| 2 | Aug. 7, 2019 Form S-4 | ¶¶ 507, 509, 573a | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 3 | Feb. 28, 2020 Form 10-K | ¶ 511c | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 4 | May 1, 2020 Form S-1 | ¶¶ 511d, 573d | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 5 | Aug. 3, 2020 Form S-1 | ¶¶ 511e, 573e | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 6 | Mar. 1, 2021 Form 10-K | ¶ 511f | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 7 | May 28, 2021 Form S-3 | ¶¶ 511g, 573f | • Incorporated by Reference<br>• SEC Filing (FRE 201(b)(2)) |
| 8 | Q4 2019 Earnings Call Transcript | ¶¶ 531, 533 | • Incorporated by Reference<br>• Earnings Call Transcript (FRE 201(b)(2)) |
| 9 | Q2 2020 Earnings Call Transcript | ¶¶ 546-47 | • Incorporated by Reference<br>• Earnings Call Transcript (FRE 201(b)(2)) |
| 10 | Q4 2020 Earnings Call Transcript | ¶¶ 561-62 | • Incorporated by |

| | | | |
|---|---|---|---|
| | | | Reference<br>• Earnings Call Transcript (FRE 201(b)(2)) |
| **11** | Dec. 14, 2020 Press Release | ¶ 362 | • Incorporated by Reference<br>• Press Release (FRE 201(b)(2)) |
| **12** | SPCE Stock Price History and Alleged Stock Sales | ¶¶ 20-22, 332, 360, 364, 366, 382, 390-91, 406, 408, 411, 440, 462, 608-09 | • Incorporated by Reference<br>• Stock Price Historical Data (FRE 201(b)(2)) |

*First*, the Court may appropriately consider the entirety of Exhibits 2-12 because they are cited to and quoted in the Corrected Amended Complaint (the "Complaint" or "AC"), and are thus incorporated by reference. *See Carter v. JPMorgan Chasebank, N.A.*, 2018 WL 1083966, at *2 n. 4 (S.D.N.Y. Feb. 26, 2018) ("[A] complaint is also deemed to include . . . 'materials incorporated in it by reference.'").

It is appropriate for the Court to consider the entirety of each document cited in the Complaint where, as here, the Complaint "make[s] a clear, definite and substantial reference to the documents." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) (citation omitted). Moreover, these documents, which consist of SEC filings, earnings call transcripts, a press release, Virgin Galactic's stock price history, and Defendants Branson's and Palihapitiya's stock sales, may be considered by the Court because Plaintiffs relied "on the materials in framing the complaint" and their "authenticity or accuracy" are "undisputed." *See Berkley v. City of New Rochelle*, No. 21-CV-578 (KMK), 2022 WL 784018, at *2 (S.D.N.Y. Mar. 15, 2022) (citation omitted).

*Second*, the Court may separately take judicial notice of Exhibits 2-11 based on the

3

nature of the documents themselves—*i.e*, "documents filed with the SEC," "transcripts of companies' earnings calls," or "press releases,"—and because Defendants seek judicial notice of the contents of the documents (*i.e.*, "what the documents state[]"), rather than "to prove the truth of their contents." *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *see also In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *8-10 (S.D.N.Y. Aug. 1, 2017). "[I]n securities cases involving misrepresentation or misstatement claims, courts in the Second Circuit often take judicial notice" of these types of documents. *Frankfurt-Tr. Inv.*, 336 F. Supp. 3d at 205 (citation omitted).

*Third*, the Court may take judicial notice of Exhibit 12 for the additional reason that it is historical stock price data maintained by Factset. *See Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 (2d Cir. 2000) (noting that a district court "may take judicial notice of well-publicized stock prices."); *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 764 (S.D.N.Y. 2019) (holding that the price of a company's stock, "which is publicly listed on NASDAQ, is undoubtedly proper for judicial notice.").

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deem Exhibits 2-12 incorporated by reference into the Complaint and take judicial notice of the same.

Dated:   April 4, 2022

Respectfully submitted,

*/s/ Colleen C. Smith*

LATHAM & WATKINS LLP

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

Michele D. Johnson (*pro hac vice*)
Kristin N. Murphy (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: michele.johnson@lw.com
        kristin.murphy@lw.com

*Attorneys for Defendants*