**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, and JON CAMPAGNA,<br><br>Defendants. | CASE No.: 1:21-cv-03070-ARR-TAM |

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

The parties to this Stipulated Confidentiality Order ("Order") are engaged in proprietary activities, and could be harmed if certain non-public personal, business, or other sensitive confidential information or documents were disclosed publicly.  The parties to this Order have agreed to its terms; accordingly, it is ORDERED:

1.    **Scope.**  All materials produced or adduced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Court's Individual Practices and Rules, the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party.  Any producing party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order.  This includes, but is not limited to, material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit

1

practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, trading records, and/or confidential project-related information; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records or portions thereof that reveal private information. Information or documents that are available to the public should not be designated as Confidential Information.

**3.    Designation.**

**a**.    A party producing documents in response to requests for production or a nonparty producing documents pursuant to a subpoena under Federal Rule of Civil Procedure 34 or 45 may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material and on all copies in a manner that will not interfere with the legibility of the document. A party may also designate as Confidential Information a document produced by a nonparty if such document contains the party's confidential information that is otherwise protected by this Order. In such circumstance, the party designating the document as Confidential Information shall promptly so inform the other parties' counsel, and the other parties must treat the documents as so-designated. For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the

2

Confidential Information (*e.g.*, CD-ROM, DVD). To avoid undue burden and expense, the designating party may choose to designate as Confidential an entire document or family of documents, deposition, transcript, or other material that contains Confidential Information. For information produced in some form other than documentary and for any other tangible items, the producing party may designate the item as containing Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

      **b**.    As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      **4.**    **Depositions.** Depositions and other pretrial testimony may be designated as Confidential Information (i) by a statement on the record before the conclusion of the deposition or testimony or (ii) by a written notice of designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness. Depositions shall be presumed to contain Confidential Information during the thirty (30) day period provided in clause

3

(ii).  Deposition and other pretrial testimony so designated shall be treated as Confidential Information protected by this Order unless otherwise ordered by the Court.  The parties to this action may modify this procedure for any particular deposition or other pretrial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

The court reporter must affix on each page containing protected material the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as instructed by the party offering or sponsoring the witness or presenting the testimony.

To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pretrial venue, any party may exclude any person from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Order.

**5.**    **Protection of Confidential Material.**

**a.**    **General Protections.**  Confidential Information and information derived therefrom shall be used solely for purposes of this action, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

**b.**    **Limited Third-Party Disclosures.**  Parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(12).  Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent reasonably necessary:

1.    counsel for the parties to this action and employees (and/or independent contractors) of counsel who have responsibility for this action;

2.    individual parties to this action and employees of a party to this action, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. Confidential Information may be disclosed only to the named plaintiffs or proposed class representatives in this action and not to any other member of the putative class unless and until a class including the putative member has been certified in this action;

3.    the Court and its personnel;

4.    a court of competent jurisdiction in a proceeding by a party made in connection with this action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits same under seal;

5.    court reporters and recorders engaged for depositions;

6.    contractors, and those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

7.    consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial

of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

8. during their depositions, witnesses, and attorneys for witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

9. the author, addressee, or recipient of a document or accompanying covering letter, email, or other communication, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information;

10. other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

11. any mediator or settlement officer, and their supporting personnel,

6

mutually agreed upon by any of the parties engaged in settlement discussions in this action; and

12.   professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.   This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information for any purpose.  Nothing in this Order shall prevent a producing party from disclosing its own Confidential Information.

d.   **Control of Documents.** Counsel for the parties to this action shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel for the parties to this action shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this action.

6.   **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document.  A producing party may designate as Confidential Information any discovery material that has already been produced, including discovery material that the producing party inadvertently failed to designate as Confidential Information, by notifying in writing the party to whom the production has been made that the material constitutes confidential information.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The receiving party shall make a reasonable, good faith effort

7

to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as Confidential Information.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.    **Filing of Confidential Information.**  All Confidential Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in the Eastern District of New York Local Rules and ECF Rules, and the Court's Individual Practices and Rules.

8.    **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    **Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information.  The following procedure shall apply to any such challenge:

a.    **Meet and Confer.**  A challenge to a confidentiality designation may be

8

made at any time.  Those challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within fifteen (15) days.

        **b.**        **Judicial Intervention.**  If a dispute regarding a confidentiality designation cannot be resolved informally after good faith meet and confer efforts, the parties may seek judicial intervention in accordance with the Court's Individual Practices and Rules.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

        **10.**        **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made consistent with the Court's Individual Practices and Rules.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

        **11.**        **Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information publicly.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9

**12.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a party is served with a subpoena or an order issued in other litigation that compels disclosure of any information or materials designated as Confidential Information, that party must:

a. promptly notify the designating party in writing and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

b. promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. Such notification shall include a copy of this Order.

c. If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this action as Confidential Information before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and the expense of seeking protection in that court or other tribunal of its Confidential Information.

**13.** **Disclosure of Privileged Material.** In accordance with Rule 502(d) of the Federal Rules of Evidence and other applicable rules, the inadvertent disclosure of any document or information subject to an applicable privilege in this action or in any other proceeding (including state or federal government or agency investigations), shall not be deemed to waive – in this action or in any other proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

**a.**    Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

**b.**    The receiving party shall, upon request, (i) refrain from disclosure of the privileged or protected material and refrain from examining the materials any more than is essential to ascertain if the materials may be privileged, (ii) within three (3) business days, return to the producing party, sequester, or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court.  The producing party shall produce or supplement a privilege log as appropriate with respect to the disclosed materials within a reasonable period of time after the request to return or destroy such documents.  The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information is in fact privileged or entitled to protections of immunity.

**c.**    The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing.

11

Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If such a sealed filing is made or is being promptly prepared, the receiving party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity. The producing party must preserve the information until the claim is resolved.

d.    If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing filed under seal or in redacted form was inadvertently or otherwise produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the producing party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently or otherwise disclosed material and simultaneously produce to all parties a privilege log specifically identifying the inadvertently or otherwise disclosed material and a basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue. If, after the parties meet and confer, they cannot reach agreement, the parties will present the dispute to the Court pursuant to the Court's Individual Practices and Rules. Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be treated as Confidential Information until the claim of privilege or immunity is resolved by the Court.

14.    **Obligations on Conclusion of Litigation.**

a.    **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

12

**b.        Obligations at Conclusion of Litigation.**  Unless otherwise ordered or agreed to in writing by the producing party, within sixty (60) days after the final termination of this action by settlement or exhaustion of all appeals, all parties in receipt of Confidential Information shall use reasonable efforts to either return such materials and copies thereof to the producing party or destroy such Confidential Information and certify that fact.  The receiving party's reasonable efforts shall not require the return or destruction of Confidential Information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information, but such retained information shall continue to be treated in accordance with the Order.  Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information to any person, except pursuant to court order.

**c.        Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof.  Any retained Confidential Information shall continue to be protected under this Order.

An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

15.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties to this Order and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**So Ordered.**

**Dated:** _____

_____
United States District Judge
United States Magistrate Judge

         WE SO MOVE and agree to abide by the terms of this Order.

14

GLANCY PRONGAY & MURRAY LLP

LATHAM & WATKINS LLP

*/s/ Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
Ex Kano S. Sams II (*pro hac vice*)
Natalie S. Pang (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150
Email: kwolke@glancylaw.com
      esams@glancylaw.com
      npang@glancylaw.com

THE ROSEN LAW FIRM, P.A.
*/s/ Jonathan Horne*
Jonathan Horne (JH 7258)
Laurence M. Rosen (LR 5733)
275 Madison Avenue, 40th Floor
New York, NY 10016
(212) 682-5340
Email: jhorne@rosenlegal.com
      lrosen@rosenlegal.com

*Attorneys for Plaintiffs*

*/s/ Corey A. Calabrese*
Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Email: kevin.mcdonough@lw.com
      corey.calabrese@lw.com

Michele D. Johnson (*pro hac vice*)
Kristin N. Murphy (*pro hac vice*)
Ryan A. Walsh (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
(714) 540-1235
Email: michele.johnson@lw.com
      kristin.murphy@lw.com
      ryan.walsh@lw.com

Colleen Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400
Email: colleen.smith@lw.com

*Attorneys for Defendants*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br><br> v. <br><br><br> VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, and JON CAMPAGNA, <br><br> Defendants. | CASE No.: 1:21-cv-03070-ARR-TAM |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate them to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print): _____     Job Title: _____

Signature: _____     Employer: _____

Date: _____     Business Address: _____

_____