LATHAM&WATKINS LLP

650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Tel: +1.714.540.1235 Fax: +1.714.755.8290
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 22, 2024

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Lavin v. Virgin Galactic Holdings, Inc.*, 1:21-cv-03070-ARR-TAM

Dear Judge Ross:

Pursuant to Section III.A.i of Your Honor's Individual Practices and Rules, Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Richard Branson, and Chamath Palihapitiya (the "Defendants") respectfully request a pre-motion conference regarding their anticipated motion for judgment on the pleadings. The pleadings establish that Defendants are entitled to judgment as a matter of law as to Plaintiffs' insider trading claim against Branson under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") arising from Branson's sales of Virgin Galactic stock on October 25, 2019. As this Court held in its August 8, 2023 Opinion & Order (the "Order"), Plaintiffs have failed to allege that they traded contemporaneously with Branson on October 25, 2019. Therefore, Plaintiffs lack standing to pursue their Section 10(b) insider trading claim.

**Background.** Plaintiffs initiated this action on May 28, 2021, alleging securities fraud claims against the Company, certain of its officers and directors, and Richard Branson. Following the Court's dismissal of the first amended complaint in significant part, Plaintiffs filed a Second Amended Complaint ("SAC"). The SAC alleged claims under Sections 10(b), 20(a) and 20A of the Exchange Act. Relevant to Defendants' anticipated motion, Plaintiffs alleged four claims of insider trading against Branson under Sections 10(b) and 20A of the Exchange Act in connection with his sales of Company stock on October 25, 2019 and August 10–12, 2021. *See* SAC ¶¶ 387-92, 398-402, 406. Branson's October 25, 2019 sales were made as a part of Virgin Galactic's reverse merger transaction with Social Capital Hedosophia that resulted in Virgin Galactic's stock being publicly traded on the New York Stock Exchange (the "Merger"). *Id.* ¶¶ 27, 50–51. The Merger and Branson's associated stock sales were expressly approved by stockholder vote on October 23, 2019. Social Capital Hedosophia (Form 8-K) (Oct. 23, 2019), https://www.sec.gov/Archives/edgar/data/1706946/000119312519272712/d817766d8k.htm. On August 8, 2023, the Court issued an order dismissing the vast majority of Plaintiffs' claims, including the Section 10(b) claim against Branson for his sales on August 10–12, 2021 and the 20A claim against Branson for his sales on October 25, 2019. ECF No. 90 (Order) at 53, 61. Relevant here, in dismissing the 20A claim, the Court held that Plaintiffs failed to allege any purchases contemporaneous with Branson's October 25, 2019 sale of shares, a requirement for

LATHAM&WATKINS<sup>LLP</sup>

alleging a Section 20A insider trading claim. *Id.* at 61. On December 19, 2023, the Court affirmed that decision when it denied Plaintiffs' Motion for Reconsideration, Certification for Interlocutory Appeal, and/or Entry of Final Judgment. ECF No. 98. Thus, the only insider trading claims remaining against Branson following the Court's decisions are for: (1) a Section 10(b) claim for stock sales on October 25, 2019, and (2) a Section 20A claim for stock sales on August 10–12, 2021. ECF No. 90 at 61. Defendants answered the remaining claims on January 16, 2024, *see* ECF No. 100, and the pleadings are now closed.

**Plaintiffs Lack Standing to Challenge Branson's October 2019 Stock Sales**. To state an insider trading claim under Section 10(b) of the Exchange Act, Plaintiffs must plead, among other things, that Branson traded his Virgin Galactic stock contemporaneously with Plaintiffs' own purchase or sale of Virgin Galactic stock, while possessing (rather than disclosing) "material, nonpublic information." *See* 15 U. S.C. § 78t-1; 17 C.F.R. § 240.10b5- 1(a); *see also Steginsky v. Xcelera Inc.*, 741 F.3d 365, 370 (2d Cir. 2014) (quoting *Chiarella v. United States*, 445 U.S. 222, 227 (1980)) ("a corporate insider must abstain from trading in the shares of his corporation unless he has first disclosed all material inside information known to him"). The Second Circuit has long-recognized that an insider's "duty of disclosure is owed ***only*** to those investors trading contemporaneously with the insider." *Wilson v. Comtech Telecomms. Corp.*, 648 F.2d 88, 94-95 (2d Cir. 1981) (emphasis added). "[N]on-contemporaneous traders do not require the protection of the 'disclose or abstain' rule because they do not suffer the disadvantage of trading with someone who has superior access to information." *In re Shanda Games Ltd. Sec. Litig.*, No. 1:18-CV-2463-ALC, 2022 WL 992794, at *7 (S.D.N.Y. Mar. 31, 2022). Applying that reasoning to insider trading claims under Section 10(b), courts in this Circuit require plaintiffs to plead that they traded contemporaneously with the insider in order to have standing to bring their Section 10(b) claim. *Id.* (citing *Wilson* and applying contemporaneous trading requirement to Section 10(b) insider trading claim); *see also Gordon v. Sonar Cap. Mgmt. LLC*, 962 F. Supp. 2d 525, 532 n.3 (S.D.N.Y. 2013) (recognizing that the Second Circuit has applied the contemporaneous trading requirement "to both section 10(b) and Section 20A" insider trading claims).

In its Order on Defendants' motion to dismiss the SAC, this Court correctly applied the law when it dismissed the Section 20A claim against Branson in connection with his October 25, 2019 sales holding that "Plaintiffs do not allege any purchases contemporaneous with Branson's October 25, 2019 sale of shares[.]" ECF No. 90 at 61.[1] That same reasoning also applies to Plaintiffs' Section 10(b) insider trading claim. Without allegations of contemporaneous trades, Plaintiffs lack standing to pursue any insider trading claims against Branson for his October 25, 2019 sales, including their 10(b) insider trading claim. *See, e.g., Wilson*, 648 F.2d at 94-95; *see also Brodzinsky v. FrontPoint Partner LLC*, 2012 WL 1468507, at *5 (D. Conn. Apr. 26, 2012) (dismissing Section 10(b) insider trading claim for failure to satisfy contemporaneous trading requirement). Accordingly, consistent with the Court's prior Order, judgment should be entered in Defendants' favor with respect to the October 25, 2019 Section 10(b) insider trading claim against Branson. *See Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16, 18 (E.D.N.Y. 2017) (stating that judgment on the pleadings "is appropriate where material facts are undisputed and where judgment on the merits is possible by considering the contents of the pleadings").

---

[1] In fact, Plaintiffs do not allege *any* contemporaneous trades with Branson until May 20, 2020. *Id.* (quoting SAC ¶ 402).

LATHAM&WATKINS LLP

***

For the foregoing reasons, Defendants respectfully request permission to move for judgment on the pleadings as to the remaining Section 10(b) claim in connection with Branson's sales on October 25, 2019.[2]

Respectfully Submitted,

/s/ Michele D. Johnson

Michele D. Johnson (*pro hac vice*)
Kristin N. Murphy (*pro hac vice*)
Ryan A. Walsh (*pro hac vice pending*)
of LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: ryan.walsh@lw.com

Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com
Email: corey.calabrese@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants Virgin Galactic, Branson, and Palihapitiya*

Cc: All Counsel of Record (via ECF)

---

[2] Defendants respectfully reserve the right to submit additional grounds for judgment in support of their anticipated motion.