# GPM | Glancy Prongay & Murray LLP

Kara M. Wolke
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

March 4, 2024

<u>VIA ECF</u>
Honorable Allyne R. Ross
United States District Court
Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lavin v. Virgin Galactic Holdings, Inc.,* No. 1:21-cv-03070-ARR-TAM

Dear Judge Ross:

Pursuant to Section III.A. of Your Honor's Individual Practices, Plaintiffs respectfully submit this response to Defendants' pre-motion conference letter filed on February 22, 2024 (ECF 108, the "Letter"). Plaintiffs also respectfully request clarification of the Court's order granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint (ECF 69, the "SAC") regarding Lead Plaintiff Robert Scheele and named Plaintiff Xinqiang Cui's §10(b) and §20A insider trading claims against Defendant Richard Branson ("Branson") as to Branson's transactions in Virgin Galactic securities between May 14-22, 2020 and on June 2, 2020 (ECF 87, the "Order").

While the currently named Plaintiffs lack standing to pursue the SAC's insider trading claim against Branson as to Branson's October 25, 2019 sale, Plaintiffs are searching for an investor with standing to pursue this claim to add as a plaintiff to the case. Courts in the Second Circuit widely hold that a plaintiff in a securities class action "need not have standing to sue on all causes of action raised in the underlying complaint[,]" and liberally allow the addition of new plaintiffs to cure standing deficiencies. *Fishbury, Ltd. v. Connetics Corp.*, 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) ("If certain claims cannot be advanced because of standing … this deficiency can be corrected by the designation of other members of the purported class as named plaintiffs or class representatives."); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122-23 (S.D.N.Y. 2002) (similar). Thus, it is not appropriate at this time for Defendants to move for judgment on the pleadings as to Plaintiffs' insider trading claim in connection with Branson's sales on October 25, 2019, especially where the Court determined the substantive elements of the claim were adequately alleged. Order at 49-51, 53, 59.

In addressing the issues raised in Defendants' Letter, Plaintiffs reexamined the Order's findings as to Plaintiffs' §20A and §10(b) claims against Branson. In so doing, Plaintiffs have discovered that the Conclusion of the Order dismissing all Section 10(b) insider trading claims except those based on Branson's October 25, 2019 sales appears to be inconsistent with the holdings within the Order itself, which suggest that Plaintiffs have sufficiently alleged insider trading claims as to Branson's sales of Virgin Galactic securities between May 14-22, 2020 and on June 2, 2020.

More specifically, the Court found the SAC sufficiently alleged that on October 25, 2019, Branson "sold shares knowing the results of the February 2019 flight." Order at 61; *see also id.* at 53 ("Plaintiffs have adequately alleged that Branson acted with scienter in selling shares **with the knowledge that Unity was grounded because a near-disaster in the February 2019 test flight had damaged its horizontal stabilizers**."). The Order also found that Branson continued to be a corporate insider in May and June 2020. Order at 50-51. Branson knew the results of the February 2019 flight in October 2019, and he still knew that material non-public information when he sold shares in May

Honorable Allyne R. Ross
March 4, 2024

and June 2020.  The Court noted Plaintiffs alleged purchases contemporaneous with Branson's May 2020 sales.  Order 61; *see also* ECF 13-2 at pp. 7, 9 (Scheele certification reflecting purchases on 5/20/2020).  Plaintiffs also alleged purchases contemporaneous with Branson's June 2, 2020 sales.  SAC ¶¶402-03; ECF 13-2 at p. 6 (Scheele purchase on 6/2/2020); ECF 40-1 at p. 5 (Cui purchases on 6/9/2020).  Accordingly, Plaintiffs respectfully request that the Court clarify the Order to hold insider trading was adequately alleged as to Branson's May and June 2020 sales.[1]

**Plaintiffs alleged the elements of Insider Trading claims against Branson as to his May and June 2020 sales, including contemporaneous purchases.**  "[S]ection 10(b) is violated when a corporate insider, such as an officer of the corporation, 'trades in the securities of his corporation on the basis of material, non-public information.'"  *U.S. v. Falcone*, 257 F.3d 226, 229 (2d Cir. 2001) (duty to disclose or abstain from trading rule "prevent[s] a corporate insider from ... tak[ing] unfair advantage of ... uninformed ... stockholders.'").  "To state a Section 20A claim, plaintiffs must allege an insider trading violation by an individual defendant and trading by the plaintiffs contemporaneously with that individual defendant." *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 143 (S.D.N.Y. 1999).  As to the first prong, a plaintiff must allege that a corporate insider traded in their corporation's securities "while knowingly in possession of [] material nonpublic information." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 370 (2d Cir. 2014).  A plaintiff need not allege motive or "show[] an insider sold his securities for the purpose of taking advantage of material nonpublic information[.]" *Oxford*, 187 F.R.D. at 143 (further noting that "retaining substantial holdings and purchasing or otherwise obtaining shares during the Class period do not vitiate insider trading liability.").

The Order directly addressed the SAC's insider trading claims under §10(b) and Rule 10b5-1(a) & (b) thereunder and §20A against Branson as to Branson's transactions on October 25, 2019 and August 10-12, 2021, and found that Plaintiffs had sufficiently alleged these claims.  Order at 53, 61.  The Order did not specifically address the SAC's insider trading claims under §10(b) and §20A against Branson as to Branson's May 14-22, 2020 and June 2, 2020 transactions.  *Id*. However, the Order's final Conclusions "[d]ismiss[ed] the Section 10(b) insider trading claims against defendant Branson except with respect to the October 25, 2019 trade[,]" and "[d]ismiss[ed] the Section 20A claims against defendant Branson except with respect to plaintiffs O'Keefe-Jones and Ortiz's [August 2021] contemporaneous trades."  *Id*. at 62.

Regarding the §10(b) insider trading claim against Branson as to Branson's October 25, 2019 transaction, the Court found that the SAC alleged Branson's scienter, stating, "Plaintiffs have adequately alleged that Branson acted with scienter in selling shares *with the knowledge that Unity was grounded because a near-disaster in the February 2019 test flight had damaged its horizontal stabilizers*."  Order at 53 (emphasis added); *id.* at 61 (noting Branson's sales in October 2019

---

[1] Plaintiffs stated in their Motion for Reconsideration that the Order extinguished the claims of, *inter alia,* Lead Plaintiff Scheele and named Plaintiff Cui in their entirety.  ECF 94 at 1. Plaintiffs based this upon their understanding of the Order's final Conclusions to "[d]ismiss the Section 10(b) insider trading claims against defendant Branson except with respect to the October 25, 2019 trade" and "[d]ismiss the Section 20A claims against defendant Branson except with respect to plaintiffs O'Keefe-Jones and Ortiz's contemporaneous trades [on August 13 and August 11 and August 17, 2021, respectively][.]"  Order at 62.  Regretfully, Plaintiffs only recently discovered by reexamining the Order in light of Defendants' Letter, that it appears under the earlier holdings within the opinion, Lead Plaintiff Scheele and named Plaintiff Cui's §10(b) insider trading and §20A claims against Branson as to Branson's May 14-22, and June 2, 2020 transactions should have been sustained. Plaintiffs apologize to the Court for the oversight.

Honorable Allyne R. Ross
March 4, 2024

constituted a violation of the Exchange Act because he sold knowing the non-public "results of the February 2019 flight"). As the Court rightly observed, "scienter can be pleaded by showing that a defendant 'knew facts or had access to information suggesting that their public statements were not accurate.'" Order at 42 (quoting *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000)). The law is clear that a motive to defraud investors is not required to allege scienter. *Novak*, 216 F.3d at 311; *Oxford*, 187 F.R.D. at 143; *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 325 (2007). Similarly, Section 10(b) "does not require that the defendant 'use' the information when trading." *Oxford*, 187 F.R.D. at 143 (citing *U.S. v. Teicher*, 987 F.2d 112, 120 (2d Cir. 1993) ("recogniz[ing] that one who trades while knowingly possessing material inside information has an informational advantage over other traders" and attaching liability for that purpose, regardless of insider's actual motivation)).

The SAC alleges that the same material, adverse information Branson knew about Unity at the time of his October 25, 2019 transaction was *still* non-public at the time of Branson's May 14-22 and June 2, 2020 sales, and was not disclosed to investors until February 1, 2021. SAC ¶¶219-21. Thus, as the SAC alleges Branson's scienter at the time of his October 25, 2019 sale based on his knowledge of material non-public information that Unity was badly damaged in the February 2019 flight, the SAC necessarily alleges Branson's scienter at the time of his May 14-22 and June 2, 2020 sales, which were made while this same information was still not publicly known. That Branson knew material undisclosed facts at the time of those sales suffices to allege a §10(b) insider trading violation. *Oxford*, 187 F.R.D. at 143.

Further, the Order found that the SAC established that Branson was a corporate insider due to his position as majority shareholder of Virgin Galactic up until May 2020, and that even after May 2020 when Branson was no longer Virgin Galactic's majority shareholder, Branson remained a corporate insider as he "continued to be involved in Virgin Galactic's operations, especially with respect to the July 2021 flight. These allegations make it plausible that Branson was privy to inside information unavailable to other shareholders at the time he traded his shares." Order at 49-51.

As to the contemporaneous trading requirement, courts in the Second Circuit commonly consider "five trading days … to be a reasonable period of time which sales and purchase will be considered contemporaneous." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 509 (S.D.N.Y. 2011). The SAC alleges that Lead Plaintiff Scheele and named Plaintiff Cui purchased Virgin Galactic securities contemporaneously with Branson's May 14-22 and June 2, 2020 sales, demonstrating their standing to pursue these claims. ¶¶402-03; ECF 13-2 (Scheele, May 20, 2020 and June 2, 2020 purchases); ECF 40-1 (Cui, June 9, 2020 purchases, *i.e.*, within 5 trading days of Branson's June 2, 2020 sales).

In sum, by the terms of the Court's Order, each of the elements of insider trading liability was alleged with respect to Branson's May and June 2020 sales, such that the insider trading claims based on those sales should not have been dismissed. Thus, in view of the Court's findings and the facts described above, Plaintiffs respectfully seek clarification of the Court's Order regarding Lead Plaintiff Scheele and named Plaintiff Cui's claims for violations of §10(b) insider trading and §20A against Branson as to Branson's May 14-22, and June 2, 2020 sales.

Respectfully submitted,

*s/ Kara M. Wolke*

Honorable Allyne R. Ross
March 4, 2024

Counsel for Plaintiffs