

Ex Kano S. Sams II
esams@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

April 1, 2024

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lavin v. Virgin Galactic Holdings, Inc.,* No. 1:21-cv-03070-ARR-TAM

Dear Judge Ross:

Pursuant to Section III(A)(iii) of Your Honor's Individual Practices and Rules, Plaintiffs respectfully request a pre-motion conference regarding their anticipated motion to add Montgomery Brantley as a representative plaintiff in this action. As the certification attached as Exhibit ("Ex.") A reflects, Mr. Brantley purchased Virgin Galactic shares on October 25, 2019, contemporaneously with sales made by Defendant Branson.[1] This issue mirrors the issues raised within Defendants' pending motion for judgment on the pleadings. ECF Nos. 108, 112.

Numerous authorities support Plaintiffs' request. First, under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).[2] As the Second Circuit has declared, "the permissive standard of Rule 15 is consistent with our strong preference for resolving disputes on the merits." *Id*. Permitting amendment here would further support Plaintiffs' existing claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") for insider trading based upon Branson's sale of Virgin Galactic stock on October 25, 2019. For instance, in *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, at *3-4 (S.D.N.Y. Nov. 8, 2006), although the court

---

[1] *See, e.g.*, ECF No. 69 at ¶51: "In the Reverse Merger, which closed on October 25, 2019 (a) Branson did elect to force Defendant Palihapitiya to purchase 10 million of V10's Virgin Galactic shares; (b) shareholders holding 15.8 million Social Capital shares tendered their shares for total consideration of about $159.8 million; (c) V10 elected to force Virgin Galactic to repurchase 5,209,562 of V10's Virgin Galactic shares, or the maximum amount allowed; and as a result, (d) $500 million remained in the Social Capital trust account, before additional expenses. Thus, Branson withdrew every dollar he could from Virgin Galactic."

[2] Unless otherwise indicated, all emphasis is added, all internal quotations and citations are omitted, and all "Rules" references are to the Federal Rules of Civil Procedure.

Honorable Allyne R. Ross
April 1, 2024
Page 2

held that the existing lead plaintiffs "had no viable claim," the court granted leave to amend because "there may be someone in the purported . . . class who does." Thus, amendment is proper to add Mr. Brantley as a plaintiff, particularly since the Court determined that the substantive elements of the claim were adequately alleged. ECF No. 87 at 49-51, 53, 59.

Additionally, none of the grounds that would warrant denial of leave to amend – "such as undue delay, bad faith, dilatory motive, and futility" – are applicable here. *Loreley*, 797 F.3d at 190. On March 4, 2024, Plaintiffs informed the Court and the parties that "[w]hile the currently named Plaintiffs lack standing to pursue the SAC's insider trading claim against Branson as to Branson's October 25, 2019 sale, Plaintiffs are searching for an investor with standing to pursue this claim to add as a plaintiff to the case." ECF No. 111. On March 15, 2024, Mr. Brantley agreed to serve as an additional plaintiff. Ex. A. On March 18, 2024, counsel for Plaintiffs provided Mr. Brantley's certification to counsel for Defendants and inquired whether Defendants would: (1) consent to the filing of an amended complaint adding Mr. Brantley as an additional plaintiff; and (2) withdraw Defendants' motion for judgment on the pleadings as moot. Defendants responded on March 26, 2024, stating that Defendants: (1) would not consent to the filing of an amended complaint adding Mr. Brantley as an additional named plaintiff; and (2) would not withdraw Defendants' motion for judgment on the pleadings. Thus: Plaintiffs have acted diligently in their request; Plaintiffs' request is not futile, as shown above; and Defendants will not suffer any prejudice by Plaintiffs' request.

Second, and alternatively, Rules 20 and 24 support Plaintiffs' request. Rule 20(a)(1) – which governs permissive joinder of parties – provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 24(a)(2) – which governs intervention of right – provides that "[o]n timely motion, the court **must** permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(1)(B) – which governs permissive intervention – provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." These conditions apply here since Mr. Brantley will assert claims arising from the same series of transactions or occurrences and common questions of law and fact will exist. *See, e.g.*, *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 251 (2d Cir. 1986) (holding that the requirements of Rule 20 are satisfied where there is a series of logically related transactions and common questions of law and fact are present).

Third, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), it is well established that a lead plaintiff can add named plaintiffs to aid it in representing the class. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 286 (S.D.N.Y. 2003) ("[N]othing in the text of the PSLRA indicates that every named plaintiff who satisfies the requirements of Rule 23 must also satisfy the criteria established under the PSLRA for appointment as lead plaintiff and actually be appointed as a lead plaintiff."); *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 8179740, at *4 (N.D. Cal. Mar. 9, 2005) (allowing the addition of a plaintiff because "the need to

Honorable Allyne R. Ross
April 1, 2024
Page 3

add representative plaintiffs may arise after a case has been initiated"). And it is proper for a lead plaintiff to bring claims for which they personally lack standing because "for a claim to be asserted on behalf of a putative class, only the named plaintiffs—but not necessarily the lead plaintiff—must have standing." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 329 (S.D.N.Y. 2012); *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122-23 (S.D.N.Y. 2002) (same).

Finally, Plaintiffs' request does not implicate statute of limitations issues. The Exchange Act provides that "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of: (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. §1658. The material non-public information in Branson's possession was publicly disclosed no earlier than February 1, 2021. This action was filed on May 28, 2021. ECF No. 1. The First Amended Complaint, which raised claims based on Branson's October 25, 2019 sales, was filed on December 6, 2021. ECF No. 35.

Under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), the statute of limitations is tolled during the pendency of a class action, including for "those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) and thus cannot claim that they refrained from bringing timely motions for individual intervention or joinder because of a belief that their interests would be represented in the class suit." *Id.* at 551. "It follows that even as to asserted class members who were unaware of the proceedings brought in their interest or who demonstrably did not rely on the institution of those proceedings, the later running of the applicable statute of limitations does not bar participation in the class action and in its ultimate judgment." *Id.* at 552. For instance, *In re Initial Pub. Offering Sec. Litig.*, 2004 WL 3015304, at *5 (S.D.N.Y. Dec. 27, 2004), the court held that where class certification was denied based on the lead plaintiff's lack of standing in a securities fraud case, the statute of limitations remained tolled for an intervening putative class member to continue the class action. *Id.* at *4-6. In so holding, the court explained that any other result would "punish class members for relying on the very thing Rule 23 is intended to provide: an efficient method for resolving class claims common to a class of individuals without the need for wasteful and duplicative litigation." *Id.* at *5. Thus, just as the claims of the current plaintiffs are not barred by the statute of limitations–and Defendants have not argued otherwise–Mr. Brantley's claims on behalf of the class similarly are not barred.

Very truly yours,

*s/Ex Kano S. Sams II*

Ex Kano S. Sams II

*Counsel for Plaintiffs*