LATHAM&WATKINS LLP

650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
Tel: +1.714.540.1235  Fax: +1.714.755.8290
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 10, 2024

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Lavin v. Virgin Galactic Holdings, Inc.*, 1:21-cv-03070-ARR-TAM

Dear Judge Ross:

Pursuant to Section III.A.iii of Your Honor's Individual Practices and Rules, Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Richard Branson, and Chamath Palihapitiya (the "Defendants") respectfully submit this response to Plaintiffs' letter filed on April 1, 2024 (ECF No. 113) requesting a conference for Plaintiffs' anticipated motion to amend their complaint for a third time (to file their fourth complaint) to add Montgomery Brantley as a representative plaintiff.

Plaintiffs plainly seek to add Mr. Brantley as a last-minute attempt to defeat Defendants' motion for judgment on the pleadings, *see* Ex. A, because, as Plaintiffs admitted to the Court, "the currently named Plaintiffs lack standing to pursue the SAC's insider trading claim against Branson."[1]  ECF No. 111 at 1.  Plaintiffs first filed suit against Defendants in May 2021.  *Three years* have passed and *two amendments* have been granted in the interim.  At no point did Plaintiffs attempt to cure this defect.  Instead, they waited until Defendants moved for judgment before acting, and now seek to expand both discovery and the available damages against Defendants by adding a new plaintiff.  Contrary to Plaintiffs' assertions in their letter, ECF No. 113 at 2, Plaintiffs have not acted diligently, and their request is futile for the reasons discussed below.

*First,* Plaintiffs should not be granted leave to amend the SAC pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) because Mr. Brantley's claim is time-barred, rendering Plaintiffs' proposed amendment futile.  *See Lucente v. Int'l. Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir.

---

[1] The Court directed Defendants to "address how an order granting plaintiffs' anticipated motion would affect defendants' motion for judgment on the pleadings."  Defendants' motion would likely be moot unless the Court deferred making a determination as to whether the amendment permits a class or individual claim to proceed on the October 2019 insider trading claim (discussed *infra*).

**LATHAM&WATKINS**LLP

2002) (holding that an "appropriate basis for denying leave to amend is that the proposed amendment is futile"); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if . . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 301 (E.D.N.Y. 2013) (denying leave to amend where proposed claim was "untimely" and "consequently futile"). The statute of limitations for insider trading claims under Section 10(b) is two years from either the date of the alleged violation or "the date upon which a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint." *Arco Cap. Corps. Ltd. v. Deutsche Bank AG*, 949 F. Supp. 2d 532, 545 (S.D.N.Y. 2013) (internal quotations omitted). Here, the statute of limitations ran as of October 25, 2021, which is two years from the date of the alleged insider trading on October 25, 2019, or, at the very latest, February 1, 2023, which is two years from the date on which Plaintiffs themselves allege the "material non-public information in Branson's possession was publicly disclosed." ECF No. 113 at 3. Even if the statute of limitations started to run only upon the filing of this action on May 28, 2021, when Mr. Brantley unquestionably had sufficient notice and information to plead his claim, the statute of limitations for Mr. Brantley's Section 10(b) claim would still be expired.

Plaintiffs wrongly argue their "request does not implicate statute of limitations issues," citing the class action tolling doctrine articulated by the Supreme Court in *American Pipe and Construction Company v. State of Utah,* 414 U.S. 538 (1974). ECF No. 113 at 3. But Plaintiffs' reliance on *American Pipe* tolling is misplaced. Multiple courts in the Second Circuit have refused to apply *American Pipe* tolling where, as here, the original named plaintiffs lacked standing to pursue their claims. *See Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*, 409 F. Supp. 3d 261, 271–72 (S.D.N.Y. 2019), abrogated on other grounds, 2021 WL 4997939 (2d Cir. Sept. 21, 2021) (holding that *American Pipe* tolling does not apply where the original plaintiffs lacked standing); *In re Puda Coal Sec. Inc. Litig.*, 2013 WL 5493007, at *15 (S.D.N.Y. Oct. 1, 2013) (holding that "*American Pipe* was not intended to incentivize filing lawsuits on behalf of nominal plaintiffs who in fact lack statutory standing to proceed"); *N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, 2010 WL 6508190, at *2 (S.D.N.Y. Dec. 15, 2010) (holding that "where a Plaintiff lacks standing—there is no case . . . And if there is no case, there can be no tolling"). In *Puda Coal*, the court directly addressed the problem with permitting tolling under the circumstances presented here: doing so would allow plaintiffs to "effectively hold their place in line by initiating lawsuits in disregard of statutory standing requirements, before then searching for a plaintiff who did have standing." 2013 WL 5493007, at *15.

Plaintiffs rely on *In re Initial Public Offering Securities Litigation*, but that case is inapposite. The standing deficiency at issue there was not "clear from the face of the . . . Complaint," and the original plaintiff's "assertion of standing was buttressed by . . . [plaintiff's] own lead plaintiff certification." ECF No. 113 at 3; 2004 WL 3015304, at *5 (S.D.N.Y. Dec. 27, 2004). Here, by contrast, Plaintiffs *concede* lack of standing, ECF No. 111 at 1, a deficiency that is apparent on the face of the SAC and the publicly filed verifications of the lead and named Plaintiffs, none of which alleges or identifies trades in Virgin Galactic securities contemporaneous with Mr. Branson's October 2019 trade. Nor does Plaintiffs' proposed amendment relate back to the date of Plaintiffs' original complaint because "those plaintiffs who originally filed suit . . . lacked standing" to challenge Branson's October 25, 2019 trades. *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 616 F. App'x. 442, 447 (2d Cir. 2015) (affirming refusal to apply relation-back

LATHAM&WATKINS LLP

doctrine to securities claim asserted by new plaintiff where original plaintiff lacked standing). Moreover, "the relation back of claims by newly added parties is limited to circumstances in which the failure to name the party in the first instance was the product of mistaken identity." *See In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208 (S.D.N.Y. 2014). Plaintiffs allege no such mistake here. Accordingly, the statute of limitations for Mr. Brantley's Section 10(b) insider trading claim was not tolled by the pendency of this action, and as a result, his claim is time-barred and futile.[2]

*Second,* for similar reasons, Rules 20 and 24 offer no support for Plaintiffs' proposed amendment. *See* ECF No. 113 at 2. Rule 20(a) provides for the joinder of plaintiffs where claims arise "out of the same transaction [or] occurrence" and share common "question[s] of law or fact." Fed. R. Civ. P. 20(a). Similarly, Rule 24 permits intervention only where the plaintiff "has a claim . . . that shares with the main action a common question of law or fact," or "claims an interest relating to the . . . transaction that is the subject of the action." Fed. R. Civ. P. 24. Neither Rule supports adding Mr. Brantley to this action. Mr. Brantley's proposed Section 10(b) claim does *not* "arise out of the same transaction" as Plaintiffs' claims or share common questions of law or fact because *none* of the current Plaintiffs is alleged to have traded contemporaneously with Branson on October 25, 2019. Adding Mr. Brantley would require the Court to adjudicate an entirely separate legal claim and set of facts that arose over two years earlier than the claims in the operative complaint. *See* Fed. R. Civ. P. 20(a)(1); *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013) ("[P]laintiffs who engaged in [] separate transactions generally cannot be joined in single action."); *see also Allstate Ins. Co. v. Batsiyan*, 2008 WL 11434462, at *6 (E.D.N.Y. Mar. 12, 2008) (no joinder permitted where proposed plaintiffs' claims against same defendant were claims that current plaintiffs "lack[ed] standing to assert"). Courts recognize that joinder pursuant to Rule 20(a) and 24 is improper where, as here, "the amendment proposed by the moving party is futile." *See e.g., Bank v. Hydra Group, LLC*, 2017 WL 6806665, at *4 (E.D.N.Y. Dec. 1, 2017), report and recommendation adopted, 2018 WL 296092 (E.D.N.Y. Jan. 4, 2018) (citation omitted); *Floyd v. City of New York*, 302 F.R.D. 69, 116 (S.D.N.Y. 2014) (citation omitted) ("Where the plaintiff-intervenor's claims are time-barred, intervention would be an exercise in 'legal futility.'").

*Third,* while it is generally true that the Private Securities Litigation Reform Act of 1995 ("PSLRA") permits "the addition of named plaintiffs to aid the lead plaintiff in representing a class," *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004), the PSLRA does not operate to revive an otherwise time-barred claim. Unsurprisingly, Plaintiffs cite no cases (and Defendants are aware of none) that interpret the PSLRA in the manner Plaintiffs urge here. ECF No. 113 at 2-3.

For all of these reasons, Defendants contend that Plaintiffs' anticipated motion seeking leave to amend has no basis in law, and should be denied.

---

[2] Even if *American Pipe* tolling were to apply here, it would be limited to any *individual claim* by Mr. Brantley against Branson, which Mr. Brantley is free to attempt to pursue in a separate action. *See In re VEON Ltd. Sec. Litig.*, 2022 WL 1284547, at *4–5 (S.D.N.Y. Apr. 29, 2022) (collecting cases and holding that only plaintiff's individual claim, not a class claim, was tolled where the original plaintiff lacked standing).

LATHAM&WATKINS LLP

Respectfully Submitted,

*/s/ Michele D. Johnson*

Michele D. Johnson (*pro hac vice*)
Kristin N. Murphy (*pro hac vice*)
Ryan A. Walsh (*pro hac vice*)
of LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email:  michele.johnson@lw.com
          kristin.murphy@lw.com
          ryan.walsh@lw.com

Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com
          corey.calabrese@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants*

Enclosures.
Cc:  All Counsel of Record (via ECF)