# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, JON CAMPAGNA,<br><br>Defendants. | Case No.: 1:21-cv-03070-ARR-TAM |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**TABLE OF CONTENTS**

Page

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND...........................................2

      A.    On October 25, 2019 A Branson-Affiliated Entity Sells Virgin Galactic
            Stock As Part Of The Reverse Merger Transaction That Took The
            Company Public....................................................................................................2

      B.    Plaintiffs Did Not Identify A Stockholder With Standing To Challenge
            The October Sale For Three Years ........................................................................3

III.  LEGAL STANDARD.............................................................................................4

IV.   ARGUMENT ........................................................................................................4

      A.    Plaintiffs Lack Standing To Challenge Branson's October 2019 Stock
            Sales ....................................................................................................................4

      B.    Plaintiffs Have Had Ample Opportunity To Find A Plaintiff With
            Standing And Should Not Be Permitted To Amend Now .......................................7

V.    CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. United Parcel Serv., Inc.*,
  988 F. Supp. 2d 293 (E.D.N.Y. 2013) ...................................................................................7

*Arco Cap. Corps. Ltd. v. Deutsche Bank AG*,
  949 F. Supp. 2d 532 (S.D.N.Y. 2013)...................................................................................7

*Bank of New York v. First Millennium, Inc.*,
  607 F.3d 905 (2d Cir. 2010)...................................................................................................4

*Blum v. Yaretsky*,
  457 U.S. 991 (1982)................................................................................................................6

*Brodzinsky v. FrontPoint Partner LLC*,
  No. 3:11cv10 (WWE), 2012 WL 1468507 (D. Conn. Apr. 26, 2012) .....................................6

*Bueno v. LR Credit 18, LLC*,
  269 F. Supp. 3d 16 (E.D.N.Y. 2017) .......................................................................................9

*In re Cell Therapeutics, Inc. Class Action Litig.*,
  No. 2:10-CV-00414-MJP, 2011 WL 444676 (W.D. Wash. Feb. 4, 2011) ...............................6

*In re Chembio Diagnostics, Inc. Sec. Litig.*,
  2022 WL 541891 (E.D.N.Y. Feb. 23, 2022)............................................................................2

*Fishbury, Ltd. v. Connetics Corp.*,
  No. 06 Civ. 11496 (SWK), 2006 WL 3711566 (S.D.N.Y. Dec. 14, 2006) ........................6, 7

*Gordon v. Sonar Cap. Mgmt. LLC*,
  962 F. Supp. 2d 525 (S.D.N.Y. 2013)......................................................................................5

*Grace v. Rosenstock*,
  228 F.3d 40 (2d Cir. 2000).......................................................................................................7

*In re Initial Pub. Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002).........................................................................................6, 7

*Kreindler v. Sambo's Rests., Inc.*,
  No. 79 CIV. 4538 (WK), 1981 WL 1684 (S.D.N.Y. Sept. 23, 1981)......................................6

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011).....................................................................................................4

*Langhamer v. Johnson,*
No. 1:22-cv-05404 (JLR), 2023 WL 6691017 (S.D.N.Y. Oct. 12, 2023) ................................4

*Levy v. U.S. Gen. Acct. Off.,*
175 F.3d 254 (2d Cir. 1999).....................................................................................8

*Merryman v. J.P. Morgan Chase Bank, N.A.,*
319 F.R.D. 468 (S.D.N.Y. 2017) .............................................................................8

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.,*
23 F. Supp. 3d 203 (S.D.N.Y. 2014).........................................................................8

*N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.,*
No. 08 Civ. 5653 (PAC), 2010 WL 6508190 (S.D.N.Y. Dec. 15, 2010) ..................8

*Neubronner v. Milken,*
6 F.3d 666 (9th Cir. 1993) .......................................................................................5

*Perry v. Eastman Kodak Co.,*
962 F.2d 10 (7th Cir. 1992) .....................................................................................5

*Ret. Fund v. J.P. Morgan Chase & Co.,*
862 F. Supp. 2d 322 (S.D.N.Y. 2012).......................................................................6

*Roberts v. Babkiewicz,*
582 F.3d 418 (2d Cir. 2009).....................................................................................4

*In re Shanda Games Ltd. Sec. Litig.,*
No. 1:18-CV-2463-ALC, 2022 WL 992794 (S.D.N.Y. Mar. 31, 2022)....................5

*Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG,*
409 F. Supp. 3d 261 (S.D.N.Y. 2019), *abrogated on other grounds*, No. 19-
3367, 2021 WL 4997939 (2d Cir. Sept. 21, 2021) ...................................................7

*Steamfitters Loc. 449 Pension Fund v. Alter,*
No. CIV.A. 09-4730, 2011 WL 4528385 (E.D. Pa. Sept. 30, 2011) ........................6

*In re VEON Ltd. Sec. Litig.,*
No. 15-cv-8672 (ALC) (OTW), 2022 WL 1284547 (S.D.N.Y. Apr. 29, 2022)........8

*Wells Fargo Bank, Nat. Ass'n v. Davidson Kempner Cap. Mgmt. LLC,*
32 F. Supp. 3d 436 (S.D.N.Y. 2014)........................................................................4

*Wilson v. Comtech Telecomms. Corp.,*
648 F.2d 88 (2d Cir. 1981)..............................................................................1, 4, 5, 6

*Wolhendler v. Goldberg,*
No. 19-cv-457 (RPK) (CLP), 2020 WL 5658790 (E.D.N.Y. Sept. 23, 2020)...........9

## STATUTES

15 U.S.C.
    § 78t-1 ...........................................................................................................................4
    § 78u-4(a)(3)(A)(i)........................................................................................................3

## RULES

Fed. R. Civ. P.
    10b-5 ...........................................................................................................................5
    12(b)(6) .......................................................................................................................4
    12(c) ....................................................................................................................1, 4, 9
    15(c)(3)(B) ..................................................................................................................8

## REGULATIONS

17 C.F.R. § 240.10b5- 1(a) ...................................................................................................4

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Sir Richard Branson, and Chamath Palihapitiya (with Virgin Galactic, the "Defendants") submit this memorandum of law in support of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## I.    PRELIMINARY STATEMENT

Following the Court's orders on two successive motions to dismiss, the scope of this action has been substantially narrowed. One of the remaining claims alleges a violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") for insider trading based on Branson's sale of Virgin Galactic stock on October 25, 2019—a sale that was made as part of the Company's merger with Social Capital Hedosophia ("SCH") pursuant to a shareholder-approved plan. ECF No. 87 at 62. Just as the Court did with the Section 20A claim, this claim should be dismissed as well because there is no plaintiff who traded contemporaneously with that sale. *See Wilson v. Comtech Telecomms. Corp.*, 648 F.2d 88, 94-95 (2d Cir. 1981).

In their March 4, 2024 letter to the Court, Plaintiffs conceded that "the currently named Plaintiffs lack standing to pursue the [Second Amended Complaint's] insider trading claim" under Section 10(b) for this sale, ECF No. 111 at 1, but now seek to amend their complaint to add a new plaintiff they allege has standing to pursue this claim.[1] Plaintiffs have already had more than sufficient time to identify a plaintiff with standing: this case was filed nearly *three years ago*, and in that time Plaintiffs amended their complaint twice to add new named plaintiffs without addressing this deficiency. There is no reason to allow Plaintiffs to amend now and further delay this action under these circumstances. And, any attempt to amend the complaint now would be

---

[1] Before filing this motion, Plaintiffs asked if Defendants would consent to their filing a *third* amended complaint (and fourth complaint since this action was commenced) in order to add a new named plaintiff who traded close in time to Branson's October 25, 2019 sale. For the reasons herein, Defendants declined to consent.

futile in any event because the statute of limitations on the new plaintiff's claim expired long ago. At most, this plaintiff has an individual claim against Branson, which he is free to attempt to pursue in a separate action. There is no legal basis for the Court to keep the 10(b) insider trading *class* claim alive.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    On October 25, 2019 A Branson-Affiliated Entity Sells Virgin Galactic Stock As Part Of The Reverse Merger Transaction That Took The Company Public

Branson's October 25, 2019 sales were made in connection with Virgin Galactic's merger with SCH, a special purpose acquisition company (the "Merger") that made Virgin Galactic a public company. SAC ¶¶ 49-51. As part of the Merger, an October 9, 2019, proxy statement (the "Proxy Statement") informed stockholders about sales of Virgin Galactic stock that would be made by Branson-affiliated Vieco USA, Inc. ("Vieco USA")[2] as part of the Merger transaction and repurchased by the newly formed public company. Ex. 1 (SCH Schedule 14A filed October 9, 2019).[3] On October 23, 2019, SCH stockholders approved the Merger. SAC ¶ 51.

On October 25, 2019, as approved by the stockholders, Virgin Galactic repurchased 5,209,562 shares of its common stock from Vieco US at a price of $10.00 per share. Ex. 2 at 9 (Schedule 13D filed November 4, 2019); *see* Ex. 1 at 89. Palihapitiya simultaneously purchased

---

[2] At the time, Vieco US was beneficially owned by Branson. *See* Ex. 3 at 1 (Vieco USA, Inc. Form 4 filed October 29, 2019) ("Vieco US is the wholly owned subsidiary of Vieco 10 Limited, whose majority owner is Virgin Investments Limited, whose sole shareholder is Virgin Group Investments LLC, whose sole managing member is Corvina Holdings Limited, whose sole shareholder is Virgin Group Holdings Limited. Sir Richard Branson owns and has the ability to appoint and remove the management of Virgin Group Holdings Limited . . . As a result, each of the foregoing entities and Branson may be deemed to share beneficial ownership of the securities held by Vieco US.").

[3] The Court may consider "documents incorporated into the complaint by reference, public disclosure documents filed with the Securities and Exchange Commission ('SEC'), and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *In re Chembio Diagnostics, Inc. Sec. Litig.*, 2022 WL 541891, at *6 (E.D.N.Y. Feb. 23, 2022) (citation omitted). Additionally, the Court may judicially notice any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. ("FRE") 201(b). Here, the Court may consider the entirety of Exhibits 1-3 under the incorporation by reference doctrine, and may take judicial notice of the contents of Exhibits 1-3.

10,000,000 shares of Virgin Galactic common Stock from Vieco US at $10.00 per share, for an aggregate purchase price of $100,000,000. Ex. 2 at 9; Ex. 1 at 89. Both sales were disclosed in a Schedule 13D filed with the SEC on November 4, 2019. *See* Ex. 2 at 9.

**B.      Plaintiffs Did Not Identify A Stockholder With Standing To Challenge The October Sale For Three Years**

On May 28, 2021, a Virgin Galactic shareholder initiated this purported class action and published a notice informing other potential class members of their right to move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); ECF Nos. 1, 13-1. Following a lead plaintiff process, the Court appointed Mark Kusnier and Robert Scheele as co-lead plaintiffs on September 17, 2021. ECF No. 22. On December 7, 2021, co-lead plaintiffs and named plaintiffs Xinqiang Cui, Justin Carough, Jennifer Ortiz, and Richard O'Keefe-Jones (together, the "Original Plaintiffs") filed an amended complaint adding, among other claims, insider trading claims against Branson. ECF Nos. 1, 35. After the Court dismissed the first amended complaint in substantial part, ECF No. 58, the Original Plaintiffs and three newly named plaintiffs Vipul Gupta, Maria Joseph Rosales, and Hesham Ibrahim (together with the Original Plaintiffs, the "Plaintiffs") filed the SAC, which included the same insider trading claims as the prior complaint. On August 8, 2023, the Court issued an order dismissing the vast majority of Plaintiffs' claims. ECF No. 87 at 62. In dismissing Plaintiffs' Section 20A insider trading claim related to Branson's October 25, 2019 stock sales, the Court held that Plaintiffs failed to allege "any purchases contemporaneous with Branson's October 25, 2019 sale of shares in connection with the [Merger]." *Id.* at 61. On December 19, 2023, the Court affirmed its order when it denied Plaintiffs' Motion for Reconsideration. ECF No. 98. On January 16, 2024, Defendants answered the SAC and asserted Plaintiffs' lack of standing as to Plaintiffs' Section 10(b) claim for the October 25, 2019 sale. ECF No. 100 at 85; *id.* ¶ 25.

3

On February 22, 2024, Defendants filed their letter requesting a pre-motion conference in connection with this motion.  ECF No. 108.  On March 4, 2024, Plaintiffs responded and conceded that "the currently named Plaintiffs lack standing to pursue the SAC's insider trading claim against Branson" for this sale.  ECF No.  111 at 1.

## III.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c); *see also Wells Fargo Bank, Nat. Ass'n v. Davidson Kempner Cap. Mgmt. LLC*, 32 F. Supp. 3d 436, 440 (S.D.N.Y. 2014). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."  *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010).  For securities fraud claims under Section 10(b), that means Plaintiffs must still satisfy "the heightened pleading standard under Rule 9(b) and the PSLRA."  *See Langhamer v. Johnson*, No. 1:22-cv-05404 (JLR), 2023 WL 6691017, at *14 (S.D.N.Y. Oct. 12, 2023) (citation and internal quotations omitted). "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

## IV.    ARGUMENT

### A.    Plaintiffs Lack Standing To Challenge Branson's October 2019 Stock Sales

To state an insider trading claim under Section 10(b) of the Exchange Act, Plaintiffs must plead, among other things, that Branson traded his Virgin Galactic stock "contemporaneously" with Plaintiffs' own purchase or sale of Virgin Galactic stock, while Branson possessed material, nonpublic information.  *See* 15 U.S.C. § 78t-1; 17 C.F.R. § 240.10b5- 1(a); *see also Wilson*, 648

F.2d at 94-95 (applying contemporaneous trading requirement as "limitation on the scope of liability under rule 10b-5 for insiders trading in the open market").  That is because the Second Circuit has long recognized that an insider's "duty of disclosure is owed **only** to those investors trading contemporaneously with the insider."  *Wilson*, 648 F.2d at 94-95 (affirming dismissal of Section 10(b) insider trading claim where plaintiff "did not trade contemporaneously with the insider" and therefore, had "no standing to sue on this claim") (emphasis added);[4] *see also Gordon v. Sonar Cap. Mgmt. LLC*, 962 F. Supp. 2d 525, 532 n.3 (S.D.N.Y. 2013) (recognizing that the Second Circuit has applied the contemporaneous trading requirement "to both section 10(b) and Section 20A" insider trading claims).  This standing requirement for asserting Section 10(b) liability exists because non-contemporaneous traders "do not suffer the disadvantage of trading with someone who has superior access to [inside] information."  *In re Shanda Games Ltd. Sec. Litig.*, No. 1:18-CV-2463-ALC, 2022 WL 992794, at *7 (S.D.N.Y. Mar. 31, 2022).  It is the "knowing use by corporate insiders of non-public information for their own benefit … by trading in corporate securities [that] amounts to a violation of Rule 10b-5 which may give rise to a suit for damages by uninformed outsiders who trade during a period of tippee trading."  *Wilson*, 648 F.2d at 95 (citations omitted).

By Plaintiffs' own admission, they lack standing to pursue their 10(b) insider trading claim because they did not trade contemporaneously with Branson.  ECF No. 111 at 1.  This Court has also recognized that "Plaintiffs do not allege any purchases contemporaneous with Branson's October 25, 2019 sale of shares[.]"  ECF No. 87 at 61 (citing SAC ¶ 402).  The closest trades of any named plaintiff are on May 20, 2020—nearly *seven months* after Branson's October 25, 2019

_____

[4] *Wilson* stands in good company with decisions of other circuit courts.  *See Neubronner v. Milken,* 6 F.3d 666, 669-70 (9th Cir. 1993) ("the scope of liability for insider trading claims under section 10(b) and Rule 10b-5 is confined to persons who traded contemporaneously with the insider"); *Perry v. Eastman Kodak Co.*, 962 F.2d 10 (7th Cir. 1992) (affirming dismissal of Section 10(b) insider trading claim for failure to allege contemporaneous trades).

sales took place. SAC ¶ 402. Courts routinely dismiss Section 10(b) insider trading claims where, as here, plaintiffs fail to allege they traded contemporaneously with insiders. *Wilson*, 648 F.2d at 94-95; *Kreindler v. Sambo's Rests., Inc.,* No. 79 CIV. 4538 (WK), 1981 WL 1684, at *5 (S.D.N.Y. Sept. 23, 1981) (dismissing Section 10(b) insider trading claim for failure to satisfy contemporaneous trading requirement); *see also Brodzinsky v. FrontPoint Partner LLC*, No. 3:11cv10 (WWE), 2012 WL 1468507, at *5 (D. Conn. Apr. 26, 2012) (same); *Steamfitters Loc. 449 Pension Fund v. Alter,* No. CIV.A. 09-4730, 2011 WL 4528385, at *13 (E.D. Pa. Sept. 30, 2011) (same and plaintiffs did not seek to insert a new plaintiff with standing following dismissal); *In re Cell Therapeutics, Inc. Class Action Litig.*, No. 2:10-CV-00414-MJP, 2011 WL 444676, at *9 (W.D. Wash. Feb. 4, 2011) (same and plaintiffs did not seek to insert a new plaintiff with standing following dismissal).

Contrary to Plaintiffs' position, ECF No. 111 at 1, the law holds that a "plaintiff in a class action cannot get around the standing requirement by asserting that other members of the class have standing." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 331 (S.D.N.Y. 2012) ("'It is not enough that the conduct of which the plaintiff complains will injure someone. The complaining party must also show that ***he is within the class of persons*** who will be concretely affected.'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) (emphasis added)). "For each claim asserted in a class action, there must be at least one class representative (a named plaintiff or a lead plaintiff) with standing to assert that claim … [o]ther claims, for which the class representatives do not have standing, must be dismissed." *Id.* at 331-32.[5]

_____

[5] The cases that Plaintiffs cite in their letter, ECF No. 111 at 1, do not state otherwise. *See id*. (citing *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496 (SWK), 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) and *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 122-23 (S.D.N.Y. 2002)). Instead, their cited authority stands only for the unremarkable proposition that a lead plaintiff's deficiency in standing to pursue a class claim could be remedied by a named plaintiff in the class who does have standing—but neither addressed the situation here, where *no plaintiff* has

**B.    Plaintiffs Have Had Ample Opportunity To Find A Plaintiff With Standing And Should Not Be Permitted To Amend Now**

Prior to filing this motion, Plaintiffs indicated that they will seek to amend their complaint in order to add a new named plaintiff who traded close in time to Branson's October 25, 2019 sale. That is no basis for delaying entering judgment. Any amendment would be futile because the claim is now time-barred. *See Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if . . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Allen v. United Parcel Serv., Inc.,* 988 F. Supp. 2d 293, 301 (E.D.N.Y. 2013) (denying leave to amend where proposed claim was "untimely" and "consequently futile"). The statute of limitations for claims under Section 10(b) is two years from either the date of the alleged violation or the "the date upon which a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint." *Arco Cap. Corps. Ltd. v. Deutsche Bank AG*, 949 F. Supp. 2d 532, 545 (S.D.N.Y. 2013) (internal quotations omitted). Here, the statute of limitations ran as of October 25, 2021, which is two years from the date of the alleged insider trading on October 25, 2019, or, at the very latest, May 28, 2023, which is two years after Plaintiffs filed this action on May 28, 2021 alleging violations of the securities laws in connection with Virgin Galactic's initial public offering of which Branson's October 25, 2019 sales were a part. ECF No. 1.

Multiple courts in the Second Circuit have held that the filing of a class action does not equitably toll the applicable statute of limitations where the original named plaintiffs lacked standing to pursue their claims. *Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*, 409 F.

---

standing. *See Fishbury*, 2006 WL 3711566, at *4 (in deciding lead plaintiff motion, noting that if the lead plaintiff is later found not to have standing to pursue certain claims, "this deficiency can be corrected by the designation of other members of the purported class as named plaintiffs or class representatives."); *In re Initial Pub. Offering Sec. Litig.* 214 F.R.D. at 122 ("[T]he named plaintiffs—but not necessarily the lead plaintiff—must have standing.").

Supp. 3d 261, 271 (S.D.N.Y. 2019), *abrogated on other grounds*, No. 19-3367, 2021 WL 4997939 (2d Cir. Sept. 21, 2021) (holding that class action tolling does not apply where the original plaintiffs lacked standing); *N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, No. 08 Civ. 5653 (PAC), 2010 WL 6508190, at \*2 (S.D.N.Y. Dec. 15, 2010) (same). The Court should hold the same here. Plaintiffs further cannot cure this defect by arguing that the putative new plaintiff's claim "relates back" to the filing of the SAC. The new plaintiff was not omitted "because of a mistake [concerning the proper party's identity], as required by Fed. R. Civ. P. 15(c)(3)(B)" to assert "relation back." *Levy v. U.S. Gen. Acct. Off.*, 175 F.3d 254, 255 (2d Cir. 1999); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 23 F. Supp. 3d 203, 208 (S.D.N.Y. 2014) ("the relation back of claims by newly added parties is limited to circumstances in which the failure to name the party in the first instance was the product of mistaken identity"); *see also Merryman v. J.P. Morgan Chase Bank, N.A.*, 319 F.R.D. 468, 472–73 (S.D.N.Y. 2017) ("The reason undergirding application of Rule 15(c)(1)(C)'s 'mistake' requirement to bar amendments adding new plaintiffs has even greater persuasive power in the context of a class action … [which] would blindside a defendant who thought it was dealing with a small, enumerated group of plaintiffs.").

At best, any tolling would be limited to the new plaintiff's *individual claim* against Branson. *In re VEON Ltd. Sec. Litig.*, No. 15-cv-8672 (ALC) (OTW), 2022 WL 1284547, at \*4–5 (S.D.N.Y. Apr. 29, 2022) (holding that only plaintiff's individual claim, not a class claim, was tolled where the original plaintiff lacked standing) (collecting cases). Should the new plaintiff wish to pursue his insider trading claim, he may do so by filing a new complaint. Plaintiffs have had *three years* and multiple bites at the apple, including amending their complaint twice and adding additional named plaintiffs with each amendment. Consistent with the Court's prior findings, the time is right for the Court to enter judgment in Defendants' favor with respect to the

8

October 25, 2019 Section 10(b) insider trading claim against Branson. *See Wolhendler v. Goldberg*, No. 19-cv-457 (RPK) (CLP), 2020 WL 5658790, at *3-*7 (E.D.N.Y. Sept. 23, 2020) (granting motion for judgment on the pleadings where plaintiff failed to adequately plead statutory standing); *Bueno v. LR Credit 18, LLC*, 269 F. Supp. 3d 16, 18 (E.D.N.Y. 2017) (stating that judgment on the pleadings "is appropriate where material facts are undisputed and where judgment on the merits is possible by considering the contents of the pleadings").

## V.    CONCLUSION

Defendants respectfully request that the Court grant Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Dated: March 27, 2024

LATHAM & WATKINS LLP

Kristin N. Murphy (*pro hac vice*)
Michele D. Johnson (*pro hac vice*)
Ryan A. Walsh (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
 michele.johnson@lw.com
 ryan.walsh@lw.com

Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com
 corey.calabrese@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive

9

San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants Virgin Galactic Holdings, Inc., Sir Richard Branson, and Chamath Palihapitiya*

10