**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and on Behalf of All Others Similarly Situated,<br><br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, and JON CAMPAGNA,<br><br><div align="center">Defendants.</div> | Case No. 1:21-cv-03070-ARR-TAM |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Sir Richard Branson, and Chamath Palihapitiya (collectively "Individual Defendants" and together with Virgin Galactic, the "Defendants") by and through their undersigned counsel, respectfully submit Defendants' Answer and Affirmative Defenses to the Third Amended Complaint ("TAC") (Dkt. No. 128) (the "Answer").

## GENERAL DENIAL

Plaintiffs' theory of wrongdoing has now been substantially rejected *three times* by the Court—first, on November 7, 2022 when the Court granted (in considerable part) Defendants' Motion to Dismiss the First Amended Complaint; next on August 8, 2023 when the Court granted (almost completely) Defendants' Motion to Dismiss the Second Amended Complaint ("August 8, 2023 Order" and the claims dismissed therein the "Dismissed Claims") and substantially narrowed the potential class period to July 11, 2021 through September 2, 2021; and finally on December 19, 2023 when the Court denied (entirely) Plaintiffs' Motion for Reconsideration of the August 8, 2023 Order. Plaintiffs' TAC, which was filed on August 21, 2024 to add, with the Court's permission (*see* ECF No. 121), Montgomery Brantley as a plaintiff, repeats many of the allegations that were rejected by the Court. Further, the allegations that remain in the TAC are replete with mischaracterizations about the Company's burgeoning spaceflight program and Defendants vigorously deny them.

Following the Court's August 8, 2023 Order, of the twenty-seven statements Plaintiffs challenge in the TAC, only a single challenged statement remains in the case—a July 11, 2021 statement by Richard Branson describing the Company's historic spaceflight that very day as "absolutely and utterly flawless." From his perspective of experiencing a trip to space for the first time, the flight *was* flawless. Though Plaintiffs point to a brief inquiry into the flight by the FAA,

1

they have not alleged, nor can they show, that Branson knew at the time he made his statement that the flight was not "absolutely and utterly flawless." Space travel of any kind is an extremely complex and inherently challenging exercise; the fact that Virgin Galactic's Unity spaceship carried Branson and a flight crew safely to and from space is a remarkable feat. Defendants deny that Branson's nearly contemporaneous description of the July flight as "absolutely and utterly flawless" was untrue or materially misleading. Defendants also deny that Branson's statement can be imputed to Virgin Galactic.

Defendants also deny that any insider trading took place when entities affiliated with Branson sold Virgin Galactic stock on October 25, 2019 and August 10-12, 2021. Defendants aver that those sales were ordinary-course, open transactions. The October 25, 2019 sales were disclosed to and approved by both Social Capital Hedosophia Corporation's ("Social Capital") stockholders and its Board of Directors before the reverse merger that took Virgin Galactic public. Plaintiffs will not be able to show that either the October 25, 2019 or August 10-12, 2021 sales were made while Branson was in possession of material nonpublic information. And, the only transaction that Plaintiffs allege as purportedly contemporaneous with the October 25, 2019 sales is the acquisition of a *single share* of Virgin Galactic stock by Montgomery Brantley on October 25, 2019.

With respect to the claims remaining after the August 8, 2023 Order, Defendants deny any and all liability under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"). Except as expressly admitted, all allegations in the TAC, including, without limitation, the introductory paragraphs, headings, subheadings, and footnotes, are hereby denied by Defendants. Defendants' responses herein are made based on their present knowledge,

2

information, or belief, and may change subject to further investigation. In addition, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, all allegations contained in the TAC to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their Answer, or seek leave to amend their Answer, to modify and/or assert all claims, defenses, counterclaims, and third-party claims permitted by law.

Paragraph numbers in this Answer correspond and respond to the allegations in the numbered paragraphs of the TAC. To the extent allegations in a numbered paragraph of the TAC purport to cite to, refer to, or characterize allegations in other paragraphs of the TAC, Defendants incorporate and reassert their response to each such paragraph as if set forth fully therein. The TAC includes prefatory materials, including a "Table of Contents" and headings and sub-headings. Such information is not presented in the form of allegations that must be answered, and to the extent that such information may be interpreted as allegations, Defendants deny them. Defendants generally deny any averments in the TAC's unnumbered paragraphs, footnotes, and prayer for relief.

With respect to specific paragraphs of the TAC, Defendants respond on information and belief as follows:

<div align="center"><strong>SPECIFIC RESPONSES</strong></div>

## I.      INTRODUCTION

1.      Defendants admit that Plaintiffs purport to bring this securities class action on behalf of persons or entities who purchased the publicly traded common stock of Virgin Galactic or Social Capital from July 10, 2019, through August 4, 2022, inclusive, under Sections 10(b), 20(a), and 20A of the Exchange Act and allegedly suffered damages, but aver that the purported Class Period has been significantly reduced by the August 8, 2023 Order such that it now includes only those persons or entities who purchased the publicly traded common stock of Virgin Galactic

<div align="center">3</div>

or Social Capital from July 11, 2021 through September 2, 2021.  Defendants deny that they violated the Exchange Act and deny that any recovery is appropriate.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that on October 25, 2019, Virgin Galactic became a publicly traded company.  The second sentence of Paragraph 2 purports to summarize public statements. Those statements speak for themselves and Defendants respectfully refer the Court to those statements for their contents.  Defendants admit that entities affiliated with Branson and Palihapitiya sold shares of Virgin Galactic stock during the alleged Class Period, though Defendants aver that the Court's August 8, 2023 Order limited the class period to July 11, 2021 through September 2, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that on October 25, 2019, Virgin Galactic became a publicly traded Company.  The second sentence of Paragraph 3 purports to characterize public statements. Those statements speak for themselves and Defendants respectfully refer the Court to those statements for their contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that Social Capital filed with the SEC a presentation on September 5, 2019 that included the image in paragraph 4 and aver that the image speaks for itself.

5.      Defendants admit that at least two rocket-powered test flights occurred, one in December 2018 and another in February 2019, but otherwise deny the allegations in the first sentence of Paragraph 5 to the extent they relate to the Dismissed Claims.  Defendants admit the Company issued a press release on July 9, 2019, which speaks for itself, and Defendants respectfully refer the Court to that press release for its contents.  Defendants admit that a letter

dated July 9, 2019 was filed with the SEC and speaks for itself, and Defendants respectfully refer the Court to that letter for its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 relate to the Dismissed Claims, and no response is required. The allegations in Paragraph 6 also contain Plaintiffs' mischaracterization of Defendants' purported statements, and on that basis, Defendants deny them. Those statements speak for themselves and Defendants respectfully refer the Court to those statements for their contents.

7. The allegations in Paragraph 7 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants aver that Social Capital filed with SEC a presentation on September 5, 2019 that included a slide projecting sixteen total flights for 2020 (with total revenues of $31 million) and 115 flights for 2021 (with total revenues of $210 million). The remaining allegations in Paragraph 7 purport to quote from a statement by Palihapitiya on November 20, 2019. That statement speaks for itself and Defendants respectfully refer the Court to that statement for its contents.

8. The first sentence of Paragraph 8 contains a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 8. The second sentence of Paragraph 8 partially quotes and mischaracterizes Defendants' purported statements, and on that basis, Defendants deny them and respectfully refer the Court to those statements for their contents. To the extent the second sentence of Paragraph 8 relates to the Dismissed Claims, no response is required. Defendants deny the remainder of the allegations in Paragraph 8.

9. The allegations in Paragraph 9 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 9 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. The first sentence of Paragraph 11 contains a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence in Paragraph 11. To the extent the allegations in Paragraph 11 relate to the Dismissed Claims, no response is required. Defendants deny the remainder of the allegations in Paragraph 11.

12. The allegations in Paragraph 12 relate to the Dismissed Claims, and no response is required. Defendants admit that Virgin Galactic's Q419 earnings call occurred on February 25, 2020. The transcript of that call speaks for itself and Defendants respectfully refer the Court to that transcript for its contents. Defendants admit at least one flight was scheduled for 2020. Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 relate to the Dismissed Claims, and no response is required.

14. Defendants admit that Virgin Galactic conducted a test flight on December 12, 2020. To the extent the allegations in Paragraph 14 relate to the Dismissed Claims, no response is required. Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 14.

15. To the extent the allegations in Paragraph 15 relate to the Dismissed Claims, no response is required. Paragraph 15 purports to summarize and partially quote an article published on February 1, 2021 in the *Washington Post*. The article speaks for itself and Defendants

6

respectfully refer the Court to the article for its contents. Defendants deny the remainder of the allegations in Paragraph 15.

16. Defendants admit that on September 2, 2021, the FAA announced that Virgin Galactic's Unity could not be flown while the FAA's inquiry into the July 11, 2021 flight was pending. Paragraph 16 purports to summarize and selectively quote a statement by Branson. That statement speaks for itself and Defendants respectfully refer the Court to that statement for its contents. Defendants deny the remainder of the allegations in Paragraph 16. Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 16.

17. Defendants admit that, on or about October 13, 2021 and August 4, 2022, Virgin Galactic made announcements that Paragraph 17 purports to summarize. Those announcements speak for themselves and Defendants respectfully refer the Court to those announcements for their contents. Defendants deny the remainder of the allegations in Paragraph 17.

18. Defendants admit that on August 5, 2022 Virgin Galactic's stock closed at $6.76. Defendants admit that Virgin Galactic's stock rose to $62.80 on February 4, 2021. Except as expressly admitted, Defendants deny the allegations of Paragraph 18.

19. To the extent the allegations in Paragraph 19 relate to the Dismissed Claims, no response is required. Defendants aver that entities affiliated with Branson sold approximately 10 million shares of Virgin Galactic stock on October 25, 2019 and 10.416 million shares of Virgin Galactic stock between August 10, 2021 and August 12, 2021. Defendants further aver that sales on October 25, 2019 were disclosed to Social Capital's stockholders and that Social Capital's stockholders voted on and approved the repurchase of up to 20,000,000 shares of Virgin Galactic common stock at a price of $10.00 per share. Defendants further aver that the October 25, 2019 sales were approved by Social Capital's stockholders and Board of Directors. Defendants further

7

aver that the sales between August 10 and August 12, 2021 were ordinary course transactions that were voluntarily disclosed to the Company. Defendants further aver that Plaintiffs will not be able to show that any of these sales were made on the basis of material nonpublic information. Except as expressly admitted, Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

## II. JURISDICTION AND VENUE

21. Defendants admit that Plaintiffs are pursuing claims asserted in the TAC arising under Sections 10(b), 20(a) and 20A of the Exchange Act, 15 U.S.C. §§78j(b), 78t(a), and 78t-1, and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

22. The allegations in Paragraph 22 consist of legal conclusions for which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and § 27 of the Exchange Act.

23. The allegations in Paragraph 23 consist of legal conclusions for which no response is required.

24. The allegations in Paragraph 24 consist of legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

## III. PARTIES AND IMPORTANT NON-PARTIES

### A. Parties

25. Defendants admit that the Court appointed Mark Kusnier and Robert Scheele as Lead Plaintiffs on September 17, 2021. Defendants aver that the certifications Kusnier, Scheele, Cui, Carlough, Gupta, and Rosales filed pursuant to the PSLRA do not reflect that any of them traded Virgin Galactic stock from July 11, 2021 through September 2, 2021, which Defendants aver is the class period that remains following the Court's August 8, 2023 Order, and as such none

have standing to remain as Lead or Named Plaintiffs.  Defendants further aver that the August 8, 2023 Order found that neither Kusnier, Scheele, Cui, Carlough, Gupta, nor Rosales purchased stock contemporaneous with the alleged sales by Branson-affiliated entities on either October 25, 2019 or August 10-12, 2021 and that none of them can bring a claim under Exchange Act Section 20A related to the challenged sales.  Defendants further aver that, because neither Kusnier, Scheele, Cui, Carlough, Gupta, Rosales, Ortiz, O'Keefe-Jones, nor Ibrahim purchased stock contemporaneous with the challenged October 25, 2019 sales, none has standing to bring any claim for insider trading that survived the Court's August 8, 2023 Order related to those sales.  Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 25.

26.    Defendants aver that the certification Brantley filed pursuant to the PSLRA reflects that he purchased three shares of Virgin Galactic stock on October 25, 2019, but does not reflect that he traded Virgin Galactic stock from July 11, 2021 through September 2, 2021, which Defendants aver is the class period that remains following the Court's August 8, 2023 Order. Defendants further aver that according to Paragraph 402 of the TAC, Brantley alleges that he purchased only one share of Virgin Galactic stock on October 25, 2019.  Defendants deny the remainder of the allegations in Paragraph 26.

27.    Defendants admit the allegations in the first and second sentences in Paragraph 27. The allegations in the third and fourth sentences of Paragraph 27 contain Plaintiffs' mischaracterization of Virgin Galactic's organizational structure, and on that basis Defendants deny them, except to aver that Virgin Galactic's subsidiaries have included The Spaceship Company, LLC and Virgin Galactic, LLC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.    The first sentence in Paragraph 28 consists of a legal conclusion for which no response is required.  To the extent a response is required, Defendants aver that Branson-affiliated entities owned (beneficially or otherwise) 23.6% of Virgin Galactic's outstanding shares at the start of the class period that remains following the Court's August 8, 2023 Order, and owned 18% at the end of that period.  Defendants admit that Branson has founded a series of companies in his career, but otherwise deny the remaining allegations in Paragraph 28.

29.    Defendants admit that Palihapitiya served as Chairman of the Board of Social Capital and that he served as Chairman of the Board of Virgin Galactic after it merged with Social Capital.  Defendants further admit that Palihapitiya stepped down as Chairman of the Board of Virgin Galactic in February 2022.  Defendants further admit that Palihapitiya worked at Facebook, and later started the Social+Capital Partnership, a venture capital firm, which he later renamed Social Capital.  Defendants further admit Palihapitiya led the creation of a special purpose acquisition corporation, named Social Capital, listed under the ticker symbol IPOA.  Defendants further admit that Palihapitiya reserved the ticker symbols IPOA through IPOZ on the New York Stock Exchange.  Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that Defendant George Whitesides was Virgin Galactic's CEO from May 2010 through July 20, 2020, but aver that this Court dismissed all claims against Defendant Whitesides in its August 8, 2023 Order, and accordingly, he is no longer a named Defendant.

31.    Defendants admit the allegations in Paragraph 31, but aver that this Court dismissed all claims against Defendant Colglazier in its August 8, 2023 Order, and accordingly, he is no longer a named Defendant.

10

32. Defendants admit that Plaintiffs refer to Defendants Branson, Palihapitiya, Whitesides, and Colglazier as the "Individual Defendants" throughout the TAC, but aver that this Court dismissed all claims against Defendants Whitesides and Colglazier, and accordingly, they are no longer named Defendants.

**B.      Important Non-Parties**

33. To the extent the allegations in Paragraph 33 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 33, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

34. To the extent the allegations in Paragraph 34 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 34, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

35. To the extent the allegations in Paragraph 35 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 35, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

36. To the extent the allegations in Paragraph 36 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 36, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

37. To the extent the allegations in Paragraph 37 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 37, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

38. To the extent the allegations in Paragraph 38 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 38, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

39. To the extent the allegations in Paragraph 39 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 39, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

40. To the extent the allegations in Paragraph 40 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 40, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

41.     To the extent the allegations in Paragraph 41 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 41, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

42.     To the extent the allegations in Paragraph 42 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 42, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

43.     To the extent the allegations in Paragraph 43 relate to the Dismissed Claims, no response is required.  Defendants admit that a book titled *Test Gods: Virgin Galactic and the Making of a Modern Astronaut* was published May 4, 2021 and identifies Nicholas Schmidle as its author, and Defendants respectfully refer the Court to *Test Gods* for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 43 and on that basis deny them.  Except as expressly admitted, Defendants deny the allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 relate to the Dismissed Claims, no response is required.  Defendants admit that Mark Stucky was a pilot employed by Virgin Galactic. The remaining allegations in Paragraph 44 purport to characterize statements from *Test Gods,* and Defendants respectfully refer the Court to *Test Gods* for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph

13

44, and on that basis deny them.  Except as expressly admitted, Defendants deny the allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 relate to the Dismissed Claims, no response is required.  Defendants admit that Todd Ericson was employed by Virgin Galactic as Vice President—Safety and Testing and as a test pilot.  The remaining allegations in Paragraph 45 purport to characterize information from *Test Gods,* and Defendants respectfully refer the Court to *Test Gods* for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

46.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 46, or to any allegation regarding a non-party and person who is unaffiliated with Virgin Galactic and statements they might have made, and on that basis deny them.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit that Social Capital was formed as a special purpose acquisition corporation ("SPAC") and that SPACs are publicly traded companies founded to take a private company public through a reverse merger.   The remaining allegations contain Plaintiffs' mischaracterization of a Social Capital reverse merger, and on that basis Defendants deny them.

49.     Defendants admit the allegations in Paragraph 49.

50.     Paragraph 50 purports to characterize the terms of the Reverse Merger.  Defendants respectfully refer the Court to Social Capital's Form S-4 filed with the SEC on September 12, 2019 and Virgin Galactic's Form S-3 filed with the SEC on February 27, 2020  for a complete and accurate description of the terms of the Reverse Merger, and deny any allegations inconsistent therewith.

51.    Paragraph 51 purports to characterize the Reverse Merger.  Defendants respectfully refer the Court to Social Capital's Form S-4 filed with the SEC on September 12, 2019, Vieco USA, Inc.'s ("Vieco US") Form 4 filed with the SEC on October 29, 2019, Palihapitiya's Form 4 filed with the SEC on October 29, 2019, Social Capital's Form 8-K filed with the SEC on October 23, 2019, and Virgin Galactic's Form S-3 filed with the SEC on February 27, 2020, for a complete and accurate description of the transactions referenced in Paragraph 51, and deny any allegations inconsistent therewith.  Defendants further aver that Palihapitiya's purchase of Virgin Galactic shares from Vieco US was disclosed to Social Capital stockholders in advance of the Reverse Merger and that stockholders voted on and approved the repurchase of Virgin Galactic stock from Vieco US.  Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 51.

52.    As Paragraph 52 purports to characterize the Reverse Merger.  Defendants respectfully refer the Court to Social Capital's Schedule 14A Proxy Statement filed with the SEC on October 10, 2019, for a complete and accurate description of Virgin Galactic's equity capital structure after the Reverse Merger, and deny any allegations inconsistent therewith.

53.    Defendants admit that Virgin Galactic's goal was to become the world's first commercial spaceline and that, at the time of the Reverse Merger, Social Capital's Schedule 14A Proxy Statement filed with the SEC on October 10, 2019 provided financial projections that assumed a June 2020 commencement of commercial operations.  Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 53.

54.    Defendants admit that Social Capital's Schedule 14A Proxy Statement, filed with the SEC on October 10, 2019, reported that the private Virgin Galactic company earned

approximately $2.85 million in revenue for 2018. Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 summarize and mischaracterize purported statements made by Defendants regarding Virgin Galactic's development of its spaceflight program and the Reverse Merger. Those statements speak for themselves. Defendants otherwise deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 relate to the Dismissed Claims and require no further response. To the extent a response is required, the statement speaks for itself and Defendants respectfully refer the Court to that statement for its contents.

57. The allegations in Paragraph 57 relate to the Dismissed Claims and require no further response. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Defendants admit that, at the time of the Reverse Merger, Defendants told investors that Virgin Galactic's spaceships had completed two spaceflights. The remainder of the allegations in Paragraph 58 summarize and mischaracterize purported statements made by Defendants regarding Virgin Galactic's development of its spaceflight program. Those statements speak for themselves. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants respectfully refer to their response to the allegations in Paragraph 4 and otherwise deny the allegations in Paragraph 59.

60. The allegations in Paragraph 60 relate to the Dismissed Claims and require no further response. To the extent a response is required, Defendants admit that, at the time of the Reverse Merger, they disclosed plans for expanding Virgin Galactic's business operations. The remainder of the allegations in Paragraph 60 purport to quote from and summarize public

16

statements, which speak for themselves, and Defendants respectfully refer the Court to those statements for their contents.  Defendants otherwise deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 relate to the Dismissed Claims and require no further response.  To the extent a response is required, the statements referred to in Paragraph 61 speak for themselves, and Defendants respectfully refer the Court to those statements for their contents.  Defendants otherwise deny the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Social Capital filed with SEC a presentation on September 5, 2019 that included a slide projecting sixteen total flights for 2020 (with total revenues of $31 million) and 115 flights for 2021 (with total revenues of $210 million).  Defendants aver that the presentation otherwise speaks for itself, and Defendants respectfully refer the Court to that presentation for its contents.  Defendants otherwise deny the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Scaled Composites developed proof-of-concept prototypes and was retained to assist with the development of Virgin Galactic's spaceflight vehicles.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 65, and deny them on that basis.  Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

66.    The allegations in Paragraph 66 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Scaled Composites was retained to assist with the development of Virgin Galactic's spaceflight vehicles, but deny the remainder of the allegations in Paragraph 66.

67.    The allegations in Paragraph 67 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that a test flight incident occurred in October 2014 that resulted in the death of a copilot, but deny the remainder of the allegations in Paragraph 67.

68.    The allegations in Paragraph 68 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.    The allegations in Paragraph 69 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that following the October 2014 accident, the relationship between Virgin Galactic and Scaled Composites ended.  Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.    The allegations in Paragraph 70 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that they constructed SpaceShipTwo and that it was also known as VSS Unity.  Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.    Defendants admit that spaceship Unity's name was announced in February 2016. Except as expressly admitted, Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that it conducts flight tests.  Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

18

73.    The allegations in Paragraph 73 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Virgin Galactic conducted a test flight on January 11, 2019.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.    The allegations in Paragraph 74 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Unity's first powered test flight occurred on April 5, 2018.  Except as expressly admitted, Defendants deny the allegations in Paragraph 74.

75.    The allegations in Paragraph 75 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Unity completed a test flight on July 26, 2018.  Defendants further lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 75, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.  Defendants also aver that Paragraph 75 purports to characterize the book *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.    The allegations in Paragraph 76 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants admit that Unity successfully reached space for the first time on December 13, 2018.  Defendants also aver that Paragraph 76 purports to characterize the book *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 76.

77.     Defendants admit it conducted a test flight of Unity on February 22, 2019.  Except as otherwise admitted, Defendants deny the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 purport to summarize and characterize reports by journalists.  Those reports speak for themselves, and Defendants respectfully refer the Court to such reports for their contents.  Defendants further lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 78, or to any allegation regarding a non-party unaffiliated with Virgin Galactic and any statements they may have made, and on that basis deny them.

79.     The allegations in Paragraph 79 purport to summarize and characterize a post by a blogger.  That post speaks for itself, and Defendants respectfully refer the Court to that post for its contents.  Defendants further lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 79, or to any allegation regarding a non-party unaffiliated with Virgin Galactic and any statements they may have made, and on that basis deny them.

80.     The allegations in Paragraph 80 purport to characterize the book *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents.  Defendants further lack knowledge or information sufficient to form a belief as to allegations in Paragraph 80, or to any allegation regarding a non-party unaffiliated with Virgin Galactic and any statements they may have made, and on that basis deny them.

81.     The allegations in Paragraph 81 purport to characterize the book *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents.  Defendants further lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 81, or to any allegations regarding non-parties  and any statements they may have made, and on that basis deny them.

82. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 82, or to any allegations regarding non-parties unaffiliated with Virgin Galactic and any statements they may have made, and on that basis deny them.

83. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 83, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

84. The allegations in Paragraph 84 purport to characterize the book *Test Gods* and Defendants respectfully refer the Court to *Test Gods* for its contents. Defendants further lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 84, or to any allegation made regarding a non-party and any statements they may have made, and on that basis deny them.

85. Paragraph 85 purports to quote a statement by Branson in a press release. The press release speaks for itself, and Defendants refer the Court to the press release for its contents. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants admit that Whitesides made the quoted statement to the Associated Press. The statement speaks for itself and Defendants respectfully refer the Court to that statement for its contents. Defendants also aver that this Court dismissed all claims against Whitesides pursuant to its August 8, 2023 Order, and accordingly, he is no longer a named Defendant. Except as expressly admitted, Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. The allegations in Paragraph 88 relate to the Dismissed Claims and require no further response. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 88, and on that basis deny them.

Defendants also aver that the allegations in Paragraph 88 purport to characterize the book *Test Gods*, and Defendants respectfully refer the Court to that book for its contents.

89.    Defendants admit that Moses made the quoted statement to the *Washington Post*, but aver that the Court previously dismissed all claims against Moses and, accordingly, he is no longer a named Defendant.  The statement speaks for itself, and Defendants respectfully refer the Court to the statement for its contents.  Defendants deny that the statement contains the emphasis included by Plaintiffs.  The remaining allegation in Paragraph 89 is vague as to timing, and on that basis Defendants deny it.  Except as expressly admitted, Defendants deny the allegations in Paragraph 89.

90.    The allegations in Paragraph 90 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.    The allegations in Paragraph 91 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 relate to the Dismissed Claims and require no further response.  To the extent a response is required, Defendants respectfully refer to their response to the allegations in Paragraph 4, and otherwise deny the allegations in Paragraph 92.

93.    The referenced statement made by Palihapitiya on November 20, 2019 has been dismissed pursuant to the Court's August 8, 2023 Order, and therefore, requires no further response.  To the extent a response is required, Defendants lack information sufficient to form a belief as to the source of the remaining statements in Paragraph 93, and on that basis deny them.

94.    Defendants deny the allegations in the Paragraph 94.

95.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 95, or as to any allegation regarding a non-party unaffiliated with Virgin Galactic or any statements they may have made, and on that basis deny them.

96.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 96, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

97.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 97, or as to any allegation regarding a non-party unaffiliated with Virgin Galactic or any statements they may have made and on that basis deny them.

98.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 98, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

99.     Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 99, or to any allegation regarding an anonymous and unidentified Virgin Galactic insider and statements they may have made, and on that basis deny them.

100.    To the extent the allegations in Paragraph 100 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that a Board meeting occurred on December 6, 2019, and that in connection with that meeting, certain directors received a memorandum dated November 29, 2019 that included the quoted language.  The memorandum speaks for itself, and Defendants respectfully refer the Court to that memorandum for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that a presentation

23

was given to the Board on December 6, 2019. The presentation speaks for itself, and Defendants respectfully refer the Court to that presentation for its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102. To the extent the allegations in Paragraph 102 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103. To the extent the allegations in Paragraph 103 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104. The extent the allegations in Paragraph 104 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that winged vehicles create shockwaves as they travel and must be able to withstand those shockwaves. Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 104.

105. To the extent the allegations in Paragraph 105 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants aver that Paragraph 105 is vague, and Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 105, and in particular, what Plaintiffs mean by their use of the term "similar results".

106. To the extent the allegations in Paragraph 106 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 106, or as to any allegation regarding a non-party unaffiliated with Virgin Galactic or any statements they may have made and on that basis deny them.

24

107. To the extent the allegations in Paragraph 107 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants aver that Paragraph 107 is vague, and Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 107, and in particular what Plaintiffs mean by their use of the term "vibrations". Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 107.

108. To the extent the allegations in Paragraph 108 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that digital systems are electronic and that it is important to calibrate such systems, but otherwise deny the allegations in Paragraph 108.

109. To the extent the allegations in Paragraph 109 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 109, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

110. To the extent the allegations in Paragraph 110 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 110, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

111. To the extent the allegations in Paragraph 111 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that telemetry commonly refers to transmitting flight and system data and that properly calibrating a spaceship's

25

systems and instruments is important.  Except as otherwise expressly admitted, Defendants deny the allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 112, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

113.    To the extent the allegations in Paragraph 113 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 113, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

114.    To the extent the allegations in Paragraph 114 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that, in connection with a Board meeting that occurred on December 6, 2019, certain directors received a memorandum dated November 29, 2019 that contains the quoted language.  The memorandum otherwise speaks for itself, and Defendants respectfully refer the Court to the memorandum for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that, in connection with a Board meeting that occurred on December 6, 2019, certain directors received a memorandum dated November 29, 2019.  The memorandum speaks for itself, and Defendants

26

respectfully refer the Court to the memorandum for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that, in connection with a Board meeting that occurred on December 6, 2019, certain directors received a memorandum dated November 29, 2019.  The memorandum speaks for itself, and Defendants respectfully refer the Court to the memorandum for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 116.

117.    Defendants admit that, in connection with Board meeting that occurred on December 6, 2019, certain directors received a memorandum dated November 29, 2019 that includes the quoted language.  The memorandum speaks for itself, and Defendants respectfully refer the Court to the memorandum for its contents.  Defendants deny that the memorandum contained the emphasis included by Plaintiffs.  Except as expressly admitted, Defendants deny the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that a Board meeting occurred on December 6, 2019, and that a presentation was given that includes the quoted language.  The presentation speaks for itself, and Defendants respectfully refer the Court to the memorandum for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that a Board meeting occurred on December 6, 2019, and that a presentation was given that includes the quoted

27

language. The presentation speaks for itself, and Defendants respectfully refer the Court to the memorandum for its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 119.

120. To the extent the allegations in Paragraph 120 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 120 partially quote and mischaracterize Defendants' public statements, and on that basis Defendants deny them. The statements speak for themselves, and Defendants respectfully refer the Court to those statements for their contents. Defendants otherwise deny the allegations in Paragraph 120.

121. To the extent the allegations in Paragraph 121 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit they delivered a presentation to investors and analysts on September 5, 2019. The allegations in Paragraph 121 partially quote and mischaracterize Defendants' statements in that presentation, and on that basis Defendants deny them. The presentation speaks for itself, and Defendants respectfully refer the Court to the presentation for its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 121.

122. As the allegations in Paragraph 122 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants refer to and incorporate their response to Paragraph 7.

123. To the extent the allegations in Paragraph 123 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 123 purport to characterize Defendants' projections, and on that basis Defendants deny them. The projections speak for themselves, and Defendants respectfully refer the Court to the projections for their contents. Defendants otherwise deny the allegations in Paragraph 123.

124.   To the extent the allegations in Paragraph 124 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 124 purport to characterize statements from third-party analyst reports, and Defendants respectfully refer the Court to those analyst reports for their contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 124 and on that basis deny them.

125.   As the allegations in Paragraph 125 relate to the Dismissed Claims, no response is required.

126.   As the allegations in Paragraph 126 relate to the Dismissed Claims, no response is required.

127.   As the allegations in Paragraph 127 relate to the Dismissed Claims, no response is required.

128.   To the extent the allegations in Paragraph 128 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit they held an earnings call on February 25, 2021 to discuss Q4 2020 earnings.  The allegations in Paragraph 128 contain Plaintiffs' mischaracterization of Defendants' statements, and on that basis Defendants deny them.  Those statements speak for themselves, and Defendants respectfully refer the Court to those statements for their contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 128.

129.   To the extent the allegations in Paragraph 129 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 129 partially quote and mischaracterize Defendants' statements, and on that basis Defendants deny them.  Those

statements speaks for themselves, and Defendants respectfully refer the Court to those statements for its contents.  Defendants otherwise deny the allegations in Paragraph 129.

130.    As the allegations in Paragraph 130 relate to the Dismissed Claims, no response is required.

131.    To the extent the allegations in Paragraph 131 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 131, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

132.    To the extent the allegations in Paragraph 132 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 132, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

133.    To the extent the allegations in Paragraph 133 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 133, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

134.    To the extent the allegations in Paragraph 134 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 134, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

135.    To the extent the allegations in Paragraph 135 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 135, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

136.    To the extent the allegations in Paragraph 136 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 136, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

137.    To the extent the allegations in Paragraph 137 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic employs engineers, technicians, and inspectors.  The remaining allegations in Paragraph 137 purport to characterize the roles of engineers, technicians, and inspectors in designing Virgin Galactic's spaceflight vehicles, and on that basis Defendants deny them.  Except as expressly admitted, Defendants deny the allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 138, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

139. To the extent the allegations in Paragraph 139 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 139, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

140. As the allegations in Paragraph 140 relate to the Dismissed Claims, no response is required.

141. To the extent the allegations in Paragraph 141 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 141, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

142. To the extent the allegations in Paragraph 142 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 142, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

143. To the extent the allegations in Paragraph 143 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 143, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

144.     To the extent the allegations in Paragraph 144 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 144, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

145.     To the extent the allegations in Paragraph 145 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 145, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

146.     To the extent the allegations in Paragraph 146 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 146, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

147.     To the extent the allegations in Paragraph 147 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 147, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

148.     As the allegations in Paragraph 148 relate to the Dismissed Claims, no response is required.

149.    As the allegations in Paragraph 149 relate to the Dismissed Claims, no response is required.

150.    As the allegations in Paragraph 150 relate to the Dismissed Claims, no response is required.

151.    To the extent the allegations in Paragraph 151 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Scaled Composites contributed to the development of Eve and Unity.  The remaining allegations in Paragraph 151 purport to characterize Scaled Composite's working relationship with Virgin Galactic and The Spaceship Company, and on that basis Defendants deny them.  Except as expressly admitted, Defendants deny the allegations in Paragraph 151.

152.    To the extent the allegations in Paragraph 152 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 152, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

153.    To the extent the allegations in Paragraph 153 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 153, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

154.    To the extent the allegations in Paragraph 154 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 154, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

155. To the extent the allegations in Paragraph 155 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 155, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

156. To the extent the allegations in Paragraph 156 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 156, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

157. To the extent the allegations in Paragraph 157 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 157, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

158. To the extent the allegations in Paragraph 158 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 158, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

159. To the extent the allegations in Paragraph 159 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 159, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

160. To the extent the allegations in Paragraph 160 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 160, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

161. To the extent the allegations in Paragraph 161 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 161, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

162. To the extent the allegations in Paragraph 162 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 162, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

163. To the extent the allegations in Paragraph 163 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 163, or to any allegation regarding

a non-party and person who is unaffiliated with Virgin Galactic and statements they might have made, and on that basis deny them.

164. To the extent the allegations in Paragraph 164 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 164, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

165. To the extent the allegations in Paragraph 165 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 165, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

166. To the extent the allegations in Paragraph 166 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 166, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

167. To the extent the allegations in Paragraph 167 relate to the Dismissed Claims, no response is required. To the extent a response a required, Defendants admit that Virgin Galactic took Eve on at least six flights in 2016 with Unity attached.

168. To the extent the allegations in Paragraph 168 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 168, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

169. To the extent the allegations in Paragraph 169 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 169, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

170. To the extent the allegations in Paragraph 170 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 170, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

171. As the allegations in Paragraph 171 relate to the Dismissed Claims, no response is required.

172. To the extent the allegations in Paragraph 172 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 172, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

173. To the extent the allegations in Paragraph 173 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 173, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

174. To the extent the allegations in Paragraph 174 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 174, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

175. To the extent the allegations in Paragraph 175 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 175, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

176. To the extent the allegations in Paragraph 176 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 176, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

177. To the extent the allegations in Paragraph 177 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 177, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

178. As the allegations in Paragraph 178 relate to the Dismissed Claims, no response is required.

179. To the extent the allegations in Paragraph 179 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 179, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

180. To the extent the allegations in Paragraph 180 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 180, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

181. To the extent the allegations in Paragraph 181 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 181, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

182. To the extent the allegations in Paragraph 182 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 182, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

183.    To the extent the allegations in Paragraph 183 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 183, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

184.    To the extent the allegations in Paragraph 184 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 184, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

185.    To the extent the allegations in Paragraph 185 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 185, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

186.    To the extent the allegations in Paragraph 186 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 186, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

187.    To the extent the allegations in Paragraph 187 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 187, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

188.    To the extent the allegations in Paragraph 188 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 188, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

189.    To the extent the allegations in Paragraph 189 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 189, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

190.    To the extent the allegations in Paragraph 190 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 190, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

191.    To the extent the allegations in Paragraph 191 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 191, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

192.    To the extent the allegations in Paragraph 192 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 192, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

193.    To the extent the allegations in Paragraph 193 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 193, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

194.    To the extent the allegations in Paragraph 194 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 194, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

195.    To the extent the allegations in Paragraph 195 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 195, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

196.    To the extent the allegations in Paragraph 196 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 196, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

197. To the extent the allegations in Paragraph 197 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 197, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

198. To the extent the allegations in Paragraph 198 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 198 purport to characterize information discussed in *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 198, and on that basis deny them.

199. To the extent the allegations in Paragraph 199 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 199 purport to characterize information discussed in *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 199, and on that basis deny them.

200. To the extent the allegations in Paragraph 200 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 200 purport to characterize information discussed in *Test Gods*, and Defendants respectfully refer the Court to *Test Gods* for its contents. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 200, and on that basis deny them.

201.    To the extent the allegations in Paragraph 201 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 201, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

202.    To the extent the allegations in Paragraph 202 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.    As the allegations in Paragraph 203 relate to the Dismissed Claims, no response is required.

204.    To the extent the allegations in Paragraph 204 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 204, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee or any non-party and person who is unaffiliated with Virgin Galactic, and statements they may have made, and on that basis deny them.

205.    As the allegations in Paragraph 205 relate to the Dismissed Claims, no response is required.

206.    Defendants deny the allegations in Paragraph 206.

207.    To the extent the allegations in Paragraph 207 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit they issued a press release on August 3, 2020 announcing Virgin Galactic's Q2 2020 earnings. The allegations in Paragraph 207 partially quote Defendants' press release, and on that basis Defendants deny them.

The press release speaks for itself, and Defendants respectfully refer the Court to the press release for its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 207.

208.    To the extent the allegations in Paragraph 208 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's stock price closed at $24.02 on August 3, 2020, and $20.72 on August 4, 2023.  Except as expressly admitted, Defendants deny the allegations in Paragraph 208.

209.    To the extent the allegations in Paragraph 209 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210.    To the extent the allegations in Paragraph 210 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211.    As the allegations in Paragraph 211 relate to the Dismissed Claims, no response is required.

212.    As the allegations in Paragraph 212 relate to the Dismissed Claims, no response is required.

213.    As the allegations in Paragraph 213 relate to the Dismissed Claims, no response is required.

214.    As the allegations in Paragraph 214 relate to the Dismissed Claims, no response is required.

215.    As the allegations in Paragraph 215 relate to the Dismissed Claims, no response is required.

216. To the extent the allegations in Paragraph 216 relate to the Dismissed Claims, no response is required. To the extent a response is required, the allegations in Paragraph 216 purport to characterize Defendants' statements, and Defendants respectfully refer the Court to those statements for their contents. Defendants otherwise deny the allegations in Paragraph 216.

217. As the allegations in Paragraph 217 relate to the Dismissed Claims, no response is required.

218. To the extent the allegations in Paragraph 218 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that Virgin Galactic's stock price closed at $32.04 on December 11, 2020, and $26.47 on December 14, 2020. Except as expressly admitted, Defendants deny the allegations in Paragraph 218.

219. Defendants admit that on February 1, 2021, *The Washington Post* published an article regarding Virgin Galactic, which includes the quoted language. The article speaks for itself, and Defendants respectfully refer the Court to that article for its contents. The remaining allegations in Paragraph 219 purport to characterize information discussed in *Test Gods,* and Defendants respectfully refer the Court to *Test Gods* for its contents. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 219, and on that basis deny them. Defendants deny that the article and *Test Gods* contain the emphasis included by Plaintiffs. Except as expressly admitted, Defendants deny the allegations in Paragraph 219.

220. To the extent the allegations in Paragraph 220 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants admit that Virgin Galactic's stock price closed at $53.79 on February 1, 2021, and $48.58 on February 2, 2021. Except as expressly admitted, Defendants deny the allegations in Paragraph 220.

221.     Defendants deny the allegations in Paragraph 221.

222.     To the extent the allegations in Paragraph 222 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 222 partially quote and mischaracterize Defendants' statements during the Q420 earnings call, and on that basis Defendants deny them.  The earnings call transcript speaks for itself, and Defendants respectfully refer the Court to the transcript for its contents.  Defendants otherwise deny the allegations in Paragraph 222.

223.     To the extent the allegations in Paragraph 223 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 223 purport to characterize statements from third-party analyst reports, and Defendants respectfully refer the Court to those analyst reports for their contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 223 and on that basis deny them.

224.     To the extent the allegations in Paragraph 224 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's stock price closed at $42.24 on February 25, 2021, and $37.23 on February 26, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 224.

225.     To the extent the allegations in Paragraph 225 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic had four flights on its schedule for the summer of 2021; that the first test flight scheduled for May was rescheduled to December 2020; that the second test flight was scheduled to take a crew to space; that the third test flight would take Branson and a crew to space; and that the fourth test flight would take Italian Air Force personnel to space.

226.    To the extent the allegations in Paragraph 226 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic conducted a test flight on May 22, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 226.

227.    To the extent the allegations in Paragraph 227 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 227 purport to characterize a statement from third-party Blue Origin, and Defendants respectfully refer the Court to that statement for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 227 and on that basis deny them.

228.    Defendants admit that on July 1, 2021, Virgin Galactic announced that it would take Branson to space on July 11, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 228.

229.    To the extent the allegations in Paragraph 229 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 229 partially quote from Virgin Galactic's press release, and Defendants respectfully refer the Court to the press release for its contents.  Defendants deny that the press release contains the emphasis included by Plaintiffs.  Defendants otherwise deny the allegations in Paragraph 229.

230.    To the extent the allegations in Paragraph 230 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 230 partially quote and mischaracterize Defendants' statements, and on that basis Defendants deny them.  The statements speak for themselves, and Defendants respectfully refer the Court to those statements for their contents.

231.    Defendants admit that on July 11, 2021, Branson appeared on Bloomberg Markets' *The Close*.  The interview speaks for itself, and Defendants respectfully refer the Court to that interview for its contents.  Defendants deny that it contains the emphasis included by Plaintiffs.  Additionally, Defendants aver that, from Branson's perspective, the flight was "flawless," as he described.  Except as expressly admitted, Defendants deny the allegations in Paragraph 231.

232.    To the extent the allegations in Paragraph 232 relate to the Dismissed Claims, no response is required.  To the extent a response is required, the allegations in Paragraph 232 purport to characterize statements from a third-party analyst report, and Defendants respectfully refer the Court to that analyst report for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 232 and on that basis deny them.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants admit that in July 2021, Virgin Galactic completed an "at-the-market" equity offering program and generated gross proceeds of USD $500 million.  Except as expressly admitted, Defendants deny the allegations in Paragraph 234.

235.    Defendants aver that Branson-affiliated entities sold approximately 10.4 million shares of Virgin Galactic stock for approximately $299.9 million in proceeds from August 10 through August 12, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 235.

236.    The allegations in Paragraph 236 consist of a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.     Defendants deny the allegations in Paragraph 238

239.     Defendants deny the allegations in Paragraph 239.

240.     The allegations in Paragraph 240 purport to characterize information discussed in *Test Gods,* and Defendants respectfully refer the Court to *Test Gods* for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 240, and on that basis deny them.

241.     Defendants deny the allegations in Paragraph 241.

242.     The allegations in Paragraph 242 partially quote the Schmidle article*,* and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 242, and on that basis deny them.

243.     The allegations in Paragraph 243 purport the characterize the Schmidle article*,* and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 243, and on that basis deny them.

244.     The allegations in Paragraph 244 contain Plaintiffs' mischaracterization of Virgin Galactic's statements concerning the July 2021 flight, and on that basis Defendants deny them. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 244, and on that basis deny them.

245.     Defendants admit that following the July 11, 2021 test flight, Virgin Galactic held a preliminary post-flight debrief with the FAA.  Except as expressly admitted, Defendants deny the allegations in Paragraph 245.

246. Defendants admit that Virgin Galactic participated in a call with the FAA on July 21, 2021. Except as expressly admitted, Defendants deny the allegations in Paragraph 246.

247. Defendants admit that Albuquerque Air Control Center contacted the FAA on July 23, 2021 regarding Virgin Galactic's July 11, 2021 flight. Defendants otherwise lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic. Except as expressly admitted, Defendants deny the allegations in Paragraph 247.

248. Defendants admit that Virgin Galactic participated in a call with the FAA on July 28, 2021. The remaining allegations in Paragraph 248 purport to quote statements made by a non-party who is unaffiliated with Virgin Galactic, and on that basis Defendants deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 248.

249. Defendants admit that Virgin Galactic briefed the FAA regarding its July 11, 2021 flight on August 3, 2021 and gave the FAA a presentation. The presentation speaks for itself, and Defendants respectfully refer the Court to that presentation for its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 249.

250. Defendants admit that on August 11, 2021, the FAA sent Virgin Galactic an email, which contains the quoted language. The allegations in Paragraph 250 partially quote the FAA email, and Defendants deny them on that basis. The email speaks for itself, and Defendants respectfully refer the Court to that email for its contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 250.

251. Defendants deny the allegations in Paragraph 251.

252. Defendants deny the allegations in Paragraph 252.

253.    Defendants admit that on September 2, 2021, the FAA announced that Virgin Galactic's SpaceShipTwo Unity could not be flown again while an investigation into the July 11, 2021 flight was pending, but Defendants respectfully refer the Court to that announcement for its contents.  Defendants also admit that Virgin Galactic's stock closed at $25.99 on September 2, 2021 and $24.28 on September 3, 2021.  Defendants otherwise deny the allegations of Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254.

255.    The first sentence of Paragraph 255 purports to refer to a Virgin Galactic statement, but mischaracterizes that statement, and on that basis, Defendants deny the allegations in the first sentence of Paragraph 255.  The second, third, and fourth sentences of Paragraph 255 purport to refer to a *Washington Post* article and Bank of America report, and Defendants respectfully refer the Court to both documents for their contents.  Defendants lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic.  Defendants otherwise deny the allegations in the second, third, and fourth sentences of Paragraph 255.

256.    Paragraph 256 purports to refer to a Bank of America report, and Defendants respectfully refer the Court that document for its contents.  Defendants lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic.  Defendants otherwise deny the allegations of Paragraph 256.

257.    Paragraph 257 purports to refer to a Bank of America report, and Defendants respectfully refer the Court that document for its contents.  Defendants lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic.  Defendants otherwise deny the allegations of Paragraph 257.

258. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 258, or to any allegation regarding a non-party who is unaffiliated with Virgin Galactic, and on that basis deny those allegations.

259. Defendants deny the allegations in Paragraph 259.

260. The allegations in Paragraph 260 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that a Board meeting occurred on March 26, 2021, but respectfully refer the Court to the Board materials for their contents. Defendants otherwise deny the allegations in Paragraph 260.

261. The allegations in Paragraph 261 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 261 partially quotes and mischaracterizes Defendants' statements from the Q4 2020 and Q1 2021 earnings call transcripts, and Defendants deny them on that basis. The transcripts speak for themselves, and Defendants respectfully refer the Court to those transcripts for their contents. Defendants otherwise deny the allegations in Paragraph 261.

262. The allegations in Paragraph 262 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 262 mischaracterizes Defendants' statements from the Q4 2020 and Q1 2021 earnings call transcripts, and Defendants deny them on that basis. The transcripts speak for themselves, and Defendants respectfully refer the Court to those transcripts for their contents. Defendants otherwise deny the allegations in Paragraph 262.

263. The allegations in Paragraph 263 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 263 partially quotes and mischaracterizes Defendants' statements from the Q1 2021 earnings call transcript, and Defendants deny them on that basis. The transcript speaks for itself, and Defendants respectfully

refer the Court to those transcripts for their contents.  Defendants otherwise deny the allegations in Paragraph 263.

264.    The allegations in Paragraph 264 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that on October 14, 2021, Virgin Galactic issued a statement, but Paragraph 264 partially quotes that statement, and Defendants deny the allegations in Paragraph 264 on that basis. Defendants respectfully refer the Court to that statement for their contents.  Defendants otherwise deny the allegations in Paragraph 264.

265.    The allegations in Paragraph 265 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 265 purports to refer to analyst reports, and Defendants respectfully refer the Court to those reports for their contents.  Defendants lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic.  Defendants otherwise deny the allegations of Paragraph 265.

266.    The allegations in Paragraph 266 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's stock closed at $24.06 on October 14, 2021, and at $20.01 on October 15, 2021.

267.    Defendants deny the allegations in Paragraph 267.

268.    The allegations in Paragraph 268 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that on January 13, 2022, Virgin Galactic announced its intention to offer, subject to market and other conditions, a $425 million convertible notes private offering.  The announcement speaks for itself, and Defendants

respectfully refer the Court to that announcement for its contents.  Defendants otherwise deny the allegations in Paragraph 268.

269.    The allegations in Paragraph 269 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's stock closed at $12.37 on January 12, 2022, and at $10.03 on January 13, 2022.

270.    Defendants deny the allegations in Paragraph 270.

271.    The allegations in Paragraph 271 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 271 mischaracterizes Defendants' statements.  The earnings call transcripts speak for themselves, and Defendants respectfully refer the Court to the transcripts of the Q1 2022 and Q2 2022 earnings calls for their contents.  Defendants otherwise deny the allegations in Paragraph 271.

272.    The allegations in Paragraph 272 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 272 partially quotes and mischaracterizes Defendants' statements.  The earnings call transcripts speak for themselves, and Defendants respectfully refer the Court to the transcripts of the Q1 2022 and Q2 2022 earnings calls for their contents.  Defendants otherwise deny the allegations in Paragraph 272.

273.    The allegations in Paragraph 273 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 273 purports to refer to an analyst report, and Defendants respectfully refer the Court to that report for its contents.  Defendants lack sufficient knowledge or information to form a belief as to any allegation regarding a non-party who is unaffiliated with Virgin Galactic.  Defendants otherwise deny the allegations of Paragraph 273.

274. The allegations in Paragraph 274 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's stock closed at $8.19 on August 4, 2022, and at $6.76 on August 5, 2022, but otherwise deny the allegations of Paragraph 274.

275. The allegations in Paragraph 275 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's Reverse Merger was announced on July 9, 2019 and that a press release was issued on that date, but Paragraph 275 partially quotes that press release, and Defendants deny the allegations of Paragraph 275 on that basis.  Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations in Paragraph 275.

276. Defendants deny the allegations in Paragraph 276.

277. The allegations in Paragraph 277 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Virgin Galactic's Reverse Merger was announced on July 9, 2019 and that a press release was issued on that date, but Paragraph 277 partially quotes that press release, and Defendants deny the allegations of Paragraph 277 on that basis.  Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations in Paragraph 277.

278. Defendants deny the allegations in Paragraph 278.

279. The allegations in Paragraph 279 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that on January 8, 2020, Branson issued a statement containing the language quoted in Paragraph 279, but Paragraph 279 partially quotes that statement, and Defendants deny the allegations of Paragraph 279 on that basis.

Defendants respectfully refer the Court to that statement for its contents. Defendants otherwise deny the allegations in Paragraph 279.

280. Defendants deny the allegations in Paragraph 280.

281. The allegations in Paragraph 281 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 281 partially quotes and mischaracterizes Branson's and Palihapitiya's statements. Defendants admit that on July 9, 2019, Branson and Palihapitiya appeared in an interview on CNBC, but respectfully refer the Court to that interview transcript for its contents. Defendants otherwise deny the allegations in Paragraph 281.

282. Defendants deny the allegations in Paragraph 282.

283. The allegations in Paragraph 283 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed a Registration Statement on August 7, 2019, but Paragraph 283 partially quotes that Registration Statement, and Defendants deny the allegations of Paragraph 283 on that basis. Defendants respectfully refer the Court to that Registration Statement for its contents. Defendants otherwise deny the allegations of Paragraph 283.

284. Defendants deny the allegations in Paragraph 284.

285. The allegations in Paragraph 285 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed prospectuses with the SEC on September 5, 2019 and September 26, 2019, but Paragraph 285 partially quotes those prospectuses, and Defendants deny the allegations of Paragraph 285 on that basis. Defendants respectfully refer the Court to those prospectuses for their contents. Defendants otherwise deny the allegations of Paragraph 285.

286.    Defendants deny the allegations in Paragraph 286.

287.    The allegations in Paragraph 287 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed prospectuses with the SEC on September 5, 2019 and September 26, 2019, but Paragraph 287 partially quotes those prospectuses, and Defendants deny the allegations of Paragraph 287 on that basis.  Defendants respectfully refer the Court to those prospectuses for their contents.  Defendants otherwise deny the allegations of Paragraph 287.

288.    Defendants deny the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed prospectuses with the SEC on September 5, 2019 and September 26, 2019, but Paragraph 289 partially quotes those prospectuses, and Defendants deny the allegations of Paragraph 289 on that basis.  Defendants respectfully refer the Court to those prospectuses for their contents.  Defendants otherwise deny the allegations of Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290.

291.    The allegations in Paragraph 291 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed prospectuses with the SEC on September 5, 2019 and September 26, 2019, but Paragraph 291 partially quotes those prospectuses, and Defendants deny the allegations of Paragraph 291 on that basis.  Defendants respectfully refer the Court to those prospectuses for their contents.  Defendants otherwise deny the allegations of Paragraph 291.

292.    Defendants deny the allegations in Paragraph 292.

293. The allegations in Paragraph 293 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. filed prospectuses with the SEC on September 5, 2019 and September 26, 2019, but Paragraph 293 partially quotes those prospectuses, and Defendants deny the allegations of Paragraph 293 on that basis. Defendants respectfully refer the Court to those prospectuses for their contents. Defendants otherwise deny the allegations of Paragraph 293.

294. Defendants deny the allegations in Paragraph 294.

295. The allegations in Paragraph 295 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 295 partially quotes an interview, and Defendants deny the allegations of Paragraph 295 on that basis. Defendants respectfully refer the Court to the interview transcript for its contents. Defendants otherwise deny the allegations of Paragraph 295.

296. Defendants deny the allegations in Paragraph 296.

297. The allegations in Paragraph 297 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 297 partially quotes a press release, and Defendants deny the allegations of Paragraph 297 on that basis. Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations of Paragraph 297.

298. The allegations in Paragraph 298 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 298 partially quotes a press release, and Defendants deny the allegations of Paragraph 298 on that basis. Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations of Paragraph 298.

299. Defendants deny the allegations in Paragraph 299.

300. The allegations in Paragraph 300 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 300 partially quotes an earnings call transcript, and Defendants deny the allegations of Paragraph 300 on that basis. Defendants respectfully refer the Court to that transcript for its contents. Defendants otherwise deny the allegations of Paragraph 300.

301. Defendants deny the allegations in Paragraph 301.

302. The allegations in Paragraph 302 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 302 partially quotes a press release, and Defendants deny the allegations of Paragraph 302 on that basis. Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations of Paragraph 302.

303. Defendants deny the allegations in Paragraph 303.

304. The allegations in Paragraph 304 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 304 partially quotes a press release, and Defendants deny the allegations of Paragraph 304 on that basis. Defendants respectfully refer the Court to that press release for its contents. Defendants otherwise deny the allegations of Paragraph 304.

305. Defendants deny the allegations in Paragraph 305.

306. The allegations in Paragraph 306 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 306 partially quotes an earnings call transcript, and Defendants deny the allegations of Paragraph 306 on that basis. Defendants

61

respectfully refer the Court to that transcript for its contents. Defendants otherwise deny the allegations of Paragraph 306.

307.    Defendants deny the allegations in Paragraph 307.

308.    The allegations in Paragraph 308 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 308 partially quotes the Company's 2020 Form 10-K filed with the SEC, and Defendants deny the allegations of Paragraph 308 on that basis. Defendants respectfully refer the Court to that document for its contents. Defendants otherwise deny the allegations of Paragraph 308.

309.    Defendants deny the allegations in Paragraph 309.

310.    The allegations in Paragraph 310 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 310 partially quotes an earnings call transcript and Defendants deny the allegations of Paragraph 310 on that basis. Defendants respectfully refer the Court to that transcript for its contents. Defendants otherwise deny the allegations of Paragraph 310.

311.    Defendants deny the allegations in Paragraph 311.

312.    The allegations in Paragraph 312 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 312 partially quotes and mischaracterizes Colgazier's statements on an earnings call transcript, and Defendants deny the allegations of Paragraph 312 on that basis. Defendants respectfully refer the Court to that transcript for its contents. Defendants otherwise deny the allegations of Paragraph 312.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants admit that Branson participated in a Bloomberg Markets interview on July 11, 2021, but Paragraph 314 partially quotes and mischaracterizes Branson's statements.

62

Defendants respectfully refer the Court to the interview transcript for its contents.  The interview speaks for itself.  Defendants deny that it contains the emphasis included by Plaintiffs and further deny that the statement in Paragraph 314 was in any way materially false or misleading.

315.    Defendants deny the allegations in Paragraph 315.

316.    The allegations in Paragraph 316 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 316 partially quotes an earnings call transcript, and Defendants deny the allegations of Paragraph 316 on that basis.  Defendants respectfully refer the Court to that transcript for its contents.  Defendants otherwise deny the allegations of Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    The allegations in Paragraph 318 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 318 partially quotes an earnings call transcript, and Defendants deny the allegations of Paragraph 318 on that basis.  Defendants respectfully refer the Court to that transcript for its contents.  Defendants otherwise deny the allegations of Paragraph 318.

319.    Defendants deny the allegations in Paragraph 319.

320.    The allegations in Paragraph 320 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 320 partially quotes an earnings call transcript, and Defendants deny the allegations of Paragraph 320 on that basis.  Defendants respectfully refer the Court to that transcript for its contents.  Defendants otherwise deny the allegations of Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    The allegations in Paragraph 322 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit Virgin Galactic was founded in 2004.  Defendants otherwise deny the allegations of Paragraph 322.

323.    Defendants aver that Branson-affiliated entities sold Virgin Galactic stock around the time of the Reverse Merger including through a repurchase that received Social Capital shareholder approval, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales.  Except as expressly stated, Defendants otherwise deny the allegations of Paragraph 323.

324.    The allegations in Paragraph 324 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Defendants admit that between October 17, 2018 and October 19, 2018, representatives of Social Capital Hedosophia Holdings Corp. contacted Evan Lovell, Virgin's Chief Investment Officer, based in New York, via telephone, to present Social Capital Hedosophia Holdings Corp. as a prospective business combination partner and to discuss the potential benefits of a business combination transaction with Social Capital Hedosophia Holdings Corp.  Defendants further admit that on January 24, 2019, representatives of Social Capital Hedosophia Holdings Corp. e-mailed an initial non-binding letter of intent regarding a proposed business combination subject to due diligence and negotiation of definitive transaction agreements. Defendants respectfully refer the Court to Social Capital Hedosophia Holdings Corp.'s Form S-4/A filed with the SEC on October 3, 2019 for a complete description of these communications and documents.  Defendants otherwise deny the allegations of Paragraph 324.

325.    Defendants admit that on February 5, 2019, representatives of Social Capital Hedosophia Holdings Corp. e-mailed a revised non-binding letter of intent.    Defendants

64

respectfully refer the Court to Social Capital Hedosophia Holdings Corp.'s Form S-4/A filed with the SEC on October 3, 2019 for a complete description of these communications and documents. Defendants otherwise deny the allegations of Paragraph 325.

326.    The allegations in Paragraph 326 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief as to the allegations in Paragraph 326, and on that basis deny them. Defendants admit that on March 2, 2019, representatives of Social Capital Hedosophia Holdings Corp. e-mailed a revised non-binding letter of intent. Defendants further admit that during the first week of April 2019, Mr. Palihapitiya, on behalf of Social Capital Hedosophia Holdings Corp., and Mr. Whitesides, on behalf of V10, entered into a non-binding letter of intent, effective as of April 3, 2019. Defendants respectfully refer the Court to Social Capital Hedosophia Holdings Corp.'s Form S-4/A filed with the SEC on October 3, 2019 for a complete description of these communications and documents. Defendants otherwise deny the allegations of Paragraph 326.

327.    The allegations in Paragraph 327 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief as to the allegations in Paragraph 327, and on that basis deny them. Defendants admit that between June 14, 2019 and June 15, 2019, representatives of Social Capital Hedosophia Holdings Corp. and representatives of Defendants negotiated a proposed amended and restated letter of intent. Defendants respectfully refer the Court to Social Capital Hedosophia Holdings Corp.'s Form S-4/A filed with the SEC on October 3, 2019 for a complete description of these communications and documents. Defendants otherwise deny the allegations of Paragraph 327.

328.    The allegations in Paragraph 328 relate to the Dismissed Claims, and no response is required. Defendants admit that on July 9, 2019, representatives of Social Capital Hedosophia

65

Holdings Corp. and representatives of Defendants finalized a definitive agreement under which Virgin Galactic and Social Capital Hedosophia Holdings Corp. would merge, but respectfully refer the Court to Social Capital Hedosophia Holdings Corp.'s Form S-4/A filed with the SEC on October 3, 2019 for a complete description of these communications and documents. Defendants otherwise deny the allegations of Paragraph 328.

329.    The allegations in Paragraph 329 relate to the Dismissed Claims, and no response is required. Defendants admit that on July 9, 2019, Social Capital Hedosophia Holdings Corp. entered into a purchase agreement with V10, but respectfully refer the Court to the transaction documents for their complete contents and the final terms of the purchase agreement. Defendants otherwise deny the allegations of Paragraph 329.

330.    Paragraph 330 purports to refer to numerous stock transactions, and Defendants respectfully refer the Court to the stockholders' filings with the SEC for a complete and accurate description of those sales. Defendants admit that on October 25, 2019, Virgin Galactic repurchased 5,209,562 shares of its common stock at a price of $10.00 per share from Vieco US. Defendants further aver that the Named Plaintiffs have not yet proven that any executed stock sales contemporaneous with this transaction. Defendants otherwise deny the allegations of Paragraph 330.

331.    Defendants deny the allegations in Paragraph 331.

332.    The allegations in Paragraph 332 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 332 purports to partially quote a December 1, 2019 blog post by Branson, and on that basis, Defendants deny the allegations in Paragraph 332. Defendants respectfully refer the Court to that blog post for its contents.

66

Defendants admit that Defendant "Branson founded Virgin Atlantic in 1984," but Defendants otherwise deny the allegations of Paragraph 332.

333. The allegations in Paragraph 333 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendant Branson admits that Virgin Atlantic "was his first airline," and that on December 13, 2012, it was announced that Delta Air Lines would purchase 49% of Virgin Atlantic, but Defendants otherwise deny the allegations of Paragraph 333.

334. The allegations in Paragraph 334 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 334 purports to refer to a proposed joint venture between Air France-KLM, Virgin Atlantic and Delta Air Lines and partially quotes a December 1, 2019 blog post by Branson, and on that basis, Defendants deny the allegations in Paragraph 334. Defendants respectfully refer the Court to the proposed joint venture documents and the blog post for their contents. Defendants otherwise deny the allegations of Paragraph 334.

335. The allegations in Paragraph 335 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Paragraph 335 purports to refer to a proposed joint venture between Air France-KLM, Virgin Atlantic and Delta Air Lines and partially quotes an April 2020 blog post by Branson, and on that basis, Defendants deny the allegations in Paragraph 335. Defendants respectfully refer the Court to the proposed joint venture documents and the blog post for their contents. Defendants otherwise deny the allegations of Paragraph 335.

336. The allegations in Paragraph 336 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 336.

337.   The allegations in Paragraph 337 relate to the Dismissed Claims, and no response is required.  To the extent a response is required, Paragraph 337 mischaracterizes a December 1, 2019 blog post by Branson, and on that basis, Defendants deny the allegations of Paragraph 337.  Defendants respectfully refer the Court to the blog post for its contents.  Defendants otherwise deny the allegations of Paragraph 337.

338.   The allegations in Paragraph 338 relate to the Dismissed Claims and no response is required.  To the extent a response is required, Defendants aver that Branson-affiliated entities sold Virgin Galactic stock on or about the dates referenced in Paragraph 338, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales.  Except as expressly stated, Defendants otherwise deny the allegations of Paragraph 338.

339.   The allegations in Paragraph 339 relate to the Dismissed Claims and pertain to conduct that falls outside of the class period, which was shortened following the Court's August 8, 2023 Order, and accordingly no response is required.  To the extent a response is required, Defendants aver that on November 10, 2021, Branson-affiliated entities sold 15.6 million shares of Virgin Galactic stock for a total value of $300.3 million, but respectfully refer the Court to their filing with the SEC for a complete and accurate description of those sales.  Except as expressly stated, Defendants otherwise deny the allegations of Paragraph 339.

340.   The allegations in Paragraph 340 relate to the Dismissed Claims and no response is required.  To the extent a response is required, Paragraph 340 purports to refer to the terms of an Amended and Restated Registration Rights Agreement entered into at the close of the reverse merger, and Defendants respectfully refer the Court to that agreement for its contents.  Defendants otherwise deny the allegations of Paragraph 340.

341. Defendants admit that on October 25, 2019, Virgin Galactic repurchased 5,209,562 shares of its common stock at a price of $10.00 per share from Vieco USA, Inc., a wholly owned subsidiary of Vieco 10 Limited. Defendants further aver that the Named Plaintiffs have not yet proven that any executed stock sales contemporaneous with this transaction. Defendants aver that Branson-affiliated entities sold shares in Virgin Galactic on or about May 14-22, 2020, June 2, 2020, and April 12-14, 2021, but refer the Court to those entities' filings with the SEC for a complete and accurate description of those sales. Except as expressly stated, Defendants otherwise deny the allegations of Paragraph 341.

342. Defendants aver that Paragraph 342 purports to characterize information published by Forbes, and Defendants respectfully refer the Court to Forbes for its contents. Defendants respectfully refer to their responses to Paragraphs 235, 338-39, 341, 345, 347-48, 402-03 for dates on which Branson-affiliated entities sold Virgin Galactic stock. Defendants aver that they lack sufficient information about Plaintiffs' calculation of "Branson's share" of stock sales, and on that basis deny them. Except as expressly stated, Defendants deny the allegations in Paragraph 342.

343. The allegations in Paragraph 343 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations.

344. The allegations in Paragraph 344 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations.

345. The allegations in Paragraph 345 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants aver that Branson-affiliated entities sold Virgin Galactic stock on or about June 2 and 5, 2020, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants admit that on

69

June 2, 2020 Virgin Galactic's stock closed at $15.82. Except as expressly stated, Defendants otherwise deny the allegations in Paragraph 345.

346. The allegations in Paragraph 346 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations.

347. The allegations in Paragraph 347 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants aver that Branson-affiliated entities sold Virgin Galactic shares on April 12-14, 2021, but refer the Court to those entities' filings with the SEC for a complete and accurate description of those sales. Except as expressly stated, Defendants otherwise deny the allegations.

348. Defendants aver that Branson-affiliated entities sold Virgin Galactic stock on or about August 10-12, 2021, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Except as expressly stated, Defendants otherwise deny the allegations in Paragraph 348.

349. The allegations in Paragraph 349 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that in 2018 Virgin Galactic had $2.849 million in revenues, $138.139 million in net loss, and $73.990 million in cash, but respectfully refer the Court to its Form 10-K filed with the SEC for the year ending 2019 for a complete and accurate accounting of fiscal year 2018. Defendants otherwise deny the allegations.

350. The allegations in Paragraph 350 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Virgin Galactic offered shares and senior notes on or about the dates referenced in Paragraph 350 for the amounts referenced in Paragraph 350, but respectfully refer the Court to its August 5, 2020 Form 424B4,

70

July 12, 2021 Form 424B3, and January 13, 2022 8-K filed with the SEC for complete and accurate descriptions of those transactions. Defendants otherwise deny the allegations.

351. The allegations in Paragraph 351 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief as to the source of the statement in Paragraph 351, and on that basis deny the allegations in Paragraph 351.

352. The allegations in Paragraph 352 relate to the Dismissed Claims and no response is required. Defendants lack information sufficient to form a belief about what Palihapitiya was "dubbed" and on that basis deny the allegations in Paragraph 352.

353. The allegations in Paragraph 353 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Social Capital Hedosophia Holdings Corp. utilized ticker symbol IPOA. Defendants otherwise deny the allegations.

354. The allegations in Paragraph 354 relate to the Dismissed Claims and no response is required. To the extent a response is required, Social Capital Hedosophia Holdings Corp. first filed a registration statement with the SEC on August 23, 2017 that was subsequently amended, and Defendants respectfully refer the Court to that registration statement and those amendments for a full and accurate description of the contents thereof. Defendants otherwise deny the allegations of Paragraph 354.

355. The allegations in Paragraph 355 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations.

356. The allegations in Paragraph 356 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold Virgin Galactic shares on the dates referenced in Paragraph

71

356, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise deny the allegations of Paragraph 356.

357. The allegations in Paragraph 357 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold Virgin Galactic shares on the dates referenced in Paragraph 357, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise deny the allegations of Paragraph 357.

358. The allegations in Paragraph 358 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold Virgin Galactic shares on March 2-3, 2021, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise deny the allegations of Paragraph 358.

359. The allegations in Paragraph 359 relate to the Dismissed Claims and no response is required. To the extent a response is required, Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold their positions in Virgin Galactic by November 15, 2021, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise deny the allegations.

360. The allegations in Paragraph 360 relate to the Dismissed Claims and no response is required. To the extent a response is required, Paragraph 360 purports to partially quote an interview transcript, and Defendants deny the allegations in Paragraph 360 on that basis. Defendants respectfully refer the Court to that transcript for its contents. Defendants otherwise deny the allegations of Paragraph 360.

72

361. To the extent allegations in Paragraph 361 relate to the Dismissed Claims, no response is required. The fourth sentence in Paragraph 361 contains a legal conclusion for which no response is required. Paragraph 361 further purports to summarize a court opinion. The opinion speaks for itself and Defendants respectfully refer the Court to the opinion for its contents. Defendants deny the remainder of the allegations in Paragraph 361.

362. The allegations in Paragraph 362 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Whitesides joined Virgin Galactic in 2010.

363. The allegations in Paragraph 363 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Whitesides worked at Virgin Galactic's headquarters in Mojave, California.

364. Defendants deny the allegations in Paragraph 364.

365. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 365, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

366. Defendants deny the allegations in Paragraph 366.

367. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 367, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

368. The allegations in Paragraph 368 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 368, or to any allegation regarding

an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

369. The allegations in Paragraph 369 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 369, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

370. The allegations in Paragraph 370 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 370.

371. The allegations in Paragraph 371 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 371, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

372. The allegations in Paragraph 372 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 372, or to any allegation regarding an anonymous and unidentified Virgin Galactic employee and statements they may have made, and on that basis deny them.

373. Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of all persons or entities, other than Defendants and other excluded persons outlined in Paragraph 373, who purchased the publicly traded common stock of Virgin Galactic or Social

74

Capital from July 10, 2019, through August 4, 2022, inclusive. Defendants deny that Plaintiffs have met the requirements to pursue this action as a class action. Except as expressly admitted, Defendants deny the allegations of Paragraph 373.

374.    Defendants deny the allegations in Paragraph 374, except to admit that Virgin Galactic's common stock traded on the NYSE throughout the purported Class Period.

375.    Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

377.    The allegations in Paragraph 377 consist, in part, of legal conclusions for which no response is required. Defendants deny the remaining allegations in Paragraph 377.

378.    The allegations in Paragraph 378 consist, in part, of legal conclusions for which no response is required. Defendants deny the remaining allegations in Paragraph 378.

379.    The allegations in Paragraph 379 consist, in part, of legal conclusions for which no response is required. Defendants deny the remaining allegations in Paragraph 379.

380.    The allegations in Paragraph 380 consist, in part, of legal conclusions for which no response is required. Defendants deny the allegations in Paragraph 380.

381.    Defendants deny the allegations in Paragraph 381.

382.    Defendants repeat and reallege their responses to Paragraphs 1 through 381 as though set forth in full herein.

383.    To the extent the allegations in Paragraph 383 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 383.

384. To the extent the allegations in Paragraph 384 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 384.

385. To the extent the allegations in Paragraph 385 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 385.

386. Defendants deny the allegations in Paragraph 386.

387. To the extent the allegations in Paragraph 387 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 387.

388. To the extent the allegations in Paragraph 388 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 388.

389. Defendants deny the allegations in Paragraph 389.

390. To the extent the allegations in Paragraph 390 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 390.

391. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 391, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them.

392. To the extent the allegations in Paragraph 392 relate to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 392.

393.    Defendants repeat and reallege their responses to the allegations to Paragraphs 1 through 392 as though set forth in full herein.

394.    To the extent the allegations in Paragraph 394 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 394.

395.    To the extent the allegations in Paragraph 395 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 395.

396.    To the extent the allegations in Paragraph 396 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 396.

397.    To the extent the allegations in Paragraph 397 relate to the Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 397.

398.    Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 397 as though set forth in full herein.  The allegations in Paragraph 398 consist, in part, of legal conclusions for which no response is required.  Except as stated or acknowledged, Defendants deny the allegations in Paragraph 398.

399.    Defendants deny the allegations in Paragraph 399.

400.    Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 400, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them.

77

401. Defendants lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 401, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them.

402. Defendants aver that Branson-affiliated entities sold Virgin Galactic stock on the dates referenced in Paragraph 402, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 402, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them. Except as expressly stated, Defendants deny the allegations in Paragraph 402.

403. Defendants aver that Branson-affiliated entities sold Virgin Galactic stock on the dates referenced in Paragraphs 402 and 403, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants further aver that the August 8, 2023 Order found that Plaintiff Cui did not purchase stock contemporaneous with the alleged sales by Branson-affiliated entities on either October 25, 2019 or August 10-12, 2021, and that Plaintiff Cui therefore cannot bring a claim under Exchange Act Section 20A related to those challenged sales. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 403, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them. Except as expressly stated, Defendants deny the allegations in Paragraph 403.

404. Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold Virgin Galactic stock on the dates referenced in Paragraph 404, but respectfully refer the Court to his filings with the SEC for a complete and accurate description of those sales. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations

of Paragraph 404, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them.

405. The allegations in Paragraph 405 relate to the Dismissed Claims, and no response is required. To the extent a response is required, Defendants admit that Palihapitiya and/or Palihapitiya-affiliated entities sold Virgin Galactic stock on the dates referenced in Paragraphs 404 and 405, but respectfully refer the Court to their filings with the SEC for a complete and accurate description of those sales. Defendants otherwise lack sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 405, as Plaintiffs have not yet proven their allegations relating to class member stock sales, and on that basis deny them.

406. Defendants deny the allegations in Paragraph 406.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any judgment on any allegations of claims asserted in the TAC and deny that Plaintiffs are entitled to any requested relief.

## JURY DEMAND

Defendants also demand a jury trial on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses in response to the allegations set forth in the TAC. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. The statement of any defense does not alter the elements of Plaintiffs' claims or assume the burden of proof on any issues as to which applicable law places the burden on Plaintiffs. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense

is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs'

claims that have been previously litigated, including before this Court through its August 8, 2023

Order and November 7, 2022 Order, are barred, in whole or in part, from any recovery under the

doctrines of res judicata and/or collateral estoppel.

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state a claim against Defendants for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

(Control Person Liability)

Plaintiffs' claims are barred, in whole or in part, because Defendant Palihapitiya was not a

"controlling person" of Virgin Galactic within the meaning of Section 20 of the Securities Exchange

Act of 1934.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants at all times acted in good faith, with reasonable care, and did not directly or

indirectly induce any acts constituting the alleged violations and causes of action. *See, e.g.*, 15

U.S.C. § 78t.

## FIFTH AFFIRMATIVE DEFENSE

(Knowledge)

Defendants had no knowledge of or reasonable ground to believe in the existence of the

facts alleged, and did not act recklessly as to any alleged misstatement or omission on which the liability of the Defendants is based. *See, e.g.*, 15 U.S.C. § 77o.

## SIXTH AFFIRMATIVE DEFENSE

### (Covered Person)

Plaintiffs' and members of the purported class's claims are barred, in whole or in part, because pursuant to Section 21D of the Exchange Act, Defendants are covered persons who did not knowingly commit a violation of the securities laws. *See, e.g.,* 15 U.S.C. § 78u-4.

## SEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Defendants fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "Reform Act"), as codified at 15 U.S.C. § 77z-2(c), and/or the "bespeaks caution" doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Knowledge)

At the time of their acquisition of Virgin Galactic stock, Plaintiffs and members of the purported class had actual or constructive knowledge of the allegedly untrue statements of all or some of the alleged omissions and misstatements or other wrongful conduct upon which Defendants' purported liability rests.

## NINTH AFFIRMATIVE DEFENSE

### (Materiality)

Defendants are not liable because the alleged misrepresentations and omissions on which

81

Plaintiffs base their claims were not material and because the challenged statements or omissions were immaterial puffery, vague and indefinite statements of optimism, matters of opinion or soft opinion.

## TENTH AFFIRMATIVE DEFENSE

(Public Availability)

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiffs and members of the purported class, and/or the securities markets.

## ELEVENTH AFFIRMATIVE DEFENSE

(Transaction/Loss Causation)

Plaintiffs' claims are barred because Plaintiffs' and members of the purported class's alleged losses were not directly or proximately caused by Defendants, and Plaintiffs are unable to establish that the alleged misstatements and omissions in the TAC were the cause of Plaintiffs' and members of the purported class's decisions to purchase or sell Virgin Galactic securities on the terms of Plaintiffs' and members of the purported class's investments, and/or Plaintiffs and members of the purported class did not rely upon the alleged misstatements and omissions in acquiring Virgin Galactic stock.

## TWELFTH AFFIRMATIVE DEFENSE

(Improper Class Action)

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

On information and belief, Plaintiffs are not adequate or appropriate class representatives.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Contribution and Indemnity)

Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, Plaintiffs and members of the purported class have sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Proportionate Liability)

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiffs' and members of the purported class's alleged damages, if any, pursuant to the proportionate liability provisions of the Reform Act, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reduction in Damages)

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported class, if any, is subject to offset based on any tax benefits actually received by Plaintiffs or each member of the putative class through its/his/her investments, proceeds received in connection with the sale of their Virgin Galactic securities, or any other amounts received related to their alleged investments in Virgin Galactic.

83

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Impact on Market Price)

Plaintiffs' claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the TAC did not affect the market price of Virgin Galactic securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Waiver)

On information and belief, Plaintiffs and members of the purported class, by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the TAC, including under the doctrines of waiver, ratification, unclean hands, laches, and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' and members of the purported class's claims against Defendants are barred, in whole or in part, by Plaintiffs' and members of the purported class's failure to mitigate their alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

(Regardless of Alleged Falsity)

Plaintiffs and members of the purported class would have acquired Virgin Galactic common stock even if, when acquired, class members had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiffs' and members of the purported class's claims are barred, in whole or in part, because awarding Plaintiffs and members of the purported class's requested damages would result in unjust enrichment to Plaintiffs and members of the purported class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Knowledge of Risks)

Plaintiffs and the members of the purported class knew or should have known the risks associated with Virgin Galactic's business, and in failing to consider these risks, Plaintiffs and each purported class member assumed the risk that he, she, or it might be damaged by acquiring Virgin Galactic stock.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Standing)

Plaintiffs' and members of the purported class's claims against Defendants are barred, in whole or in part, because Plaintiffs and members of the purported class lack standing to assert their claims against Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preclusion of Fees)

Plaintiffs and members of the purported class are precluded from recovering attorneys' fees or experts' fees from Defendants under applicable provisions of law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Other Causes of Loss)

Under any theory of liability, Plaintiffs and members of the purported class may not recover

damages based on depreciation in the value of Virgin Galactic securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business which are cited in the TAC.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Excessive Damages)

Plaintiffs' and members of the purported class's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Exchange Act, the Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Cognizable Injury)

Plaintiffs' and members of the purported class's claims are barred, in whole or in part, because Plaintiffs and members of the purported class did not suffer any cognizable injury or damages.

Dated:  September 11, 2024          Respectfully submitted,
        New York, New York


                                    LATHAM & WATKINS LLP

                            By:
                                    */s/ Kevin M. McDonough*

                                    Kevin M. McDonough
                                    Corey A. Calabrese
                                    1271 Avenue of the Americas
                                    New York, New York 10020
                                    Telephone: (212) 906-1200
                                    Facsimile: (212) 751-4864
                                    Email: kevin.mcdonough@lw.com
                                    Email: corey.calabrese@lw.com

                                    Michele D. Johnson (*pro hac vice*)
                                    Kristin N. Murphy (*pro hac vice*)
                                    650 Town Center Drive, Suite 2000
                                    Costa Mesa, California 92626
                                    Telephone: (714) 540-1235
                                    Facsimile: (714) 755-8290
                                    Email: michele.johnson@lw.com
                                    Email: kristin.murphy@lw.com

                                    Colleen Smith (*pro hac vice*)
                                    12670 High Bluff Drive
                                    San Diego, California 92130
                                    Telephone: (858) 523-5400
                                    Facsimile: (858) 523-5450
                                    Email: colleen.smith@lw.com

                                    *Attorneys for Defendants Virgin*
                                    *Galactic Holdings, Inc., Sir*
                                    *Richard Branson, and Chamath*
                                    *Palihapitiya*

87