

Ex Kano S. Sams II
esams@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

February 20, 2025

**VIA ECF**

Honorable Allyne R. Ross
Honorable Taryn A. Merkl
United States District Court, Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Lavin, et al. v. Virgin Galactic Holdings, Inc., et al.,* No. 1:21-cv-03070-ARR-TAM

Dear Judge Ross and Magistrate Judge Merkl:

Plaintiffs write in response to Defendants' request for leave to file a sur-reply in further opposition to Plaintiffs' Motion for Class Certification. ECF No. 147. Defendants' request is both procedurally and substantively without merit.

## I.   DEFENDANTS' REQUEST LACKS MERIT

Procedurally, Defendants' request fails because sur-replies are not authorized in federal court. Indeed, "neither the E.D.N.Y. Local Civil Rules nor the Federal Rules explicitly authorize the filing of sur-replies." *AA Med. P.C. v. Almansoori*, 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023).[1] As courts have recognized, "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008). Thus, Defendants' request is neither authorized nor permitted by this Court's Individual Rules, the Local Civil Rules, or the Federal Rules. *See AA Med. P.C.*, 2023 WL 4073772, at *3 (a request for leave to file a sur-reply should be denied unless there was "a controlling authority that was overlooked in prior filings or a misstatement made in the papers or at oral argument needing correction").

Defendants' purported rationale for departing from these principles is mere pretext. Defendants argue that they "pointed out in the Opposition that two of the three proposed class representatives for the 2021 Claim Period—Mses. Ortiz and Ibrahim—failed the adequacy and typicality requirements…" Defendants' [Proposed] Sur-Reply in Further Opposition to Plaintiffs' Motion for Class Certification ("Sur-Reply") at 1. But Defendants had not conceded that Mr. O-Keefe Jones was typical and adequate. Quite the contrary: they argued, strenuously and at length, that he was not adequate. Instead, Defendants use the occasion of Mr. O'Keefe-Jones's passing to rehash arguments that they already made in their Opposition. *Compare* Sur-Reply at 8-9 *with*

---

[1] Unless otherwise indicated, all "Rules" references are to the Federal Rules of Civil Procedure, all emphasis is added, and all internal citations and quotations are omitted.

1

Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition") (ECF No. 140) at 7-9, 19-20; *see also Baerga v. City of Hartford*, 2022 WL 16856097, at *3 (D. Conn. Nov. 10, 2022) ("the Court finds that Plaintiff has not established good cause for the filing of a surreply brief. Plaintiff argues that Defendants' reply raised issues of first impression which required 'further explication.' Plaintiff had ample opportunity for such explication, however, in her opposition brief"). These arguments are no more meritorious now than they were then, because courts regularly recognize that a proposed class representative's decision to buy stock ***after*** the artificial inflation defendants created has dissipated has no bearing on whether the representative relied on the stock price ***during*** the class period. ECF No. 143 at 10-13.

Defendants also argue that they may file a sur-reply because Plaintiffs purportedly raised new arguments for the 2019 Claim Period. However, Plaintiffs' opening brief and expert report presented evidence that Virgin Galactic's stock traded efficiently for the entire period of October 25, 2019 through September 1, 2021. ECF No. 133-1 at 2. Plaintiffs explained that experts often conduct market efficiency analyses over periods longer than class periods because "small sample sizes may limit statistical power, meaning that only very large-impact events will be detectable." ECF No. 132 at 13 (quoting *In re Petrobras Sec.*, 862 F.3d 250, 278–79 (2d Cir. 2017)).

Plaintiffs also explained that damages could be calculated on a class-wide basis for the period of October 25, 2019 through November 1, 2019. ECF No. 132 at 24. In response, Defendants argued that Plaintiffs had failed to show evidence of efficiency for this narrower period. ECF No. 140 at 22. Defendants attempted to distinguish a case Plaintiffs cited, *Weiner v. Tivity Health, Inc.*, 334 F.R.D. 123 (M.D. Tenn. 2020), because there, the defendants had shown evidence of ***in***efficiency in a narrower class period. *Id.* at 22 n.13. Dr. Tabak's showing in reply that Virgin Galactic's stock was efficient for the October 25, 2019 through November 1, 2019 period not only responds to Defendants' argument, it also directly answers the specific rationale Defendants cited to support their claim that the Court should not rely on *Weiner*. *See, e.g.*, *Baerga*, 2022 WL 16856097, at *3 (denying a motion for leave to file a sur-reply because plaintiffs' "reply brief merely attempted to refute the arguments [defendants] made in [their] opposition, and did not raise any new arguments as to which [defendants] otherwise would have lacked an opportunity to respond"); *In re Safra*, 2022 WL 3584541, at *1 n.2 (S.D.N.Y. Aug. 22, 2022) (denying request to file sur-reply where the reply merely responded to arguments advanced in a party's opposition memorandum).

And, even if the Court were to find that Plaintiffs' argument and evidence is new, then Defendants cannot claim they were prejudiced by these new arguments because they submitted a sur-reply. *Medina v. Buther*, 2019 WL 4370239, at *12 (S.D.N.Y. Sept. 12, 2019); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (defendant "suffered no prejudice," in part, "because it has submitted a surreply").  Either way, the Court can consider the evidence and argument submitted on reply. ECF No. 143 at 17-23.

Third, Defendants claim that a sur-reply is warranted because "Plaintiffs seek to alter their proposed class definition to include not only purchasers of Virgin Galactic shares, but also those who 'otherwise acquired' Virgin Galactic shares."  ECF No. 147. Defendants are again mistaken. "The court may, in its discretion . . . modify the definition of the proposed class to provide the necessary precision or to correct other deficiencies." *Morangelli v. Chemed Corp.*, 275 F.R.D. 99,

114 (E.D.N.Y. 2011), *amended on reconsideration* (July 8, 2011). "In fact, the court has a duty to ensure that the class is properly constituted and has broad discretion to modify the class definition as appropriate to provide the necessary precision." *Id*.

The decision in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010), *amended in part*, 2011 WL 3268649 (N.D. Cal. July 28, 2011), is instructive.  In *TFT-LCD*, plaintiffs, "in the course of briefing the class certification motion," modified the class definition "to address standing objections raised by defendants." *Id*. Defendants "moved to strike the proposed modifications to the class definitions on the ground that plaintiffs should be required to seek leave of Court and/or the consent of defendants in order to modify the class definition." *Id*. There, the court denied defendants' motion, holding that "the proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants." *Id*. The same is true here because courts routinely certify classes of investors who have "purchased or otherwise acquired" the securities at issue. *See, e.g.*, *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *17 (E.D.N.Y. Aug. 8, 2023) (certifying a class of "[a]ll persons and entities who purchased or otherwise acquired" the company's securities); *In re Synchrony Fin. Sec. Litig.*, 2023 WL 1503032, at *14 (D. Conn. Feb. 3, 2023) (same); *In re Aphria, Inc. Sec. Litig.*, 342 F.R.D. 199, 209 (S.D.N.Y. 2022) (same).

## II.    CONCLUSION

For these reasons, the Court should deny Defendants' request to file the Sur-Reply.

Very truly yours,

*s/Ex Kano S. Sams II*

Ex Kano S. Sams II

3