UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARK KUSNIER, ROBERT SCHEELE, XINQIANG CUI, JUSTIN CARLOUGH, JENNIFER ORTIZ, RICHARD O'KEEFE-JONES, VIPUL GUPTA, MARIA JOSEPHINE ROSALES, HESHAM IBRAHIM, and MONTGOMERY BRANTLEY, Individually and on Behalf of All Others Similarly Situated,

     *Plaintiffs,*

  -against-

VIRGIN GALACTIC HOLDINGS, INC., RICHARD BRANSON, and CHAMATH PALIHAPITIYA

     *Defendants.*

---

21-CV-3070 (ARR) (TAM)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**MEMORANDUM & ORDER**

ROSS, United States District Judge:

Before me is defendants' request for leave to file a sur-reply in further opposition to plaintiffs' motion for class certification. For the foregoing reasons, I grant defendants' request and order that an unredacted version of the sur-reply be filed under seal as a separate entity on the docket.

## BACKGROUND

Plaintiff-investors bring this putative class action against defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic"), Richard Branson, and Chamath Palihapitiya, alleging multiple violations of the Securities Exchange Act of 1934.[1] *See* Third Am. Compl.

---

[1] The full facts and procedural history of this case are set forth in my previous opinions. *See* Op. & Order Granting Motion Mot. to Dismiss SAC in Part, ECF No. 87; Op. & Order Granting Motion to Dismiss First Am. Compl. in Part, ECF No. 58. I present only those facts relevant to the narrow issue before me.

¶¶ 382–406, ECF No. 128. On October 12, 2024, plaintiffs moved for class certification and proposed the following class definition:

> All persons and entities who or which purchased shares of Virgin Galactic common stock during the period from: (i) October 25, 2019 through November 1, 2019, inclusive; and/or (ii) July 12, 2021 through September 2, 2021, inclusive. Excluded from the Class are: (1) Defendants; (2) officers and directors of Virgin Galactic and Social Capital Hedosophia Holdings Corporation at all relevant times, and all subsidiaries thereof; (3) persons or entities who held shares of Vieco 10 Ltd. as of October 25, 2019; (4) the family members, heirs, assigns, and legal representatives of all persons set out in (1)-(3); and (5) all entities controlled by the persons set out in (1)-(4).

Pls.' Mem. Supp. Mot. Certify Class at 2, ECF No. 133 ("Pls.' Class Cert. Mem.").

Defendants oppose class certification arguing, *inter alia*, that the proposed class definition improperly "bolt[s] together a one week period in 2019 . . . and a seven week-period in 2021." Defs.' Mem. Opp'n Mot. Certify Class at 1, ECF No. 140 ("Defs.' Opp'n"); *see id*. at 10–13. In their Opposition, defendants argue that the combined class does not satisfy Rule 23's commonality requirement, *id*. at 11, and that claims from the 2019 claim period cannot independently satisfy the requirements for class certification, *id*. at 16–25. *See* Fed. R. Civ. Pro. 23(a) & 23(b)(3). In the Reply, plaintiffs continue to defend the combined class definition, but argue in the alternative that the 2019 class period could independently satisfy the requirements of Rule 23. Pls.' Reply Supp. Mot. Certify Class at 14–22, ECF No. 143 ("Pls.' Reply"). Plaintiffs argue that, in the event I decline to certify the proposed combined class, I could instead certify two separate classes. *Id*. at 25 n.12.

After the Reply was filed, Defendant's filed the instant motion requesting leave to file a sur-reply to address "new arguments" raised in the Reply. Def.'s Sur-Reply Req. at 1, ECF No. 147. *See also* Def.'s Proposed Sur-Reply, ECF No. 147-1. Plaintiffs oppose the request. Pls.' Opp'n Sur-Reply Req., ECF No. 50.

**DISCUSSION**

Motions for leave to file a sur-reply "are subject to the sound discretion of the court." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). In this circuit, leave to file a sur-reply is granted "sparingly." *Securities & Exch. Comm'n v. Xia*, No. 21-CV-5350, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022). A sur-reply is generally appropriate only where (1) the party seeking leave demonstrates that the papers to which it wishes to respond "raise new issues which are material to the disposition of the question before the court," or (2) the court itself determines that it "wishes further briefing." *Id.* (citation and internal quotations omitted).

Here, the proposed sur-reply is appropriate for both reasons. In the Reply, plaintiffs suggest two modifications to the proposed class definition that were not addressed in previous briefing. Either modification would, if adopted, change the size and composition—and potentially the statutory standing—of the putative class. Plaintiffs' first suggested modification concerns the verbs used to describe class members' acquisition of Virgin Galactic stock. Pls.' Reply at 1 n.1 (proposing to modify "purchased" to "purchased *or otherwise acquired*"), 16 (discussing a "slight modification" to class definition proposed in Footnote 1). That proposed change would impact my analysis of which individuals are eligible to serve as class representatives, as well as whether those individuals satisfy the prerequisites of typicality and adequacy. *See Kronenberg v. Allstate Ins. Co.*, 743 F. Supp. 3d 465, 481–85 (E.D.N.Y. 2024) (explaining typicality and adequacy requirements). Plaintiffs' second suggested modification concerns the separation of the proposed class into two subclasses: one for 2019 period and one for the 2021 period. Pls.' Reply at 25 n. 12. Splitting the class would obviously impact the pending

3

motion, as it would change the group of claims that I would consider to assess, *inter alia*, numerosity, commonality, predominance, and typicality.

Given the centrality of the class definition to the Rule 23 analysis, plaintiffs' suggested revisions are clearly material to the disposition of the motion pending before me. Defendants did not previously have an opportunity to address the suggested revisions, as they were mentioned for the first time by plaintiffs in the Reply, as a way to resolve potential barriers to certification for claims from the 2019 period that were discussed in defendants' opposition papers. *See* Def.'s Opp'n at 16–20. Had defendants not requested filed a sur-reply, I would have requested further briefing on at least one of the suggested modifications to the proposed definition.

## CONCLUSION

Defendants' request for leave to file the sur-reply in opposition to class certification, ECF No. 147, is granted. Defendants' request to file the sur-reply in under seal, ECF No. 146, is also granted. Counsel is directed to file an unredacted version of the sur-reply under seal as a separate entry.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:    March 20, 2025
         Brooklyn, New York

4