**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SHANE LAVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, JON CAMPAGNA,<br><br>Defendants. | Case No.: 1:21-cv-03070-ARR-TAM |

**DEFENDANTS' SUR-REPLY IN FURTHER OPPOSITION TO**
**<u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ....................................................................................................1

II.    ARGUMENT.........................................................................................................2

      A.     Plaintiffs' Belated Attempt To Satisfy Rule 23 As To A Standalone Eight-Day Period In 2019 Fails ................................................................................2

      B.     Plaintiffs' Late Modification Of The Class Definition Is Improper ........................7

      C.     The Passing Of Mr. O'Keefe-Jones Leaves Plaintiffs Without An Adequate Representative For The 2021 Claim Period ...........................................8

III.   CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*,
  222 F.3d 52 (2d Cir. 2000)......................................................................................................9

*Fogarazzo v. Lehman Bros., Inc.*,
  263 F.R.D. 90 (S.D.N.Y. 2009) ..............................................................................................8

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  903 F.2d 176 (2d Cir. 1990), *abrogated on other grounds*, *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017) ...................................................................................................9

*George v. China Auto. Sys., Inc.*,
  No. 11 Civ. 7533, 2013 WL 3357170 (S.D.N.Y. July 3, 2013) ..............................................4

*Gordon v. Sonar Cap. Mgmt. LLC*,
  962 F. Supp. 2d 525 (S.D.N.Y. 2013)......................................................................................7

*Homyk v. ChemoCentryx, Inc.*,
  No. 4:21-CV-03343-JST, 2024 WL 1141699 (N.D. Cal. Mar. 6, 2024)..................................6

*In re CarLotz, Inc. Sec. Litig.*,
  No. 21-CV-5906 (AS), 2024 WL 1348749 (S.D.N.Y. Mar. 29, 2024) .....................................7

*In re EQT Corp. Sec. Litig.*,
  No. 2:19-CV-00754-RJC, 2022 WL 3293518 (W.D. Pa. Aug. 11, 2022)................................6

*In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*,
  281 F.R.D. 174 (S.D.N.Y. 2012) ........................................................................................4, 5

*In re Harris*,
  464 F.3d 263 (2d Cir. 2006)....................................................................................................3

*In re IPO Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006)......................................................................................................8

*In re IsoRay, Inc. Sec. Litig.*,
  2016 WL 7234807 (Oct. 20, 2016)..........................................................................................4

*In re Ribozyme Pharms., Inc. Sec. Litig.*,
  205 F.R.D. 572 (D. Colo. 2001) ..............................................................................................4

*In re Tesla, Inc. Sec. Litig.*,
  Case No. 3:18-cv-04865, ECF No. 298 (N.D. Cal. Nov. 28, 2020) ........................................4

*In re Vale S.A. Sec. Litig.*,
No. 1:15-CV-9539-GHW, 2019 WL 11032303 (S.D.N.Y. Sept. 27, 2019)..............................5

*Kline v. Wolf*,
88 F.R.D. 696 (S.D.N.Y. 1981), *aff'd*, 702 F.2d 400 (2d Cir. 1983)........................................9

*Knipe v. Skinner*,
999 F.2d 708 (2d Cir. 1993)....................................................................................................3

*McIntire v. China MediaExpress Holdings, Inc.*,
38 F. Supp. 3d 415 (S.D.N.Y. 2014)........................................................................................5

*Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*,
54 F.4th 82 (2d Cir. 2022) ......................................................................................................7

*Presser v. Key Food Stores Co-op., Inc.*,
No. 01-CV-8059, 2006 WL 2086346 (E.D.N.Y. July 25, 2006), *aff'd*, 316 F.
App'x 9 (2d Cir. 2009)............................................................................................................6

*Shupe v. Rocket Companies*,
2024 WL 4349171 (E.D. Mich. Sept. 30, 2024)........................................................................4

*Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*,
552 U.S. 148 (2008)................................................................................................................6

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*,
546 F.3d 196 (2d Cir. 2008).....................................................................................................4

*Waggoner v. Barclays PLC*,
875 F.3d 79 (2d Cir. 2017).......................................................................................................3

*Wells FargoBank, N.A. v. Kokolis*,
No. 12-cv-2433, 2013 WL 789448 (E.D.N.Y. Mar. 1, 2013)....................................................3

*Wilson v. Comtech Telecomms. Corp.*,
648 F.2d 88 (2d Cir. 1981).......................................................................................................7

**STATUTES**

15 U.S.C. § 78t-1(a)................................................................................................................6

**RULES**

Fed. R. Civ. P. 23(a)(3)-(4)......................................................................................................9

iii

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Sir Richard Branson, and Chamath Palihapitiya (with Virgin Galactic, the "Defendants") submit this Sur-Reply in Further Opposition to Plaintiffs' Motion for Class Certification (the "Motion" or "Mot.") to address arguments that Plaintiffs made for the first time in their Reply and a factual development that Plaintiffs disclosed after Defendants submitted their Opposition ("Opp.").

## I.    INTRODUCTION

In their Opposition, Defendants pointed out that Plaintiffs' Motion for Class Certification included no arguments whatsoever to support certification of a standalone class for the 2019 Claim Period and that, instead, Plaintiffs were attempting to mask the numerous deficiencies plaguing the 2019 Claim Period by improperly combining it with the completely unrelated 2021 Claim Period to form one proposed class.  Opp. at 15-25.  Defendants also pointed out that the only proposed class representative related to the 2019 Claim Period (Mr. Brantley) did not even ███████████████████████████████████████—a fact that was concealed until Defendants deposed Mr. Brantley ████████████████████████████████████████████████████ ████████████████████████  *Id.* at 5-6.  In their Reply, Plaintiffs try (for the first time) to justify certification of a standalone class for the 2019 Claim Period *and* add language to the proposed class definition in the hopes of rehabilitating Mr. Brantley as a proposed class representative.  Both of Plaintiffs' eleventh-hour gambits fail, and thus the 2019 Claim Period should not be included in any class that is certified in this case.

Defendants also pointed out in the Opposition that two of the three proposed class representatives for the 2021 Claim Period—Mses. Ortiz and Ibrahim—failed the adequacy and typicality requirements because, among other things, ████████████████████████████ ████████████████████████████████████████████████████████████  *Id.* at 8-9, 12 n.12, 20.  However, the shortcomings of Mses. Ortiz and Ibrahim did not necessarily

1

preclude certification of the 2021 Claim Period because Plaintiffs had a third proposed class representative for that period (Mr. Richard O'Keefe-Jones).  *See id.* at 12 n.12.  In light of the unfortunate passing of Mr. O'Keefe-Jones, which Plaintiffs disclosed after Defendants filed their Opposition, ECF No. 142 (filed on January 15, 2024 and stating that Mr. O'Keefe-Jones had passed on November 29, 2024), the inability of Mses. Ortiz and Ibrahim to satisfy the adequacy and typicality requirements is dispositive.  Indeed, Plaintiffs now lack an adequate, typical proposed class representative for the 2021 Claim Period, and their request for certification of a class covering the 2021 Claim Period should be denied.

For these reasons and the reasons stated in Defendants' Opposition, Plaintiffs' Motion should be denied.

## II.    ARGUMENT

### A.    Plaintiffs' Belated Attempt To Satisfy Rule 23 As To A Standalone Eight-Day Period In 2019 Fails

Defendants argued in the Opposition that Plaintiffs made no attempt to satisfy Rule 23's requirements as to the 2019 Claim Period, including numerosity, commonality, predominance, and superiority, and that the paltry evidence Plaintiffs supplied did not satisfy the adequacy and typicality requirements for the 2019 Claim Period.  Opp. at 15-25.  Plaintiffs do not and cannot dispute that their Motion fails even to attempt to argue for (let alone support) a standalone class for the 2019 Claim Period.  *See generally* Mot.; *see also* Reply at 14 ("Plaintiffs do not concede the 2019 Period needs to separately satisfy Rules 23(a)(1)-(4) and 23(b)(3).").  Yet in their Reply, Plaintiffs try to sidestep that failure by offering three new arguments found nowhere in the Motion: (1) that their proffered expert provides enough analysis to support a stand-alone class for the 2019 Claim Period, even though he was not asked to analyze the 2019 Claim Period on a stand-alone basis; (2) that a class can be certified as to the 2019 Claim Period based on a Section 20A claim

2

that, in fact, was dismissed from the case; and (3) that the Court can cure the fatal flaws in Plaintiffs' proposed class by establishing subclasses for each of the 2019 and 2021 Claim Periods. As an initial matter, the Court need not consider any of these arguments, because Plaintiffs did not raise them in the Motion. *See Knipe v. Skinner*, 999 F.2d 708, 710-11 (2d Cir. 1993); *In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006); *Wells FargoBank, N.A. v. Kokolis*, No. 12-cv-2433, 2013 WL 789448, at *4 (E.D.N.Y. Mar. 1, 2013). In any event, none of Plaintiffs' late-in-the-day arguments satisfies the requirements of Rule 23 as to the 2019 Claim Period.

*First*, Plaintiffs contend Dr. Tabak's "evidence" of market efficiency is sufficient to meet Rule 23(b)(3)'s predominance requirement for the 2019 Claim Period on a standalone basis. *See* Reply at 14-23. Not so. As Plaintiffs acknowledge, *id.* at 14, Dr. Tabak did not provide *any* separate analysis for the 2019 Claim Period. To the contrary, he admitted in his report that the eight-day period by itself was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 133-1 (Tabak Report) ¶ 2; ECF No. 141-1 (Tabak Dep. Tr.) at 91:6-13 ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ Accordingly, Dr. Tabak and Plaintiffs tried to mask the flaws in the ▮▮▮▮▮▮ 2019 Claim Period by connecting it to the 2021 Claim Period, using a twenty-month bridge period that has nothing whatsoever to do with the Proposed Class.[1] *See* Opp. at 20-25 (citing Tabak

---

[1] Plaintiffs cite *Waggoner v. Barclays PLC*, 875 F.3d 79, 98 (2d Cir. 2017), to argue that courts should take a "holistic" approach to market efficiency and that no single *Cammer* or *Krogman* factor is dispositive. But *Waggoner* affirmed a district court's decision certifying a class because four of five *Cammer* factors weighed so heavily in favor of market efficiency that defendants did not contest them; it does not stand for the proposition that a court can disregard entirely missing or unreliable analyses for significant portions of a proposed class period—particularly when those portions involve completely different factual contexts, trading patterns, and market conditions. Here, Plaintiffs and Dr. Tabak fail to offer any robust empirical analysis of market efficiency

Report); ECF No. 141-1 (Tabak Dep. Tr.) at 87:11-90:18 ████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████ For all of the reasons explained in the Opposition, that

does not work, Opp. at 20-25, and because they provide no "period-specific" evidence for the 2019

Claim Period, Plaintiffs have failed to satisfy the predominance requirement as to that period. *See*

*George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533, 2013 WL 3357170, at \*12 (S.D.N.Y. July 3,

2013) (denying class certification where plaintiffs' expert failed to present period-specific price

impact analysis); *In re Fed. Home Loan Mortg. Corp. (Freddie Mac) Sec. Litig.*, 281 F.R.D. 174,

179-81 (S.D.N.Y. 2012) (denying class certification where plaintiff's expert failed to provide

sufficient empirical evidence of market efficiency for the preferred shares at issue); *Teamsters*

*Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 210 (2d Cir. 2008)

(affirming denial of class certification where plaintiffs' expert failed to show a direct cause-and-

effect relationship between company news and stock price movements).[2]

---

specific to the 2019 Claim Period, relying instead on a tenuous connection to the separate 2021
Claim Period.

[2] Plaintiffs cite *Shupe v. Rocket Companies*, an Eastern District of Michigan case, for the
proposition that an expert may use a broader time period than the class period when supporting his
market efficiency analysis. 2024 WL 4349171, at \*22 (E.D. Mich. Sept. 30, 2024). However,
*Shupe* involved a *Daubert* motion, and while the court denied the motion, it noted that defendants'
criticism of the expert's broad "Analysis Period" was "better suited to contest [p]laintiffs' market-
efficiency proofs at the class certification stage." *Id.* at \*22. More importantly, unlike Dr. Tabak,
the expert in *Shupe* did not concede that the claim period alone was insufficient to establish market
efficiency. Plaintiffs also cite numerous out-of-circuit cases where courts have certified short class
periods, *see* Reply at 19, but in none of those cases did defendants actually challenge plaintiffs'
market efficiency evidence with regard to their proposed class. *See In re Tesla, Inc. Sec. Litig.*,
Case No. 3:18-cv-04865, ECF No. 298 (N.D. Cal. Nov. 28, 2020) (parties stipulated to class
certification); *In re IsoRay, Inc. Sec. Litig.*, 2016 WL 7234807, \*1 (Oct. 20, 2016) (same); *In re
Ribozyme Pharms., Inc. Sec. Litig.*, 205 F.R.D. 572, 579 (D. Colo. 2001) (asserting only that the
class period should end one day earlier).

Plaintiffs also contend for the first time on Reply that Dr. Tabak's analysis provides sufficient evidence of numerosity for the 2019 Claim Period. *See* Reply at 14-15. But Dr. Tabak never opined on numerosity or any other Rule 23 requirement for the 2019 Claim Period—the entirety of his opinion was limited to market efficiency for the entire Proposed Class. *See generally* ECF No. 133-1 (Tabak Report). Plaintiffs cannot use Dr. Tabak's analysis of trading volume and float to support numerosity for the 2019 Claim Period when Dr. Tabak confirmed at his deposition that he did not perform an analysis of that issue for the 2019 Claim Period. *See* Opp. at 16-17; ECF No. 141-1 (Tabak Dep. Tr.) at 90:12-18; *id.* at 128:18-25; *In re Freddie Mac*, 281 F.R.D. at 179-81.[3]

*Second*, Plaintiffs argue (again, for the first time on Reply) that they need not show market efficiency to establish predominance for the 2019 Claim Period because Plaintiffs assert a Section 20A insider trading claim, which does not require reliance. *See* Reply at 17. Plaintiffs are wrong again. As an initial matter, Defendants dispute Plaintiffs' assertion that their Section 20A claim for the 2019 Claim Period remains in the case following the Court's August 16, 2023 Opinion and Order dismissing that claim. *See* ECF No. 90, at 61 (dismissing the Section 20A claims against

---

[3] Plaintiffs also offer the argument, which is absent from their Motion, that they have satisfied the commonality requirement for a standalone class for the 2019 Claim Period. Reply at 15. But they do little more than parrot the requirements of an insider trading claim, *id.*, and thus fall well short of carrying their burden to establish commonality, *see In re Vale S.A. Sec. Litig.*, No. 1:15-CV-9539-GHW, 2019 WL 11032303, at *5 (S.D.N.Y. Sept. 27, 2019) (holding plaintiffs common questions were insufficient "because they are framed at too high a level of abstraction"). Plaintiffs' commonality argument regarding their proposed combined class fares no better. Their sole commonality authority—*McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 424 (S.D.N.Y. 2014)—involved a single, continuous period of alleged misrepresentations that formed a unified theory of fraud, *see id.* at 421-22. *McIntire* provides no support for Plaintiffs' unprecedented proposed combo class.

5

Branson except with respect to O'Keefe-Jones and Ortiz's contemporary trades" in 2021).[4]  But even assuming, arguendo, that the dismissed Section 20A claim had been resuscitated, it would not matter.  Section 20A requires a predicate violation of Section 10(b).  *See* 15 U.S.C. § 78t-1(a) (imposing liability only where there has been a "violation of any provision of [the Exchange Act] or the rules and regulations thereunder").  Section 10(b), in turn, requires proof of reliance, which can only be established on a class-wide basis via market efficiency.  *See* Opp. at 22, 25; *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 159 (2008) ("Reliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private cause of action.").  As a result, courts require a plaintiff to establish class-wide reliance in seeking certification of Section 20A claims.  *Homyk v. ChemoCentryx, Inc.*, No. 4:21-CV-03343-JST, 2024 WL 1141699, at *7 (N.D. Cal. Mar. 6, 2024) (examining reliance for 20A claim because of required predicate violation); *In re EQT Corp. Sec. Litig.*, No. 2:19-CV-00754-RJC, 2022 WL 3293518, at *10 (W.D. Pa. Aug. 11, 2022) (same).

*Third*, Plaintiffs argue that the Court can create subclasses, Reply at 3, 25 n.12, to cure the fatal flaws in Plaintiffs' unprecedented request to stitch together two distinct claims and time periods that are separated by more than 20 months and involve completely unrelated alleged facts (among multiple other distinctions).  But the use of subclasses is only appropriate where each subclass can independently satisfy Rule 23's requirements.  *Presser v. Key Food Stores Co-op.,*

---

[4] Defendants maintained throughout their Answer that the Section 20A claim from the 2019 Claim Period had been dismissed, and Plaintiffs had not argued otherwise until trying to salvage the 2019 Claim Period in their class certification Reply.  *See, e.g.*, Defs. Answer and Aff. Defs. to Pls. TAC, ECF No. 130 ¶ 7 ("To the extent the allegations in Paragraph 19 related to the Dismissed Claims, no response is required."), ¶ 125 ("As the allegations in Paragraph 125 relate to the Dismissed Claims, no response is required."), ¶ 220 ("To the extent the allegations in Paragraph 220 relate to the Dismissed Claims, no response is required."), ¶ 322 ("The allegations in Paragraph 322 relate to the Dismissed Claims, and no response is required."), ¶ 338 ("The allegations in Paragraph 338 relate to the Dismissed Claims and no response is required.").

6

*Inc.*, No. 01-CV-8059, 2006 WL 2086346, at *13 (E.D.N.Y. July 25, 2006), *aff'd*, 316 F. App'x 9 (2d Cir. 2009).  For the reasons explained in Defendants' Opposition and herein, Plaintiffs have not come close to demonstrating that the 2019 Claim Period independently satisfies Rule 23's requirements, and their last-minute pitch for subclasses therefore fails.

**B.      Plaintiffs' Late Modification Of The Class Definition Is Improper**

In their Reply, Plaintiffs seek to expand their Proposed Class by including not just those who purchased Virgin Galactic but also those who "*otherwise acquired* shares of Virgin Galactic." Reply at 1, n.1 (emphasis in original).  Although framed as a mere "modification," the addition of "otherwise acquired" to the class definition is at odds with well-established precedent requiring that a plaintiff can assert a Section 10(b) or 20A insider trading claim only to the extent he or she *purchased or sold* shares in the same securities as, and contemporaneously with, the defendant. *See* Opp. at 18-19 (discussing that an insider trading claim requires plaintiff to trade in the same securities as the insider); *see also Wilson v. Comtech Telecomms. Corp.*, 648 F.2d 88, 94-95 (2d Cir. 1981) (holding that plaintiff could not bring claim where he did not trade "contemporaneously with the insider"); *Gordon v. Sonar Cap. Mgmt. LLC*, 962 F. Supp. 2d 525, 532 (S.D.N.Y. 2013) (recognizing that "the Second Circuit has applied to both section 10(b) and section 20A claims the rule that any duty of disclosure is owed only to those investors trading contemporaneously with the insider" (internal quotations omitted)).

"Under the purchaser-seller rule, standing to bring a claim under Section 10(b) is limited to purchasers or sellers of securities about which a misstatement was made." *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 84 (2d Cir. 2022); *see also In re CarLotz, Inc. Sec.*

*Litig.*, No. 21-CV-5906 (AS), 2024 WL 1348749, at *4 (S.D.N.Y. Mar. 29, 2024).[5]  Plaintiffs'

new (and late) addition to the proposed class definition is their attempt to sidestep the fact that the

only proposed class representative for the 2019 Claim Period (Mr. Brantley) does not satisfy the

purchaser-seller rule because ███████████████████████████████████████

█████  Plaintiffs cannot change the proposed Class Definition to prop up a proposed class

representative who cannot satisfy a threshold element of the claim he seeks to litigate on behalf of

a class, and the Court should reject Plaintiffs' baseless attempt to do so here.[6]  *See, e.g.*, *In re IPO*

*Sec. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006) (vacating class certification after finding that plaintiffs

failed to establish predominance under Rule 23, emphasizing that the proposed class included

individualized issues of reliance and knowledge that could not be resolved on a class-wide basis).

**C.     The Passing Of Mr. O'Keefe-Jones Leaves Plaintiffs Without An Adequate Representative For The 2021 Claim Period**

Mr. O'Keefe-Jones' absence as a proposed class representative for the 2021 Claim Period

leaves Plaintiffs relying solely on Mses. Ortiz and Ibrahim, both of whom suffer from fundamental

flaws under Rules 23(a)(3) and (a)(4).  Opp. at 8-9, 20 n.12.[7]  *First*, as previously discussed in the

Opposition, Plaintiffs who continue trading after an alleged corrective disclosure undermine their

---

[5] *Frutarom* is particularly relevant because, as with Mr. Brantley, the plaintiffs there had purchased securities in a different pre-merger company, and the Second Circuit held that they lacked standing even though the securities the plaintiffs purchased converted to shares of the post-merger entity.

[6] Plaintiffs' reliance on *Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90 (S.D.N.Y. 2009), is misplaced.  While *Fogarazzo* certified a class that included investors who "purchased or otherwise acquired" shares, *id.* at 180, defendants did not challenge that language and it was included in the initial class definition—not added belatedly in an attempt to cure an adequacy defect.

[7] On January 15, 2025, Plaintiffs filed their notice of Mr. O'Keefe-Jones' death.  ECF No. 142 (Suggestion of Death).  On January 23, 2025 Defendants proposed a process whereby Defendants would supplement their Opposition to address the impact of Mr. O'Keefe-Jones' passing on Plaintiffs' Motion, and Plaintiffs could respond to that supplement as part of their Reply.  Plaintiffs refused that proposal.

reliance on the integrity of the market and are routinely found atypical and inadequate.[8]  *See* Opp. at 20 n.12 ██████████████████████████████████████████████

██████████████████████████████████████  *Second*, Ms. Ortiz and Ms. Ibrahim ████

██████████████████████████████████████████████████  *See* ECF No. 141-9 (Ortiz Dep. Tr.) at 25:9-22 ██████████████████████████████████████

Ex. 1 (Ibrahim Dep. Tr.) at 54:6-10 ████████████████████████████████

██████████;  *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 59 (2d Cir. 2000) (holding that "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation."); *Kline v. Wolf*, 88 F.R.D. 696, 700 (S.D.N.Y. 1981), *aff'd*, 702 F.2d 400 (2d Cir. 1983) (finding class representative inadequate where unique defenses regarding reliance and trading history existed).

Rule 23(a) requires that each class have a typical and adequate class representative.  Fed. R. Civ. P. 23(a)(3)-(4).  Absent a viable class representative, Plaintiffs cannot certify their Proposed Class, or even the 2021 Claim Period on a standalone basis.  *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179-80 (2d Cir. 1990) (affirming denial of class certification where the proposed class representative was subject to unique defenses regarding its continued purchases despite knowledge of the alleged fraud, creating a risk that the litigation would focus on issues specific to the representative rather than the class), *abrogated on other grounds*, *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017).

---

[8] Plaintiffs' cited cases (e.g., *Wilson*, *Pirnik*, *Livonia*, *Moody's*, *Monster Worldwide*) do not support their argument because, unlike in those cases, the proposed class representatives for the 2021 Claim Period made post-disclosure purchases that constitute a substantial portion of their total investments, and their trading activity gives rise to an individualized defense that threatens to become the focus of the litigation as to the 2021 Claim Period.

## III.    CONCLUSION

For the reasons set forth in Defendants' Opposition (ECF No. 140) and in this supplemental memorandum, Defendants respectfully request that the Court deny Plaintiffs' Motion for Class Certification in its entirety or, in the alternative, remove the 2019 Claim Period from any class that is certified.

Dated: February 10, 2025

**LATHAM & WATKINS LLP**

*/s/* Kevin M. McDonough
Kristin N. Murphy (*pro hac vice*)
Michele D. Johnson (*pro hac vice*)
Ryan A. Walsh (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
michele.johnson@lw.com
ryan.walsh@lw.com

Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com
corey.calabrese@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants Virgin Galactic Holdings, Inc., Sir Richard Branson, and Chamath Palihapitiya*