UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

SHANE LAVIN, individually and on
behalf of all others similarly situated,

                          Plaintiffs,

                -against-

VIRGIN GALACTIC HOLDINGS, INC.,
MICHAEL A. COLGLAZIER, GEORGE
WHITESIDES, DOUG AHRENS, and JON
CAMPAGNA,

                          Defendants.

**MEMORANDUM AND
ORDER ON SEALING**
21-CV-3070 (ARR) (TAM)

-------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        Plaintiffs, individually and on behalf of all others similarly situated, brought this lawsuit under the Private Securities Litigation Reform Act (PSLRA) on behalf of those who purchased Virgin Galactic Holdings, Inc., stock between July 10, 2019, and August 4, 2022. (*See* Third Am. Compl., ECF No. 128, ¶ 1.) Two sealing motions are presently before the Court in connection with briefing concerning Plaintiffs' pending motion for class certification. (*See* Defs.' Mot. for Leave to File Under Seal, ECF No. 139; Pls.' Mot. for Leave to File Under Seal, ECF No. 145.) For the reasons set forth herein, the sealing motions are denied in part and granted in part.

        By way of background,[1] on October 12, 2024, Plaintiffs filed a motion for class certification, together with various exhibits. (*See* Mot. to Certify Class, ECF No. 131; Mem. in Supp., ECF No. 132; Aff. in Supp., ECF No. 133; Pls.' Request for Judicial

---

[1] Familiarity with the underlying facts and procedural history is assumed. Only the procedural history relevant to the pending motions is included herein.

1

Notice in Supp., ECF No. 134.) On December 20 and 21, 2024, Defendants filed a memorandum in response to Plaintiffs' motion, along with voluminous exhibits, together with a motion for leave to file under seal and a supporting memorandum, seeking to file portions of their opposition memorandum and exhibits under seal. (*See* Defs.' Mot. for Leave to File Under Seal, ECF No. 139 (including Defs.' Mem. of Law in Supp. of Mot. to File Under Seal, ECF No. 139-1, Defs.' Mem. in Opp'n to Class Certification, ECF No. 139-2 (with proposed redactions), and exhibits, ECF Nos. 139-3–139-14); Defs.' Mem. in Opp'n, ECF No. 140 (redacted, public version); Defs.' Aff. in Opp'n, ECF No. 141 (with certain exhibits filed under seal as part of ECF No. 139).)

On January 24, 2025, Plaintiffs filed a reply brief in support of the motion for class certification, together with a declaration in support and a motion for leave to file portions of their reply memorandum and certain supporting exhibits under seal. (*See* Reply, ECF No. 143; Decl. of Ex Kano S. Sams in Supp. of Reply ("Sams Decl."), ECF No. 144 (including "placeholders" as to certain exhibits, which were filed under seal as part of ECF No. 145); Mot. for Leave to File Under Seal, ECF No. 145 (including Mem. of Law in Supp. of Mot. to File Under Seal, ECF No. 145-1; Pls.' Reply Mem., ECF No. 145-3 and exhibits, ECF Nos. 145-4–8).)[2]

---

[2] The Court notes that both parties here filed their briefs with redactions prior to obtaining leave of Court to file material under seal. (*See* Response, ECF No. 140 (redacted); Reply, ECF No. 143 (redacted).) Moreover, Plaintiffs failed to indicate in their motion for leave to file under seal what material they sought to redact from the publicly filed version of their Reply, necessitating a line-by-line comparison by the Court. (*Compare* Reply, ECF No. 143 (redacted) *with* Reply, ECF No. 145-3 (unredacted, filed with the motion for leave to file under seal).) Going forward, the parties are reminded that prior to filing any documents under seal, including redacted or partially sealed documents, they must obtain leave of Court. *See* Steps for E-filing Sealed Documents — Civil Cases, *available at* https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf. To do so, the parties are directed to file a motion for leave to file under seal, with the accompanying documents or exhibits, identifying any proposed sealing requests by highlighting proposed redactions in a color **other than yellow**. Any requests to seal or sealed filings that do not comport with these procedures will be summarily denied and/or stricken from the docket.

Having reviewed the motions, exhibits, and sealing requests in light of the well-established right of public access to judicial documents and the public's interest in monitoring the administration of justice, *see Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *United States v. Aref*, 533 F.3d 72, 81–83 (2d Cir. 2008); *King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT) (RLM), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010) (collecting cases), the parties' motions to seal are granted in part and denied in part as detailed below.

### I. Legal Standards

When reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "all of the factors that legitimately counsel against disclosure of the judicial document" outweigh "the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59 (quotation marks omitted). The Second Circuit has recognized "that the weight to be given" to the presumption of access to judicial documents falls along a continuum, and "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"); *see also Mirlis*, 952 F.3d at 60 ("The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights — conduct at the heart of Article III.'" (quoting *Amodeo II*, 71 F.3d at 1049)); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (finding that a "judicial document" is "relevant to the performance of the judicial

3

function and useful in the judicial process" and that such documents are presumptively public (quotation marks omitted)).

It is well established that considerations of privacy or a "business's proprietary information, such as trade secrets or confidential research" can override the public right of access to judicial documents. *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009); *see also Zou v. Han*, No. 23-CV-2370 (JMA) (JMW), 2024 WL 1704704, at *4–6 (E.D.N.Y. Apr. 19, 2024) (discussing privacy interests as to financial documents). However, the Second Circuit has cautioned that "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

## II. Analysis

Here, the parties are seeking to seal portions of briefs and exhibits submitted in connection with Plaintiffs' class certification motion. Accordingly, in weighing the second factor, the Court affords significant weight to the presumption of access because the documents were submitted in connection with the adjudication of an important question impacting the scope of relief in this case. The Court also observes that the vast majority of the sealing requests sought by the parties involve language or exhibits touching upon important factual assertions and argument, which are to be afforded a significant presumption of public access because they are directly relevant to issues to be decided in the pending motion for class certification. The Court further finds that the parties have not established that public filing of the information or argument at issue realistically risks disclosure of confidential business information or the parties' protected private information. Consequently, for the vast majority of the information as

to which the parties requested sealing, the parties have failed to establish that the risk of disclosure outweighs the presumption of public access.

### A. Defendants' Motion to Seal

As to Defendants' motion for leave to file under seal (ECF No. 139), first, Defendants are reminded that their notice of motion and memorandum of law in support of the motion for leave to file under seal are judicial documents. As to the documents filed at ECF Nos. 139 and 139-1, the Court notes that Defendants filed no requests to redact sensitive information within these documents. Accordingly, Defendants must publicly file the notice of motion and memorandum of law docketed at ECF Nos. 139 and 139-1.

Second, Defendants' requests (a) to seal excerpted portions of Plaintiffs' depositions and the deposition of Plaintiffs' expert and (b) to seal, in their entirety, exhibits containing Plaintiffs' trading records are denied.[3] Plaintiffs' trading records and trading history as to the security at issue in this case are highly relevant to the presently pending motion for class certification, which requires an analysis of Plaintiffs' claims and their qualifications to serve as adequate representatives of the class. *See* Fed. R. Civ. P. 23. Significantly, the parties have not articulated any cognizable harm resulting from the disclosure of the information included in these exhibits.

In support of their request to seal, Defendants primarily rest on the contention that the information should remain confidential because it is subject to the protective order in this case. (*See* Defs.' Mem. of Law in Supp. of Mot. to File Under Seal, ECF No.

---

[3] Both parties' requests to seal Dr. Tabak's deposition excerpts are denied because the parties have not articulated any explanation as to how they reveal confidential business information or other protected information, and the deposition testimony is directly relevant to the arguments and issues presented in the briefing filed in connection with the pending class certification motion.

5

139-1.) However, as a general rule, parties' confidentiality designations do not provide an independent basis for sealing, particularly as to judicial documents, including memoranda of law and exhibits in support of a pending motion. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (denying request for a protective order that would have required sealing of materials marked confidential by the parties); *Metcalf v. TransPerfect Translations Int'l Inc.*, No. 19-CV-10104 (ER) (KHP), 2023 WL 7297176, at *3 (S.D.N.Y. Nov. 6, 2023) (observing that the parties' decision to "designate[ ] these materials as Confidential pursuant to a Protective order has no bearing on whether the sealing request should be granted"); *SEC v. Ahmed*, No. 3:15-CV-675 (JBA), 2018 WL 11458926, at *1 (D. Conn. Mar. 26, 2018) (finding that "documents may not be sealed merely by stipulation of the parties").

In evaluating privacy interests, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illness, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo II*, 71 F.3d at 1051. The *Amadeo II* court also recognized that the privacy interests of innocent third parties should "weigh heavily" in the court's balancing of interests. *Id.* at 1050.

Although the Court recognizes that private (and particularly third-party) financial information may be subject to sealing in the abstract, the deposition testimony and documents at issue here go the very heart of the class certification questions presently before the court. Moreover, the briefs are unquestionably judicial documents, which are afforded a strong presumption of access. The Court also affords a strong presumption of access to the supporting exhibits, which are discussed in the briefs, and

6

notes that there are almost no countervailing reasons to seal. (*See* Mem. in Supp. of Mot. for Leave to File Under Seal, ECF No. 139-1 (raising no other justifications for sealing).)

By opting to become named plaintiffs in this PSLRA case, Plaintiffs have chosen to make their Virgin Galactic trades and interest in that stock public. The Court thus finds that Plaintiffs' trading records concerning Virgin Galactic, which are cited by both sides in the briefing for the pending motion, as well as Plaintiffs' deposition testimony concerning their trading history and knowledge of the pending lawsuit, are not the type of personal information that should be afforded privacy protection. Indeed, in the context of this case, the Court finds that the information the parties seek to seal does not comprise private information at all, much less information that is so sensitive that the risk of disclosure outweighs the presumption of public access to court proceedings. For these reasons, the Court finds that Defendants' pending requests to seal are significantly overbroad. The Court's findings as to each document are as follows.

| Document | Findings |
|---|---|
| Defs.' Opp'n, ECF No. 139-2 | All proposed requests to file under seal are denied as they include information and arguments that are highly relevant to the motion and there are no countervailing considerations that warrant sealing within this judicial document. |
| Ex. 1, ECF No. 139-3 (Excerpts of Dep. of David Tabak, Pls.' Expert) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 2, ECF No. 139-4 (Fidelity Investment Report for Plaintiff Brantley (unredacted)) | Request to seal in its entirety is denied; Plaintiff Brantley's address, other personal identifying information, and transactions relating to securities *not* involved in this case may sealed in the publicly filed version. *See* Fed. R. Civ. P. 5.2. |
| Ex. 3, ECF No. 139-5 (Excerpts of Dep. of Plaintiff Brantley) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by |

7

| Document | Findings |
|---|---|
|  | granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 5, ECF No. 139-6 (Fidelity Investment Report for Plaintiff Brantley (redacted)) | Request to seal in its entirety is denied as the document is already sufficiently redacted. There is no cognizable reason to permit wholesale sealing. |
| Ex. 9, ECF No. 139-7 (Excerpts of Dep. of Plaintiff Ortiz) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 10, ECF No. 139-8 (Excerpts of Dep. of Plaintiff O'Keefe-Jones) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 11, ECF No. 139-9 (Excerpts of Dep. of Plaintiff Ibrahim) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 12, ECF No. 139-10 (Robinhood Investment Report for Plaintiff Ortiz (redacted), Bates stamp PLTF_VG_82334–82335) | Request to seal is denied because the document is already sufficiently redacted. The parties are granted leave to redact the township where Ms. Ortiz lives in the publicly filed version. |
| Ex. 13, ECF No. 139-11 (Robinhood Investment Report for Plaintiff Ortiz (redacted), Bates stamp PLTF_VG_82336–82337) | Request to seal is denied because the document is already sufficiently redacted. The parties are granted leave to redact the township where Ms. Ortiz lives in the publicly filed version. |
| Ex. 14, ECF No. 139-12 (Text messages involving Plaintiff Ibrahim) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 17, ECF No. 139-13 (Robinhood Investment Report for Plaintiff Ortiz (redacted), Bates stamp PLTF_VG_0110) | Request to seal is denied because the document is already sufficiently redacted. There is no cognizable reason to permit wholesale sealing. |

| Document | Findings |
|---|---|
| Ex. 18, ECF No. 139-14 (E*Trade Investment Report for Plaintiff Ibrahim (redacted)) | Request to seal the document in its entirety is denied. Given the length of this exhibit, however, the Court grants the parties leave to redact any additional personal identifying information that was overlooked in the original redactions, *see* Fed. R. Civ. P. 5.2, prior to filing the document publicly.[4] |

### B. Plaintiffs' Motion to Seal

As to Plaintiffs' motion for leave to file under seal (ECF No. 145), <u>first</u>, Plaintiffs are reminded that their notice of motion and motion for leave to file under seal are judicial documents. As to ECF Nos. 145 and 145-1, the Court notes that Plaintiffs filed no requests to redact sensitive information within these documents. Accordingly, Plaintiffs must publicly file the notice of motion and memorandum of law docketed at ECF Nos. 145 and 145-1.

<u>Second</u>, for the same reasons the Court denies Defendants' motion for leave to file under seal, the Court concludes that Plaintiffs have not demonstrated an adequate basis to seal certain excerpts from their Reply and exhibits in support thereof. Again, the parties' confidentiality designations do not provide a basis to seal, particularly as to argument and marshaling of key evidence in a judicial document. The Court's findings as to each document are as follows.

---

[4] For example, the city and state of Ms. Ibrahim's residence on ECF pages 160, 166, 172, 178, 184, 190, 196, 202, 212, 220, 228, 236, 246, 254, and 262 (Bates PLTF_VG_82338, 82344, 82350, 82356, 82362, 82368, 82374, 82380, 82398, 82406, 82414, 82424, 82432, and 82440) and irrelevant trading data (*see, e.g.*, data pertaining to other companies' shares and Ms. Ibrahim's total holdings unrelated to Virgin Galactic on ECF pages 164, 170–71, 176–77, 182–83, 188, 194, 200–01, 209–10, 217–18, 225, 234, and 245 (Bates PLTF_VG_82342, 82348–49, 82354–55, 82360–61, 82366, 82372, 82378–79, 82387–88, 82395–96, 82403, 82412, and 82423)), and similar protected personal identifying information may be filed under seal in the publicly filed version.

| Document | Findings |
|---|---|
| Pls.' Reply, ECF No. 145-3 | All proposed requests to file under seal are denied as they include information and arguments that are highly relevant to the motion and there are no countervailing considerations that warrant sealing within this judicial document. |
| Ex. 1 to Sams Decl., ECF No. 145-4 (Excerpts of Dep. of David Tabak, Pls.' Expert) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 2 to Sams Decl., ECF No. 145-5 (Excerpts of Dep. of Plaintiff Ibrahim) | Request to seal in its entirety is denied without prejudice, but the parties are given leave to redact details regarding Plaintiff's place of residence (*see, e.g.*, ECF p. 5). The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 3 to Sams Decl., ECF No. 145-6 (Excerpts of Dep. of Plaintiff Ortiz) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 4 to Sams Decl., ECF No. 145-7 (Excerpts of Dep. of Plaintiff O'Keefe-Jones) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |
| Ex. 5 to Sams Decl., ECF No. 145-8 (Excerpts of Dep. of Plaintiff Brantley) | Request to seal in its entirety is denied without prejudice. The parties may renew this request by proposing specific redactions, supported by granular (i.e., redaction-by-redaction) argument as to why sealing is warranted. |

### III. Conclusion

For all of these reasons, the motions for leave to file under seal are granted in part and denied in part. On the basis of the foregoing findings, as to the sealing requests that the Court has denied with leave to renew, the parties may file any supplemental motion to seal by **April 7, 2025**, including proposed redactions (indicated by

highlighting in a color other than yellow) and a granular analysis of the specific information to be filed under seal (i.e., redaction-by-redaction argument), balanced against the weight to be afforded the information at this juncture of the case.

In the absence of any further directives from the Court, by **April 10, 2025**, the parties are directed to publicly file the motions to seal as set forth above, as well as the memoranda, affidavits, and exhibits pertaining to the class certification motion with the limited redactions approved above.[5] To the extent the parties seek to file any supplemental or renewed applications to file under seal as to the deposition transcripts, **only** the documents affected by revised redactions or proposed sealing requests should be refiled with any supplemental motion.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 2, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[5] The parties are directed that they must coordinate their filings such that the motion and opposition paperwork are to be filed in sequential order on ECF. Counsel are also directed to file a public, redacted version of the documents contemporaneously with the filing of the sealed documents. To aid the parties and the Court, when filing the approved documents under seal and the unsealed, redacted versions, the parties are directed to make clear in the docket text which publicly filed, redacted document relates to which sealed document, and vice-versa, and the original ECF Number for the document when it was first filed. When filing exhibits, counsel must indicate the original ECF Number in the description of the document.