**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANE LAVIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br><br> v. <br><br><br> VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, and JON CAMPAGNA, <br><br> Defendants. | CASE No.: 1:21-cv-03070-ARR-TAM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE FOR**
**<u>PLAINTIFF RICHARD O'KEEFE-JONES</u>**

0

## I.    INTRODUCTION

Raymond Ochs III ("Mr. Ochs") brings this motion to substitute ("Motion") for Plaintiff Richard O'Keefe-Jones ("Plaintiff Jones"), who passed away during the pendency of this litigation.  Under Fed. R. Civ. P. 25, timely motions to substitute for a deceased party should be "freely granted".  *See Natale v. Country Ford Ltd.,* 287 F.R.D. 135, 137 (E.D.N.Y. 2012).

Mr. Ochs has met all of the required elements for substitution under Rule 25.  First, Mr. Ochs' Motion is timely.  Second, Mr. Ochs has demonstrated that he is a proper party for substitution under Rule 25, as Plaintiff Jones' legal successor.  Finally, Plaintiff Jones' claims for violations of the federal securities laws survive his death.  Mr. Ochs' Motion should be granted.

## II.    RELEVANT BACKGROUND

Plaintiff Jones was a named plaintiff and proposed class representative in this action up until his death.  On October 12, 2024, Plaintiffs filed their motion for class certification, which is still pending, and which, *inter alia,* sought appointment of Plaintiff Jones as a class representative.  *See* ECF Nos. 131-134.  Subsequently, on November 29, 2024, Plaintiff Jones passed away.

On January 15, 2025, Plaintiffs filed a notice of suggestion of death for Plaintiff Jones, identifying Mr. Ochs as Plaintiff Jones' successor in interest.  ECF No. 142.  On January 16, 2025, the Court entered an order stating that a motion for substitution by any party was to be made by April 15, 2025.

## III.    LEGAL STANDARD

"Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of a party in the event of a litigant's death." *Off. Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, 2017 WL 9485707, at *2 (E.D.N.Y. Aug. 3, 2017), *report and recommendation adopted sub nom. Off. Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman*, 2017 WL

1

3981299 (E.D.N.Y. Sept. 11, 2017).[1]  Under Rule 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  "A motion for substitution may be made by any party or by the decedent's successor or representative … within 90 days after service of a statement noting the death."  *See id.*

"Rule 25(a)(1) is intended to provide an efficient and flexible means for substituting a party."  *Loguidice v. Gerber Life Ins. Co.,* at *1 (S.D.N.Y. Sept. 21, 2023).  Thus, timely motions to substitute "will ordinarily be granted," unless "circumstances have arisen rendering it unfair to allow substitution."  *See CFS 12 Funding LLC v. Wiesen*, 2023 WL 3817910, at *2 (S.D.N.Y. June 5, 2023); *Natale,* 287 F.R.D. at 137 (noting that "the Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted.").

## IV.    ARGUMENT

### A.  MR. OCHS' MOTION IS TIMELY

A motion to substitute under Rule 25 is timely if filed within 90 days following service of a statement noting the death of a party.  *See Skolkin v. Shorefront Operating LLC*, 2024 WL 2832846, at *2 (E.D.N.Y. June 4, 2024).  Plaintiffs filed a statement noting the death of Plaintiff Jones on January 15, 2025 (ECF. No. 142), and the Court subsequently entered an order setting the deadline for any motion to substitute under Fed. R. Civ. P. 25 as April 15, 2025.  Accordingly, Mr. Ochs' Motion, brought on April 15, 2025, is timely.

### B.  MR. OCHS IS A PROPER PARTY UNDER RULE 25

"Under Rule 25, a proper party for substitution is (1) a successor of the deceased party or (2) a representative of the deceased party, which is determined by New York law."  *Skolkin*, 2024

---

[1] All internal citations and quotations are omitted unless otherwise specified; all emphasis is added unless otherwise specified.

WL 2832846, at *2; *see Haltman*, 2017 WL 9485707, at *3 ("For purposes of substitution, a representative is determined by the forum state's law[.]").

Under New York law, a personal representative is "a person who has received letters to administer the estate of a decedent." *Skolkin,* 2024 WL 2832846, at *2 (citing N.Y. Est. Powers and Trusts § 1-2.13).

Under New York law, a person may qualify as a decedent's legal successor under Rule 25(a)(1) if they are: "(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Skolkin,* 2024 WL 2832846, at *2.

"Although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution." *Thomas v. Ortiz,* 2024 WL 2816000, at *3 (E.D.N.Y. June 3, 2024) (granting motion to substitute where movant had not been appointed by a court as executor of decedent's estate). Accordingly, a person named under a will as the executor of a decedent's estate need not obtain court-appointment as executor to qualify as the decedent's legal successor under Rule 25. *See id.*; *Gass v. Target*, 2023 WL 2919414, at *4 (E.D.N.Y. Mar. 24, 2023) (" a party does not need to be formally appointed as a represented estate to be substituted for a decedent."); *Wiesen,* 2023 WL 3817910, at *2–3.

As set forth in greater detail in the accompanying Declaration of Mr. Ochs ("Ochs Decl."), and as demonstrated by Plaintiff Jones' last will and testament ("Will"), which is attached as an exhibit thereto, Mr. Ochs is Plaintiff Jones' legal successor. Mr. Ochs, who was married to Plaintiff Jones from August 2005 up until Plaintiff Jones' death, was named in Plaintiff Jones' last

3

will and testament ("Will") as the sole executor of Plaintiff Jones' estate. Ochs Decl., ¶¶2, 5. Plaintiff Jones signed the Will on June 13, 2019. Ochs Decl., ¶6. No probate proceeding in connection with Plaintiff Jones' Will has occurred, nor is such a proceeding expected to occur. Ochs Decl., ¶7.

The Will appoints to Mr. Ochs the powers and authority, "without application to or approval by any court", with respect to Plaintiff Jones' estate, to, *inter alia,* "purchase, maintain, convert and liquidate investments or securities … without liability for loss or depreciation;" "retain, exchange, insure, repair, improve, sell or dispose of any and all personal property", and "employ any lawyer, accountant, or other professional[.]" Ochs Decl., ¶9. Upon Plaintiff Jones' death, the entire residue of Plaintiff Jones' estate was transferred to Mr. Ochs for Mr. Ochs' own use. Ochs, Decl., ¶8. Mr. Ochs is the sole beneficiary of Plaintiff Jones' estate. Ochs Decl., ¶11. Mr. Ochs has authorized the law firms of Glancy Prongay & Murray LLP and The Rosen Law Firm to file this Motion on his behalf, and to continue to prosecute Plaintiff Jones' surviving claims on Mr. Ochs' behalf. Ochs Decl., ¶11.

The evidence provided in support of Mr. Ochs' Motion is sufficient to demonstrate that Mr. Ochs is a proper party to be substituted for Plaintiff Jones. *See Wiesen,* 2023 WL 3817910, at *2–3; *Skolkin,* 2024 WL 2832846, at *3.[2]

---

[2] In addition, where a class representative dies during the pendency of a class suit, such as here, courts "will normally permit the estate representative to be substituted for the decedent". *See Duncan v. Unity Life & Accident Ins. Ass'n.,* 2003 WL 1907959, at *1 n.1 (S.D.N.Y. Apr. 18, 2003) (daughter of deceased class representative was a proper party for substitution under Rule 25, particularly given that she "is already a class member … by being the beneficiary of [her father's] policy", and "she is handling [decedent's] personal affairs."). *See also Adler v. Bank of Am., N.A.,* 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (rejecting argument that "executors are not suitable named plaintiffs to prosecute a putative class action.").

4

## C.  PLAINTIFF JONES' CLAIM IS NOT EXTINGUISHED

"[W]hen the right of action is federally created, then federal law controls on the survival of the action."  *Haltman*, 2017 WL 9485707, at *3.  Plaintiff Jones' claim for violations of the Securities Exchange Act of 1934 arises under federal law.  Where, such as here, federal law controls on the survival of the action, a court "first looks to whether a specific federal statutory directive exists and, if no such mandate is evident, the question of survival of a claim is determined under federal common law."  *Id.*  "The general rule under federal common law is that an action survives the death of a party if it is remedial and not penal in nature."  *Id.*

Courts "look[] to the federal common law to determine whether a securities law claim survives."  *See S.E.C. v. Wyly*, 860 F. Supp. 2d 275, 276 (S.D.N.Y. 2012).  Courts have deemed claims for violations of the federal securities laws as remedial in nature, which thus survive the death of a party.  *See, e.g., Donoghue v. Y-mAbs Therapeutics, Inc.,* 2022 WL 17082627, at *1 (S.D.N.Y. Nov. 17, 2022) ("An action under Section 16(b) of the [Securities Exchange] Act, for the recovery of insider profits, may survive the death of a party."); *Derdiarian v. Futterman Corp.,* 223 F. Supp. 265, 271-73 (S.D.N.Y. 1963) (action for damages under Securities Act of 1933 and Securities Exchange Act of 1934 was remedial and would not abate at death); *Dolgow v. Anderson,* 45 F.R.D. 470, 472 (E.D.N.Y. 1968) (shareholder claims against corporate officials for misleading investors did not abate at death).

Accordingly, as Plaintiff Jones' claim arises under federal law and is remedial in nature, it survives his death.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Mr. Ochs' Motion.  In the alternative, if the Court denies Mr. Ochs' Motion, the Court should grant leave to resubmit the motion to address any deficiencies identified by the Court.[3]

DATED:  April 15, 2025                     Respectfully submitted,

                                       By:  */s/ Natalie S. Pang*
Kara M. Wolke
Ex Kano S. Sams, II
Natalie S. Pang
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150
Email: kwolke@glancylaw.com
          esams@glancylaw.com
          npang@glancylaw.com

Jonathan Horne, Esq. (JH 7258)
Laurence M. Rosen, Esq. (LR 5733)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com
          lrosen@rosenlegal.com

*Attorneys for Plaintiffs*

---

[3] "When a movant fails to establish that they are either a representative or a successor for purposes of substitution, courts generally permit the movant to submit additional documentation." *Kimbrough v. Colvin*, 2024 WL 5154068, at *4 (S.D.N.Y. Dec. 18, 2024) (denying motion to substitute without prejudice and allowing movant to resubmit a new motion with documentation demonstrating that movant was the proper party for substitution).

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1(c)**

I, Natalie S. Pang, declare that pursuant to Local Civil Rule 7.1(c), that excluding captions, indices, table of contents, table of authorities, and signature blocks, this brief contains 1,690 words. I further declare that Local Civil Rule 7.1(c) states that the provisions for the length of memoranda of law provided therein govern except "as otherwise directed by the court," and that Section III(B) of this Court's Individual Practices and Rules provides that "[t]he court expects counsel to exercise their professional judgment as to the length of briefs and may impose limits if that expectation is not met."

/s/ Natalie S. Pang
Natalie S. Pang

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Natalie S. Pang*
Natalie S. Pang