# EXHIBIT 3

Case 1:21-cv-03070-NRM-TAM    Document 168-3    Filed 04/16/25    Page 1 of 21 PageID #: 6101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Civil Action No. 1:21-cv-03070
- - - - - - - - - - - - - - - - - - - x
SHANE LAVIN, Individually and on
Behalf of All Others Similarly
Situated,

                        Plaintiff,

        - against -

VIRGIN GALACTIC HOLDINGS, INC.;
MICHAEL A. COLGLAZIER, GEORGE
WHITESIDES, DOUG AHRENS, and JON
CAMPAGNA,
                        Defendants.

- - - - - - - - - - - - - - - - - - - x

                        November 25, 2024
                        8:35 a.m. CST


        VIDEO RECORDED DEPOSITION of MONTGOMERY
BRANTLEY, a Plaintiff herein, taken by the
Defendants, held remotely via Zoom video
conference before Sara K. Killian, a Registered
Professional Reporter, Realtime Certified
Reporter and Notary Public.

Page 1

A P P E A R A N C E S :


GLANCY PRONGAY & MURRAY LLP

Attorneys for Plaintiffs

1925 Century Park East, Suite 2100

Los Angeles, California  90067

BY: EX KANO S. SAMS, ESQ.



LATHAM & WATKINS LLP

Attorneys for Defendants

1271 Avenue of the Americas

New York, New York  10020

BY: KEVIN McDONOUGH, ESQ.

CAITLYN BROCK, ESQ.



ALSO PRESENT:

HOWARD BRODSKY, Videographer

Page 2

STIPULATIONS

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties hereto, that the sealing and certification of the within deposition shall be and the same are hereby waived;

IT IS FURTHER STIPULATED AND AGREED all objections except as to form of the question, shall be reserved to the time of the trial;

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be signed before any Notary Public with the same force and effect as if signed and sworn to before the Court.

*       *       *

Page  3

M. Brantley

Q.    Mr. Brantley, do you understand that Schedule A is part of your certification, which you issued under penalty of perjury in the case?

MR. SAMS:  Objection.

Asked and answered.

A.    Yes.

Q.    And is it, in fact, true that you purchased three shares of Virgin Galactic common stock on October 25th, 2019?

MR. SAMS:  Same objection.

A.    Yes.

Q.    How did you purchase those three shares of Virgin Galactic common stock on October 25th, 2019?

A.    Through Fidelity.

Q.    Are you aware, sir, that Virgin Galactic common stock did not -- strike that.

Are you aware that Virgin Galactic common stock was not available for purchase on the public markets until October 28th, 2019?

MR. SAMS:  Objection.

Page 82

M. Brantley

Assumes facts not in evidence.

A.      I believe it was purchased under another entity name that became Virgin Galactic as part of the IPO.

Q.      You did not personally purchase three shares of Virgin Galactic common stock on October 25th, 2019, correct?

MR. SAMS:  Objection.

Vague.

Calls for a legal conclusion.

A.      I'm not quite sure of your question.  If you can restate ...

Q.      Sure.

Is it fair to say on October 25th, 2019, you ended up with three shares of Virgin Galactic common stock in your Fidelity account?

MR. SAMS:  Same objection.

A.      I think that's fair to say, yes.

Q.      Do you know how those three shares of Virgin Galactic common stock ended up in your Fidelity account?

MR. SAMS:  Same objections.

Page 83

M. Brantley

A.    Through purchase of the IPO that became Virgin Galactic stock.

Q.    You did not remit payment of $10.75 per share to Fidelity to own these shares, correct?

MR. SAMS:  Same objections.

A.    I did remit payment for those stocks.

Q.    Did you write a check to Fidelity for approximately $31.50 for three shares of Virgin Galactic common stock?

MR. SAMS:  Same objections.

A.    No.

Q.    Was there cash in your Fidelity account that was used to purchase three shares of Virgin Galactic common stock?

MR. SAMS:  Same objections.

A.    Yes.

Q.    You sure about that, sir?

MR. SAMS:  Same objections.

A.    What was the question?

Q.    Are you sure you had a cash balance in your Fidelity account that was used to purchase three shares of Virgin

Page 84

M. Brantley

Galactic common stock on October 25th, 2019?

MR. SAMS:  Same objections.

A.      Yes.

Q.      What securities did you own prior to the merger by which Virgin Galactic became a public company that led to your acquisition of three shares of Virgin Galactic common stock?

MR. SAMS:  Same objections.

Vague.

Calls for a legal conclusion.

A.      I'm not sure of the exact name of the company off the top of my head.

Q.      What do you know about the company?

MR. SAMS:  Same objections.

A.      I know it was the company that was founded to facilitate the IPO that was to become Virgin Galactic.  My intention in buying the stock was to own a piece of Virgin Galactic.

Q.      You purchased shares in a company called Social Capital, correct?

MR. SAMS:  Same objections.

Page 85

M. Brantley

A.    That could have been the name.

Q.    And it was your understanding that Social Capital may become or facilitate a public company version of Virgin Galactic?

MR. SAMS:  Same objections.

A.    That is correct.

Q.    When did you purchase shares of Social Capital?

MR. SAMS:  Same objections.

THE WITNESS:  Sorry.

MR. McDONOUGH:  Hold on.

There's no -- there's no good faith objection to the question when did you purchase shares of Social Capital, so let me just -- and it's interrupting the questions and answers.

MR. SAMS:  Okay.  It does to the extent that it calls for a legal conclusion regarding Social Capital, so my objection stands.

MR. McDONOUGH:  There's a legal conclusion regarding when he made a purchase?  That can't --

Page 86

M. Brantley

BY MR. McDONOUGH:

Q.      Mr. Brantley, when did you purchase shares or securities of any kind in Social Capital?

MR. SAMS:  Same objections.

A.      I believe that would have been November or December -- I'm sorry -- October 25th, 2019.

Q.      Do you have any Fidelity account statements that reflect your purchase of shares or other securities in Social Capital?

MR. SAMS:  Same objections.

A.      I have statements that reflect the purchases as presented in Schedule A.

Q.      You do not have any documentation reflecting your purchase or acquisition of securities of Social Capital?

MR. SAMS:  Same objections.

A.      I have the Fidelity statements that show when I made purchases of the stock.

Q.      Of Social Capital?

MR. SAMS:  Same objections.

Page 87

M. Brantley

A.      I believe so.

Q.      Have you furnished to your counsel the Fidelity account statements that show your acquisition of securities issued by Social Capital?

MR. SAMS:  Same objections.

A.      I believe so.

Q.      Do you have any understanding as to whether your counsel has produced in this case Fidelity account statements showing your acquisition of securities issued by Social Capital?

MR. SAMS:  Same objections.

A.      I'm not sure of the question. Can you rephrase?

Q.      Will you commit to providing the defendants in this case your Fidelity account statements that reflect your acquisition or ownership of securities issued by Social Capital?

MR. SAMS:  Same objections. And misstates the witness' testimony.

A.      The statements that I have from

Page 88

M. Brantley

Fidelity have been provided to counsel. Counsel will provide those as necessary as it relates to the case.

Q.    Just so I'm clear, do you have any Fidelity account statements in your possession prior to the period of October 1st, 2019 to October 31st, 2019?

MR. SAMS:  Objection.

Vague.

A.    I'm not sure of the question. Can you restate?

Q.    Yes.

I mean you get account statements by month from Fidelity, correct?

A.    Yes.

Q.    You furnished to your counsel in this case an account statement for the month of October 2019, correct?

A.    Correct.

Q.    Do you have any account statements from Fidelity prior to 2019?

MR. SAMS:  Objection.

A.    Yes.

Q.    Do any of those account

Page 89

M. Brantley

statements from Fidelity prior to October of 2019 reflect your acquisition or ownership of securities issued by Social Capital?

MR. SAMS:   Objection.

Vague.

A.      No.

Q.      Does your October 2019 Fidelity account statement reflect your acquisition or ownership of securities issued by Social Capital?

MR. SAMS:   Objection.

Vague.

Calls for a legal conclusion.

A.      I believe so.

Q.      Sir, did you redact information on your Fidelity account statements before providing them to counsel in this case?

MR. SAMS:   Objection.

Calls for speculation.

A.      No.

Q.      Do you know -- do you have any reason to know -- strike that.

Do you have reason to believe that your counsel redacted information from

Page 90

M. Brantley

your Fidelity account statements prior to furnishing them to the defendants in this case?

MR. SAMS:    Same objections.

A.      I don't believe so.  I don't know.

Q.      You don't know one way or another whether your account statements were redacted, correct?

MR. SAMS:    Objection.

A.      Correct.

Q.      Looking back at Schedule A on Exhibit 24, sir, do you see that the first entry under purchases says October 25th, 2019 and the number of shares is three, correct?

A.      Correct.

Q.      You'll recall that when we looked at the third amended complaint in Exhibit 23, the complaint said that you purchased one share of Virgin Galactic common stock on October 25th, 2019.

Do you recall that?

A.      Restate the question.  I'm

Page 91

M. Brantley

sorry.

Q.      Why don't we do this?  Let's go to -- I'd like you to keep up Exhibit 24, if you can --

A.      Yes, sir.

Q.      -- and also pull up Exhibit 23.

A.      Okay.  What about Exhibit 23? I'm sorry.

Q.      On Exhibit 23, let's go to -- bear with me one moment.

On Exhibit 23, please scroll down to paragraph 402.

A.      Four oh two?

Q.      Four hundred and two, yes.

A.      Okay.

Q.      Do you remember we looked at paragraph 402 of Exhibit 23 earlier in this deposition?

A.      Yes.

Q.      We looked at the table in paragraph 402 that lists your name, correct?

A.      Yes.

Q.      In the table in paragraph 402 of Exhibit 23, it lists your name,

Page 92

M. Brantley

Montgomery Brantley, as a purchaser, has the date October 25th, 2019, the number of shares indicated is one and the price is $10.75.

Do you see that?

A.      I do.

Q.      You did not review this information before the third amended complaint was file with the court, correct?

MR. SAMS:  Objection.

Asked and answered.

A.      That is correct.

Q.      Do you see, sir, that paragraph 402 of the third amended complaint filed with the court indicates that you purchased one share of Virgin Galactic common stock, whereas your Schedule A, issued under penalty of perjury, in Exhibit 24 certifies that you purchased three shares of Virgin Galactic common stock on October 25th, 2019?

MR. SAMS:  Objection.

Asked and answered.

A.      What was your question in there?

Page 93

M. Brantley

Q.        I'll repeat it.

Do you see, sir, that paragraph 402 of the third amended complaint filed with the court indicates that you purchased one share of Virgin Galactic common stock on October 25th, 2019, whereas your Schedule A, issued under penalty of perjury, in Exhibit 24 certifies that you purchased three shares of Virgin Galactic common stock on October 25th, 2019?

MR. SAMS:  Same objection.

A.        Yes.

Q.        So my question then, sir, is is the statement in the third amended complaint that you purchased one share on October 25th, 2019 false or is your certification false?

MR. SAMS:  Objection.

Misleading.

Argumentative.

Asked and answered.

A.        I believe that my certification in Exhibit 24 is correct.

Q.        Therefore, the assertion in the

Page 94

M. Brantley

third amended complaint that you purchased only one share of Virgin Galactic common stock on October 25th, 2019 is incorrect?

MR. SAMS:  Objection.

Asked and answered.

Argumentative.

Misleading.

A.      Yes.

Q.      Let's go back to Exhibit 24, sir, your certification.

A.      Yes, sir.

Q.      I want to ask now about your purchase of Virgin Galactic common stock on November 20th, 2019.

Do you see that?

A.      Yes, sir.

Q.      Why did you purchase two shares of Virgin Galactic common stock on November 20th, 2019?

A.      I was building up my portfolio in the company.

Q.      How about for your purchase of one share on February 10th, 2020?  Is it the same reason?

Page 95

M. Brantley

correct?

A.      Yes.

Q.      You acknowledge you could have made a profit in the thousands of dollars had you sold in February of 2021, correct?

MR. SAMS:   Same objections.

A.      Yes.

Q.      Yet you chose to hold your investment in Virgin Galactic common stocks through February of 2021, correct?

MR. SAMS:   Same objections.

A.      Yes.

Q.      In fact, you did not sell your stock in Virgin Galactic until June of 2024, correct?

MR. SAMS:   Same objections.

A.      That is correct.

Q.      What was the reason at that time you sold your Virgin Galactic common stock?

MR. SAMS:   Same objections.

A.      Due to how low the stock prices had gone, I feared for the solvency of the company and whether or not I would actually

Page 187

A C K N O W L E D G M E N T

I, MONTGOMERY BRANTLEY, hereby certify that I have read the transcript of my testimony taken under oath in my examination of November 25, 2024; that the transcript is a true, complete and correct record of what was asked, answered and said during this deposition, and that the answers on the record as given by me are true and correct.

_____

MONTGOMERY BRANTLEY

Signed and subscribed to before me, this      day of              2024.

_____

Notary Public

Page 190

CERTIFICATION

I, SARA K. KILLIAN, RPR, RCR, CCR, do hereby certify that MONTGOMERY BRANTLEY, the witness whose examination under oath is hereinbefore set forth, was duly sworn, and that such deposition is a true record of the testimony given by such witness.

I FURTHER CERTIFY that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 11th day of December, 2024.

SARA K. KILLIAN, RPR, RCR, CCR

Page 191