# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Civil Action No. 1:21-cv-03070
- - - - - - - - - - - - - - - - - - - x
SHANE LAVIN, Individually and on
Behalf of All Others Similarly
Situated,

                          Plaintiff,

        - against -

VIRGIN GALACTIC HOLDINGS, INC.;
MICHAEL A. COLGLAZIER, GEORGE
WHITESIDES, DOUG AHRENS, and JON
CAMPAGNA,
                          Defendants.

- - - - - - - - - - - - - - - - - - - x

                          November 25, 2024
                          8:35 a.m. CST

     VIDEO RECORDED DEPOSITION of MONTGOMERY
BRANTLEY, a Plaintiff herein, taken by the
Defendants, held remotely via Zoom video
conference before Sara K. Killian, a Registered
Professional Reporter, Realtime Certified
Reporter and Notary Public.

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

M. Brantley

Galactic common stock on October 25th, 2019?

MR. SAMS:  Same objections.

A.      Yes.

Q.      What securities did you own prior to the merger by which Virgin Galactic became a public company that led to your acquisition of three shares of Virgin Galactic common stock?

MR. SAMS:  Same objections.

Vague.

Calls for a legal conclusion.

A.      I'm not sure of the exact name of the company off the top of my head.

Q.      What do you know about the company?

MR. SAMS:  Same objections.

A.      I know it was the company that was founded to facilitate the IPO that was to become Virgin Galactic.  My intention in buying the stock was to own a piece of Virgin Galactic.

Q.      You purchased shares in a company called Social Capital, correct?

MR. SAMS:  Same objections.

Page 85

M. Brantley

A.      That could have been the name.

Q.      And it was your understanding that Social Capital may become or facilitate a public company version of Virgin Galactic?

MR. SAMS:  Same objections.

A.      That is correct.

Q.      When did you purchase shares of Social Capital?

MR. SAMS:  Same objections.

THE WITNESS:  Sorry.

MR. McDONOUGH:  Hold on.

There's no -- there's no good faith objection to the question when did you purchase shares of Social Capital, so let me just -- and it's interrupting the questions and answers.

MR. SAMS:  Okay.  It does to the extent that it calls for a legal conclusion regarding Social Capital, so my objection stands.

MR. McDONOUGH:  There's a legal conclusion regarding when he made a purchase?  That can't --

Page 86