**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SHANE LAVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>VIRGIN GALACTIC HOLDINGS, INC., MICHAEL A. COLGLAZIER, GEORGE WHITESIDES, DOUG AHRENS, JON CAMPAGNA,<br><br>                Defendants. | Case No.: 1:21-cv-03070-ARR-TAM |

<u>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**</u>

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. RELEVANT BACKGROUND & PROCEDURAL HISTORY .......................................3

    A. Plaintiffs Had Ample Opportunities To Amend Before The Court Dismissed All Claims Against Colglazier ................................................................3

    B. Class Certification Discovery Reveals That Plaintiffs' Proposed Class Representative Lacks Standing To Pursue The 2019 Claim.................................4

    C. Plaintiffs File This Motion Long After The Deadline To Add Parties And Amend Pleadings ........................................................................................5

III. LEGAL STANDARD...............................................................................................5

IV. ARGUMENT.........................................................................................................7

    A. Plaintiffs' Proposed Amendment Is Futile...............................................................7

        1. Colglazier Was Dismissed With Prejudice And Plaintiffs' Belated Attempt To Add Him Back To This Action Contravenes The PSLRA ........................................................................................7

        2. Plaintiffs' New Allegations Against Colglazier Are Inadequate In Any Event ....................................................................................11

    B. Plaintiffs Fail To Establish Good Cause Under Rule 16(b) To Excuse Their Delay ...........................................................................................13

    C. Plaintiffs' Proposed Amendment Would Undeniably Impact Plaintiffs' Pending Motion For Class Certification ................................................................16

V. CONCLUSION.....................................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Berkley Ins. Co. v. Prime Ins. Co.*,
2022 WL 18135182 (E.D.N.Y. Mar. 28, 2022)..........................................................................15

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993).....................................................................................................15

*Crenshaw v. Hamilton*,
2012 WL 1565696 (W.D.N.Y. Mar. 30, 2022)............................................................................8

*Decastro v. City of New York*,
2020 WL 4932778 (S.D.N.Y. Aug. 24, 2020).............................................................................6

*ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
553 F.3d 187 (2d Cir. 2009).....................................................................................................12

*Goureau v. Lemonis*,
2021 WL 5909742 (S.D.N.Y. Dec. 14, 2021) ............................................................................8

*Grochowski v. Phoenix Const.*,
318 F.3d 80 (2d Cir. 2003).........................................................................................................6

*In re Arab Bank, PLC Alien Tort Statute Litig.*,
808 F.3d 144 (2d Cir. 2015).......................................................................................................6

*In re Bisys Sec. Litig.*,
496 F. Supp. 2d 384 (S.D.N.Y. 2007)..............................................................................9, 10, 11

*In re Gentiva Sec. Litig.*,
932 F. Supp. 2d 352 (E.D.N.Y. 2013) .....................................................................................12

*In re Merrill Lynch & Co., Inc.*,
273 F. Supp. 2d 351 (S.D.N.Y. 2003).......................................................................................13

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007)...............................................................................................6, 15

*Laface v. Eastern Suffolk BOCES*,
2020 WL 2489774 (E.D.N.Y. May 14, 2020) ..........................................................................11

*Lucente v. Int'l. Bus. Machs. Corp.*,
310 F.3d 243 (2d Cir. 2002) ....................................................................................................13

*Mangahas v. Eight Oranges Inc.*,
 2023 WL 3170404 (S.D.N.Y. May 1, 2023) ................................................................6

*Maricultura Del Norte, S. de R.L. de C.v. v. WorldBusiness Capital, Inc.*,
 2016 WL 9735720 (S.D.N.Y. Dec. 7, 2016) .............................................................8

*McCarthy v. Dun & Bradstreet Corp.*,
 482 F.3d 184 (2d Cir. 2007)......................................................................................6

*Medehkar v. U.S. Dist. Court for the N. Dist. of Cal.*,
 99 F.3d 325 (9th Cir. 1996) .......................................................................................9

*New York ex rel. Khurana v. Spherion Corp.*,
 2019 WL 1274710 (S.D.N.Y. Mar. 20, 2019) ......................................................6, 10

*O'Brien v. Calvo*,
 2013 WL 1247521 (E.D.N.Y. Mar. 27, 2013) (Ross, J.)............................................7

*Sanderson v. First Liberty Ins. Corp.*,
 2018 WL 11426749 (N.D.N.Y. Sept. 17, 2018) ........................................................8

*SEC v. Rio Tinto PLC*,
 2020 WL 2504008 (S.D.N.Y. Mar. 9, 2020) .............................................................6

*Shockley v. Vermont State Colleges*,
 793 F.2d 478 (2d Cir. 1986)......................................................................................8

*State Farm Ins. Companies v. Kop-Coat, Inc.*,
 183 F. App'x 36 (2d Cir. 2006) ...............................................................................15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007)................................................................................................12

*Thomas v. ConAgra Foods, Inc.*,
 2022 WL 3699408 (W.D.N.Y. Aug. 26, 2022) .........................................................5

*VanBrocklen v. Dept. of Homeland Sec.*,
 2012 WL 2873373 (N.D.N.Y. July 12, 2012) ..........................................................8

*Weng v. HungryPanda US, Inc.*,
 2021 WL 1750305 (S.D.N.Y. May 4, 2021) .............................................................6

## STATUTES

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

iii

**RULES**

Fed. R. Civ. P.

12(b)(6) ............................................................................................................7, 8

15.........................................................................................................................11

15(a) ....................................................................................................................5

16....................................................................................................................6, 13

16(b) ............................................................................................................ *passim*

16(b)(4) ..............................................................................................................6

21.........................................................................................................................11

30(b)(6) ..............................................................................................................11

54(b) ...........................................................................................................2, 6, 10

Defendants Virgin Galactic Holdings, Inc. ("Virgin Galactic" or the "Company"), Sir Richard Branson, and Chamath Palihapitiya (with Virgin Galactic, the "Defendants") respectfully submit this Opposition to Plaintiffs' Motion for Leave to Amend (the "Motion" or "Mot.").

## I.    INTRODUCTION

Plaintiffs' belated Motion improperly seeks to (1) add back to this case claims and a defendant (Michael Colglazier) that the Court already dismissed from this action with prejudice; (2) challenge, for the first time, a statement Colglazier made during the Company's August 5, 2021 earnings call (a statement Plaintiffs certainly could have challenged in their earlier pleadings); and (3) expand their proposed class definition in an attempt to save Plaintiffs' only proposed class representative for the 2019 Claim Period (Montgomery Brantley), after they were caught concealing the fact that Brantley did *not* purchase Virgin Galactic common stock during the alleged Class Period.  Plaintiffs have not remotely carried their burden to justify amendment for these (or any other) purposes, and their Motion should be denied.

*First*, amendment would be futile because the claims that Plaintiffs seek to revive against Colglazier were dismissed without leave to amend, which under Second Circuit law means they were presumptively dismissed *with* prejudice.  Plaintiffs do not cite a single case allowing a party to reinstate a defendant and claims that were dismissed with prejudice, let alone allowing a party to do so over a year and a half after the dismissal.  Moreover, Plaintiffs' improper attempt to add Colglazier back to this case during discovery is completely inconsistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The PSLRA required Plaintiffs to allege particularized facts sufficient to state a claim against Colglazier *at the outset of the litigation* and before discovery began.  Notwithstanding multiple attempts to plead a securities fraud claim against Colglazier, the Court found that Plaintiffs failed to allege facts sufficient to support the required "strong" inference that Colglazier acted with an intent to defraud Virgin Galactic investors, and ultimately dismissed

1

the claims against Colglazier.  Plaintiffs cannot sidestep the dismissal of claims against Colglazier with prejudice or the requirements of the PSLRA based on testimony from Virgin Galactic's 30(b)(6) witness (Mike Moses), which in any event fails to establish that Colglazier made materially misleading statements with intent to defraud.  Additionally, because Plaintiffs' Motion seeks to reallege claims that have been dismissed with prejudice, it is well within the Court's discretion to treat the Motion as a motion for reconsideration that fails to meet Rule 54(b)'s exacting standards.

*Second*, Plaintiffs have blown well past the Court's August 21, 2024 deadline to add parties or amend pleadings, and they have failed to identify any good cause for their untimely amendment under Rule 16(b).  Plaintiffs do not (and cannot) demonstrate that they acted diligently in seeking to amend their proposed class definition or to add a new challenged statement attributed to Colglazier.  Allowing yet another amendment this late in fact discovery would impose undue prejudice upon Defendants given Plaintiffs' admission that they will seek even more discovery if leave to amend is granted.

*Third*, as to the Court's specific question regarding class certification, Plaintiffs' proposed amendment would have a significant impact on the pending motion for class certification. Plaintiffs seek to expand the class definition that they have consistently used for over three years and across three separate complaints in an attempt to remedy the fact that their *sole* proposed class representative for the 2019 Claim Period did not purchase Virgin Galactic stock during that period. Plaintiffs initially concealed that fact through selective redactions to Brantley's account statements produced during discovery, and they proposed an expanded class definition only after Brantley revealed during his deposition that he did not purchase Virgin Galactic common stock.  Although there are many reasons for denying class certification (as explained in Defendants' opposition), at

2

a minimum, rejecting Plaintiffs' belated attempt to expand the class definition through amendment would confirm that the 2019 Claim Period cannot be part of any class certified in this action— because Plaintiffs would be left without any representative for that period.

The Court should deny Plaintiffs' Motion.

## II.    RELEVANT BACKGROUND & PROCEDURAL HISTORY

### A.    Plaintiffs Had Ample Opportunities To Amend Before The Court Dismissed All Claims Against Colglazier

Plaintiffs filed their initial complaint in this action on May 28, 2021. ECF No. 1. Plaintiffs subsequently filed a first amended complaint ("FAC"), in which they asserted claims against six defendants based on thirty-five challenged statements. ECF No. 35. On November 7, 2022, the Court dismissed the vast majority of Plaintiffs' claims in the FAC, including all claims against Colglazier, holding that Plaintiffs did not plead facts supporting a "strong" inference that he made any materially misleading statements with intent to defraud Virgin Galactic investors. ECF No. 58 at 47–48, 50. Undeterred by the Court's caution that Plaintiffs should substantially narrow their case in any further amended complaint, on December 12, 2022, Plaintiffs filed a sprawling second amended complaint ("SAC"), challenging 15 new statements (along with 13 that were in the FAC), all based on the same core theories and allegations the Court previously rejected. The Court granted Defendants' motion to dismiss the FAC in substantial part, and once again dismissed all claims against Colglazier. ECF No. 87 at 37–41. Notably, when it dismissed Colglazier from this action for the second time, the Court did not grant Plaintiffs leave to file a further amended complaint (as it did in the order on Defendants' motion to dismiss the FAC) nor specify that the dismissal of Colglazier was *without* prejudice. *Id.* at 61–62.

Desperate to save their floundering case, Plaintiffs asked the Court to reconsider parts of its ruling on Defendants' motion to dismiss the SAC, but did *not* ask the Court to reinstate the

3

claims against Colglazier. ECF No. 93–94. On December 19, 2023, the Court denied Plaintiffs' motion in full and the pleadings in this action were set. ECF No. 98.[1] What remains of the case is a single Section 10(b) insider trading claim against Branson based on his October 2019 stock sales, a Section 20A claim related to Branson's August 2021 stock sales, a single misrepresentation claim for Branson's July 2021 statement describing as "flawless" a Virgin Galactic space flight that had just taken him and others safely to and from space, and a control person claim against Chamath Palihapitiya.

**B.    Class Certification Discovery Reveals That Plaintiffs' Proposed Class Representative Lacks Standing To Pursue The 2019 Claim**

On October 12, 2024, Plaintiffs moved to certify a class of "all those who purchased the Company's common stock during the Class Period, and who were damaged thereby" during two distinct periods (in 2019 and 2021). ECF Nos. 128, 131–134. Between November and December, Defendants conducted the depositions of each of the four named Plaintiffs, including Brantley. During his deposition, Brantley testified that during the proposed class period, he purchased stock in Social Capital Hedosophia ("SCH"), not Virgin Galactic—a fact that was concealed by improper redactions to Brantley's brokerage records that Plaintiffs produced in discovery.

On December 20, 2024, Defendants opposed Plaintiffs' motion for certification, challenging Brantley's adequacy to represent purchasers of Virgin Galactic common stock during the 2019 Claim Period (among other arguments opposing class certification). ECF Nos. 139–141. In particular, Defendants argued that because Brantley purchased shares of SCH, rather than shares of Virgin Galactic, he fell outside of the putative class definition set forth in the operative

---

[1] On July 2, 2024, the Court granted Plaintiffs' motion seeking leave to amend their complaint to add Brantley as a named plaintiff. ECF No. 121. On August 21, 2024, Plaintiffs filed their third amended complaint ("TAC"). Other than adding Brantley as a named plaintiff, the TAC did not change the substance of Plaintiffs' allegations.

complaint and Plaintiffs' motion for class certification. *See* ECF No. 140 at 3 (defining the putative class as including those who "purchased" Virgin Galactic stock). In their reply, ECF Nos. 143–144, Plaintiffs sought to substantially redefine the class to include those who purchased "or otherwise acquired" Virgin Galactic stock—*i.e.*, the same change Plaintiffs propose to include in a fourth amended complaint. With the Court's permission, Defendants filed a sur-reply to address the new arguments in Plaintiffs' reply brief, ECF No. 154, and briefing on the motion for class certification is now complete.

### C.    Plaintiffs File This Motion Long After The Deadline To Add Parties And Amend Pleadings

Plaintiffs' deadline for amending pleadings and adding parties to the case was August 21, 2024. *See* July 29, 2024 Scheduling Order. That deadline expired without Plaintiffs filing an amended complaint. Six months later, while the parties were concluding their class certification briefing and nearing the end of an extensive fact discovery period (*e.g.*, document productions were all but finished and depositions were well underway), Plaintiffs filed a letter seeking leave to file a fourth amended complaint ("4AC"). ECF No. 148-1. The proposed 4AC: (i) revives claims against Colglazier that were previously dismissed twice, (ii) adds a never-before-challenged statement attributed to Colglazier, and (iii) expands the class definition, which Plaintiffs first tried to assert via their class certification reply. ECF No. 148-2 at ¶¶ 229–30, 306–07, 310–13, 316–19, 320, 390. None of Plaintiffs' proposed amendments are proper, let alone at this late stage and after multiple prior amendments to the complaint.

## III.    LEGAL STANDARD

"When considering an untimely motion for leave to amend, district courts throughout the Second Circuit have held that the standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15(a)." *Thomas v. ConAgra Foods, Inc.*, 2022 WL

3699408, at *3 (W.D.N.Y. Aug. 26, 2022) (internal quotations and alterations omitted).  Rule 16 "is not a forgiving standard," and provides that a scheduling order "may be modified *only for good cause* and with the judge's consent."  *Mangahas v. Eight Oranges Inc.*, 2023 WL 3170404, at *3 (S.D.N.Y. May 1, 2023) (emphasis added); Fed. R. Civ. P. 16(b)(4).  In other words, the party seeking leave to amend a complaint after a court-ordered deadline must demonstrate that it was diligent in bringing the motion and that the amendment is not based on information the party knew or should have known in advance of the deadline.  *See Weng v. HungryPanda US, Inc.*, 2021 WL 1750305, at *2 (S.D.N.Y. May 4, 2021); *Decastro v. City of New York*, 2020 WL 4932778, at *9 (S.D.N.Y. Aug. 24, 2020); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

In deciding whether to grant leave to amend, the Court may also consider other factors, such as whether the amendment would be futile or would prejudice the non-moving parties.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Weng*, 2021 WL 1750305, at *2 (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)); *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015) (citation omitted).  If an amended pleading would not survive a motion to dismiss, amendment is futile and should not be allowed.  *See SEC v. Rio Tinto PLC*, 2020 WL 2504008, at *6 (S.D.N.Y. Mar. 9, 2020) (an amendment would be futile if it could not withstand a motion to dismiss pursuant to 12(b)(6)).  In fact, when a motion for leave to amend seeks to add back claims that have already been dismissed, many courts treat it as tantamount to a motion for reconsideration, which is subject to the exacting standard of Rule 54(b).  *See New York ex rel. Khurana v. Spherion Corp.*, 2019 WL 1274710, at *2–3 (S.D.N.Y. Mar. 20, 2019) (collecting cases supporting the proposition that "[c]ourts have treated a party's motion for leave to amend a claim that has been dismissed with prejudice as a motion for reconsideration under Rule 54(b)").

6

## IV.    ARGUMENT

Plaintiffs' Motion fails at every level.  Their proposed amendment would be futile; there is no good cause for Plaintiffs' delay; and amendment at this stage would unfairly prejudice Defendants.  And notwithstanding their labeling of the Motion, it is in reality an improper attempt by Plaintiffs to seek reconsideration of this Court's prior dismissal orders and to rewrite their long-standing class definition to save the sole proposed class representative for the 2019 Claim Period.  For all of these reasons, the Motion should be denied.

### A.    Plaintiffs' Proposed Amendment Is Futile

After failing twice to plead a claim for securities fraud against Colglazier and declining to seek reconsideration of the Court's dismissal of him from this action, Plaintiffs argue they should get another bite at the apple because "[d]iscovery has now supplied the missing facts."  Mot. at 1.  Plaintiffs are wrong.  Plaintiffs' claims against Colglazier were dismissed with prejudice, and Plaintiffs' proposed amendment adding Colglazier back to the case is futile for that reason, and because Plaintiffs fail to present allegations sufficient to support a "strong" inference of scienter.  *See O'Brien v. Calvo*, 2013 WL 1247521, at *7 (E.D.N.Y. Mar. 27, 2013) (Ross, J.) (It is "axiomatic that leave to amend need not be granted if to do so would be futile.").

### 1.    Colglazier Was Dismissed With Prejudice And Plaintiffs' Belated Attempt To Add Him Back To This Action Contravenes The PSLRA

When the Court issued its August 8, 2023 order dismissing Plaintiffs' claims against Colglazier (for the second time), it did not grant Plaintiffs leave to amend or specify that dismissal was without prejudice.  ECF No. 87 at 61.[2]  It is well established that "unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on

---

[2] In contrast, when the Court first dismissed Colglazier from this action, it explicitly granted Plaintiffs leave to amend.  ECF No. 58 at 55.

the merits and to be rendered with prejudice." *See Goureau v. Lemonis*, 2021 WL 5909742, at *1 (S.D.N.Y. Dec. 14, 2021) (citation omitted); *VanBrocklen v. Dept. of Homeland Sec.*, 2012 WL 2873373, at *3 (N.D.N.Y. July 12, 2012) (citing *Shockley v. Vermont State Colleges*, 793 F.2d 478, 481 (2d Cir. 1986)) (holding that "where a district court does not specify whether its dismissal [] for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is with or without prejudice, it is presumed that the dismissal is with prejudice").

Plaintiffs do not cite a single case holding that a defendant who has been dismissed with prejudice can be added back to the lawsuit via amendment under Rule 16(b) or 15(b).[3]  And in fact, multiple courts have rejected attempts to do so.  *See Sanderson v. First Liberty Ins. Corp.*, 2018 WL 11426749, at *3 (N.D.N.Y. Sept. 17, 2018) (denying leave to amend to replead claims that were previously dismissed with prejudice and which "cannot be reasserted"); *Maricultura Del Norte, S. de R.L. de C.v. v. WorldBusiness Capital, Inc.*, 2016 WL 9735720, at *5 (S.D.N.Y. Dec. 7, 2016) ("Plaintiffs' mistaken attempt to revive claims that the Court already addressed [and dismissed with prejudice] has only delayed this litigation"); *Crenshaw v. Hamilton*, 2012 WL 1565696, at *3 (W.D.N.Y. Mar. 30, 2022) (refusing to "resurrect claims" against "defendants [that] were previously dismissed with prejudice"), *report and recommendation adopted* 2012 WL 1565685 (W.D.N.Y. Apr. 30, 2012).

Plaintiffs' inability to resuscitate their dismissed claims against Colglazier is further reinforced by the PSLRA.  Because Plaintiffs asserted that Colglazier engaged in securities fraud, they were required, under the PSLRA, to allege particularized allegations of fraudulent intent

---

[3] Plaintiffs' citation to *Sjunde AP-Fonden v. Gen. Elec. Co.* is inapposite, as there the court permitted the filing of an amended pleading that did not add defendants or expand the class definition—in contrast to the amendment proposed here.  Mot. at 15; *see Sjunde*, 341 F.R.D. 542, 553 (S.D.N.Y. 2022).

"*prior to obtaining discovery.*"  *In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 387 (S.D.N.Y. 2007) (holding that "the PSLRA effectively shifted the burden to plaintiffs to acquire knowledge of a party's scienter *prior to obtaining discovery.*" (emphasis added)); *see also Medehkar v. U.S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."). Plaintiffs failed that test *twice*, and Plaintiffs' position that they should be allowed to use discovery (in which Colglazier did not participate as a party) to bring back claims they could not support without it would turn the PSLRA on its head.

The *In re Petrobras* and *In re Bisys* decisions are instructive on this point.  In *Bisys*, the court dismissed a defendant with prejudice at the pleading stage "because the complaint did not raise a sufficient inference of fraudulent scienter."  496 F. Supp. 2d at 385.  The claims that survived the pleading stage progressed through discovery, and eighteen months after the defendant was dismissed, plaintiff sought to add that defendant back to the action with new scienter allegations.  *Id.* at 386.  Citing the "central aims" of the PSLRA, the court refused to permit plaintiffs' proposed amendment because "[i]t would wholly defeat [the PSLRA's] policy to allow plaintiffs who failed as to a given defendant to sustain their pleading burden at the outset of the case to wait until all discovery in the rest of the case was completed and then add that defendant back into the case."  *Id.* at 387.  Similarly, in *Petrobras*, the court dismissed a Section 10(b) claim against a defendant at the pleading stage for failure to adequately allege scienter.  2016 WL 3144395, at *1 (S.D.N.Y. May 5, 2016).  The case continued on remaining claims, and plaintiffs later sought to use "materials acquired during discovery" to reallege the dismissed defendant's scienter.  *Id.* at *2.  The court denied plaintiffs' request, noting that it "would frustrate the purposes

of the [PSLRA]" by giving plaintiffs "the benefits of discovery without adequately pleading scienter before discovery began." *Id.* at *3.

So too here. It was Plaintiffs' responsibility to "adequately plead[] [Colglazier's] scienter *before* discovery began"—not four years after their case was filed and almost a year and a half after fact discovery commenced. *See id.* (emphasis added). "If plaintiffs could not allege fraud with specificity as to [Colglazier], they should not have included [Colglazier] as a defendant in the original complaint. They chose to do so anyway, thereby running the risk that their claims would be dismissed, which is exactly what happened." *See Bisys*, 496 F. Supp. 2d at 387. Plaintiffs must now live with that decision and the consequence—that they cannot drag Colglazier back into the case after the claims against him were dismissed with prejudice for failure to state a claim. *See Petrobras*, 2016 WL 3144395, at *3; *Bisys*, 496 F. Supp. 2d at 387.

Additionally, to the extent the Court construes Plaintiffs' Motion as a motion for reconsideration—which is well within the Court's right—there is nothing in the Motion that satisfies the exacting standard of Rule 54(b). *See Khurana*, 2019 WL 1274710, at *2–3 (collecting cases and noting that "[c]ourts have treated a party's motion for leave to amend a claim that has been dismissed with prejudice as a motion for reconsideration under Rule 54(b)."). Notably, Plaintiffs do not address the Rule 54(b) standard anywhere in their Motion. Moreover, they already sought reconsideration of the Court's dismissal order once, and the Court rejected this attempt in its entirety. ECF No. 98. Plaintiffs are effectively seeking reconsideration again, but do not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error" that would warrant reconsideration. *See Khurana*, 2019 WL 1274710, at *3 (denying leave to amend under Rule 54(b) where the action had "been pending for over three

10

years" and claims that plaintiff sought to reallege had been dismissed with prejudice "almost two years ago"); *Bisys*, 496 F. Supp. 2d at 386 (S.D.N.Y. 2007) (similar).

### 2. Plaintiffs' New Allegations Against Colglazier Are Inadequate In Any Event

Even if the prior dismissal of Colglazier with prejudice and the PSLRA did not bar Plaintiffs' proposed amendment (which they do), the amendment still would be futile because Plaintiffs' new allegations fall well short of the demanding standard for pleading scienter.[4]

*First*, Plaintiffs' proposed amendment is based on Rule 30(b)(6) deposition testimony by Moses that they say confirms Moses told Colglazier before August 5 that Unity had deviated from its landing cone during flight, that the deviation triggered a red "Crew Alert System" message, and that the FAA was investigating the issue. Mot. 6. Plaintiffs' portrayal of Moses's testimony is misleading. Moses testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 1 at 262:13-24, 266:12-19.[5] And while Plaintiffs rely on testimony stating that Moses told Colglazier of an August 3, 2021 presentation to the FAA, Mot. at 7, they conveniently omit other portions of his testimony which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 at 268:5-25. Most importantly, Plaintiffs do not (and cannot) cite any portion of Moses's testimony that establishes Colglazier was aware on August 5, 2021 that the FAA would conclude on August 11—

---

[4] Although Plaintiffs briefly mention that motions to join new parties are governed by Rule 21, they simultaneously concede that whether Rule 21 or Rule 15 governs is "immaterial" because courts "adhere to the same standard" under both Rules. Mot. at 8.

[5] Surprisingly, Plaintiffs suggest that Defendants may not rely on Moses's testimony to oppose their Motion. Mot. at 10. But because Plaintiffs rely on Moses's testimony in support of their Motion, Defendants may do so as well. *See Laface v. Eastern Suffolk BOCES*, 2020 WL 2489774, at *5-6 (E.D.N.Y. May 14, 2020).

*i.e.,* six days after Colglazier made his challenged statements—that the airspace deviation would require Virgin Galactic to "implement corrective actions prior to conducting further FAA-licensed launches." ECF No. 128 ¶ 250.  So when Colglazier described Unity 22 as a "success" on August 5, the more plausible inference is that he subjectively (and with good reason) believed that those statements were accurate.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (holding that an inference of scienter must be more compelling than non-fraudulent explanations); *see also In re Gentiva Sec. Litig.*, 932 F. Supp. 2d 352, 380 (E.D.N.Y. 2013) (holding that even "the existence of an investigation alone is not sufficient to give rise to a requisite cogent and compelling inference of scienter").

*Second*, the mere fact that (according to Moses's testimony) Colglazier was aware of Unity 22's airspace deviation before August 5, 2021, is a far cry from demonstrating intentional fraud or deliberate recklessness for the specific statement Plaintiffs challenge, reflecting his view that the July 2021 Unity 22 spaceflight was "successful" and "demonstrated further proof of [Galactic's] technical readiness." ECF No. 128 ¶ 316.  Scienter requires a showing that the defendant acted with intent to deceive, manipulate, or defraud, *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009), and Plaintiffs have not shown that post-flight knowledge of the deviation demonstrates that Colglazier subjectively believed that the Unity 22 flight was in any way unsuccessful or unsafe.  From Colglazier's perspective (as well as the perspective of countless others at Virgin Galactic), Unity 22 safely and successfully launched, reached space, and landed—all while carrying Richard Branson and accomplishing a long-awaited major milestone towards Virgin Galactic's commercial service.  Unity 22 was a "success" by any reasonable measure.  Plaintiffs' proposed amendment fails to demonstrate that Colglazier believed

12

otherwise, which is the very same reason the Court granted dismissal of claims against him in the first place. ECF No. 58 at 47–48, 50; ECF No. 87 at 37–41.

Pleading them again would be futile. *See Lucente v. Int'l. Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

## B.    Plaintiffs Fail To Establish Good Cause Under Rule 16(b) To Excuse Their Delay

Plaintiffs claim that good cause to amend their complaint exists because they pursued amendment within two weeks of Virgin Galactic's 30(b)(6) deposition and because their delay in seeking an amendment was caused by Defendants' "tactics." Mot. at 14. Neither argument satisfies Rule 16. There is no good cause for Plaintiffs' failure to comply with the long-expired deadline to amend, and amendment at this stage would result in unfair prejudice to Defendants (and Colglazier).

*First*, Plaintiffs' failure to diligently pursue this Motion is underscored by their attempt to expand the proposed class definition to salvage Brantley as the proffered class representative for the 2019 Claim Period. Brantley obviously knew that he did not purchase Virgin Galactic common stock, and the other Plaintiffs either knew or should have known that fact *before* they injected Brantley into the case in May 2024. Yet Plaintiffs did not seek to expand the class definition to include non-purchasers when they filed the TAC adding Brantley to the case or at any other time before the August 2024 deadline to amend. Moreover, even after Defendants forced Plaintiffs to reveal the true facts regarding Brantley's investments, Plaintiffs inexplicably waited months before seeking to amend the class definition via the proposed 4AC. That is the very opposite of diligence and is a far cry from good cause to excuse Plaintiffs' failure to seek amendment to address an item that was exclusively within their knowledge before the August 2024 deadline. *See In re Merrill*

13

*Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) (denying leave to amend where the new allegations were based on information available to the plaintiffs before the case was dismissed).[6]

Plaintiffs also have no good cause for their belated amendment to challenge yet another statement from Colglazier about the July 2021 flight made during the Company's August 5, 2021 earnings call when they had plenty of opportunities to challenge it—and in fact they *did* challenge other statements by Colglazier about the July flight from the same August 5 call.  ECF No. 69 ¶¶ 316-17; ECF No. 128 ¶¶ 316–17.  Nor can Plaintiffs use the timing of Virgin Galactic's 30(b)(6) deposition as justification for their delayed amendment.  Mot. at 14.  Plaintiffs' attempt to pin the blame for their delay on Defendants rests on a mischaracterization of the record.  In their 30(b)(6) deposition notice, Plaintiffs sought testimony on forty-two expansive topics and subtopics, many of which also concerned dismissed claims.  *See e.g.*, Ex. 2 at 3 (seeking examination into the "reasons for the resignation of Todd Ericson"); *id.* at 4 (seeking examination into "[a]ll engineering drawings and documentation for Unity[.]"); *id.* at 8 (seeking examination into "Virgin Galactic's sales of its securities between July 12, 2021 and July 16, 2021[.]").  Because Plaintiffs chose to serve a facially overbroad and improper 30(b)(6) notice, it took months of meet and confer discussions and correspondence before Plaintiffs narrowed their request to an appropriate set of topics on which to examine Virgin Galactic's 30(b)(6) representative.  And even then, Plaintiffs insisted that Virgin Galactic's 30(b)(6) representative, Mike Moses, make himself available for two consecutive days of testimony—which of course took time to schedule.  The delay in

---

[6] Defendants do not concede that, even had Plaintiffs amended their proposed class definition by the August 2024 deadline, it would have been sufficient to identify a certifiable class.

14

completing the Virgin Galactic 30(b)(6) deposition and the filing of Plaintiffs' Motion rests on Plaintiffs' shoulders alone.

*Second*, leave to amend should also be denied because it would cause unfair prejudice to Defendants. *See Kassner*, 496 F.3d at 244 (explaining that under Rule 16(b), a court may also consider "whether allowing [] amendment of the pleading at this stage of the litigation will prejudice defendants"). The parties are less than two months away from the close of fact discovery, a deadline the parties have already extended several times. Plaintiffs argue that, if the Court grants their Motion, they will need additional discovery to develop their new claims. Mot. at 11 ("Plaintiffs will likely need some supplemental document discovery that bears on Colglazier's scienter[.]"). That would unfairly prejudice Defendants, who have spent substantial time and resources on fact discovery for well over a year, all with the understanding that Colglazier was *not* a defendant and with the understanding that the actionable statements in the case were set. Allowing Plaintiffs to circumvent court-mandated deadlines in order to add Colglazier as a defendant and to challenge a new statement would derail efficient resolution of this matter in favor of Plaintiffs' gamesmanship. *See State Farm Ins. Companies v. Kop-Coat, Inc.*, 183 F. App'x 36, 37–38 (2d Cir. 2006) (affirming denial of leave to amend where amendment "would require additional discovery" that would unduly prejudice defendant); *Berkley Ins. Co. v. Prime Ins. Co.*, 2022 WL 18135182, at *2 (E.D.N.Y. Mar. 28, 2022) (finding lack of good cause for amendment where parties were nearing the close of fact discovery); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (amendment causes prejudice where it would require "opponent to expend significant additional resources to conduct discovery and prepare for trial [and] significantly delay the resolution of the dispute").

15

**C.      Plaintiffs' Proposed Amendment Would Undeniably Impact Plaintiffs' Pending Motion For Class Certification**

In its order granting Plaintiffs leave to file their Motion, the Court directed the parties to "address what, if any, impact the proposed amendments would have on the pending motion for class certification." Mar. 17, 2025 Order.  In their Motion, Plaintiffs attempt to cast their proposed amendment to the class definition as a "slight[]" modification that "will not impact" their pending motion for class certification.  Mot. at 14–15.  But Plaintiffs' position could not be further from the truth, as this proposed amendment goes to the heart of a critical issue presented by Plaintiffs' motion for class certification, namely whether Plaintiffs have an adequate representative for the 2019 Claim Period.

Brantley is the *sole* proposed class representative who purports to have a claim in the discrete 2019 Claim Period.  ECF No. 132 at 6; ECF No. 140 at 2, 4, 18–20.  During Brantley's deposition, Defendants elicited testimony that Brantley *did not purchase* Virgin Galactic stock during the proposed class period (he instead purchased stock of the SPAC, SCH), and that Plaintiffs had improperly redacted Brantley's brokerage account records to conceal that fact.  ECF No. 140 at 5–6.  This means that Brantley lacks standing to represent stockholders who purchased Virgin Galactic stock during 2019 Claim Period and is not a putative class member under the express terms of the proposed class definition in the operative complaint and in Plaintiffs' opening brief in support of class certification.  ECF No. 128 ¶ 373 (alleging proposed class "of all those who *purchased* the Company's common stock during the Class Period" (emphasis added)); ECF No. 132 at 2.  It was only after Defendants pointed out in their opposition to Plaintiffs' motion for class certification that Brantley lacked standing to assert the 2019 claim—and thus lacked the ability to serve as a class representative with respect to that claim—that Plaintiffs attempted to amend their proposed class definition in their reply brief.  ECF No. 143 at 16.  The Court granted

16

Defendants the opportunity to file a sur-reply in order to address this improper, newly-asserted argument on reply. ECF No. 153. Thus, whether or not the Court permits Plaintiffs to modify their proposed class definition in the 4AC would directly impact Plaintiffs' pending motion for class certification.

Plaintiffs claim that Defendants' opportunity to file a sur-reply in opposition to class certification was enough to address any prejudice to Defendants. Mot. at 15. Not so. Defendants would suffer prejudice if Plaintiffs were allowed to change their proposed class definition at this eleventh hour. Plaintiffs' proposed amendment would expand their putative class to include additional individuals who, like Brantley, did not even purchase Virgin Galactic stock. What Plaintiffs propose is a material change for which there is no legal basis, and it should not be granted at this late stage.[7] *See* ECF No. 155 at 7–8.

Plaintiffs have had years to prepare for class certification. The Court should not entertain their last-ditch efforts to cure class deficiencies through a belated amendment—especially considering that Defendants have devoted substantial time and resources to litigating class certification issues through the proper channels. And in any event, Plaintiffs' proposed amendment to the class definition is futile because it is at odds with well-established precedent that requires a plaintiff alleging insider trading claims to purchase or sell the *same* securities as, and contemporaneously with, the defendant—a requirement that Brantley cannot satisfy because he did not purchase shares of Virgin Galactic. *See id.* (citing cases).

---

[7] Plaintiffs' cited cases are inapposite, as none address a proposed amendment that impacts a class definition *after* class certification briefing has been completed. *See* Mot. at 15 (citing cases).

17

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

Motion.

Respectfully submitted,

Dated: April 9, 2025

**LATHAM & WATKINS LLP**

Kevin M. McDonough
Corey A. Calabrese
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com
        corey.calabrese@lw.com

Kristin N. Murphy (*pro hac vice*)
Michele D. Johnson (*pro hac vice*)
Ryan A. Walsh (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
        michele.johnson@lw.com
        ryan.walsh@lw.com

Colleen C. Smith (*pro hac vice*)
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
Email: colleen.smith@lw.com

*Attorneys for Defendants Virgin Galactic Holdings, Inc., Sir Richard Branson, and Chamath Palihapitiya*

19

## CERTIFICATE OF COMPLIANCE

I, Kevin M. McDonough, an attorney admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) and Rule III.B. of Judge Alynne R. Ross' Individual Practices, that the foregoing Defendants' Opposition to Plaintiffs' Motion for Leave to Amend was prepared in Microsoft Word and contains 5,554 words, not including the items excluded by Local Rule 7.1(c).

Dated: April 9, 2025

Kevin M. McDonough

20