# EXHIBIT C

## LAST WILL AND TESTAMENT OF RICHARD ANDREW O'KEEFE-JONES

I, Richard Andrew O'Keefe-Jones, presently of Seattle, Washington, declare that this is my Last Will and Testament.

## PRELIMINARY DECLARATIONS

### Prior Wills and Codicils

1.   I revoke all prior Wills and Codicils.

### Marital Status

2.   I am married to Raymond Ochs III.

### Current Children

3.   I do not have any living children.

4.   The term 'child' or 'children' as used in this my Will includes the above listed children and any children of mine that are subsequently born or legally adopted.

## EXECUTOR

### Definition

5.   The expression 'my Executor' used throughout this Will includes either the singular or plural number, or the masculine or feminine gender as appropriate wherever the fact or context so requires. The term 'executor' in this Will is synonymous with and includes the terms 'personal representative' and 'executrix'.

### Appointment

6.   I appoint my spouse, Raymond Ochs III, as the sole Executor of this my Will, but if my spouse should predecease me, or should refuse or be unable to act or continue to act as my Executor, then I appoint ███████████████ of Richland, Washington to be the sole Executor of this my Will in the place of my spouse.

7.   No bond or other security of any kind will be required of any Executor appointed in this my Will.



### Powers of My Executor

8.    I give and appoint to my Executor the following duties and powers with respect to my estate:

a.    To pay my legally enforceable debts, funeral expenses and all expenses in connection with the administration of my estate and the trusts created by my Will as soon as convenient after my death. If any of the real property devised in my Will remains subject to a mortgage at the time of my death, then I direct that the devisee taking that mortgaged property will take the property subject to that mortgage and that the devisee will not be entitled to have the mortgage paid out or resolved from the remaining assets of the residue of my estate;

b.    To take all legal actions to have the probate of my Will completed as quickly and simply as possible, and as free as possible from any court supervision, under the laws of the State of Washington;

c.    To retain, exchange, insure, repair, improve, sell or dispose of any and all personal property belonging to my estate as my Executor deems advisable without liability for loss or depreciation;

d.    To invest, manage, lease, rent, exchange, mortgage, sell, dispose of or give options without being limited as to term and to insure, repair, improve, or add to or otherwise deal with any and all real property belonging to my estate as my Executor deems advisable without liability for loss or depreciation;

e.    To purchase, maintain, convert and liquidate investments or securities, and to vote stock, or exercise any option concerning any investments or securities without liability for loss;

f.    To open or close bank accounts;

g.    To maintain, continue, dissolve, change or sell any business which is part of my estate, or to purchase any business if deemed necessary or beneficial to my estate by my Executor;

h.    To maintain, settle, abandon, sue or defend, or otherwise deal with any lawsuits against my estate;

i.      To employ any lawyer, accountant or other professional; and

j.      Except as otherwise provided in this my Will, to act as my Trustee by holding in trust the share of any minor beneficiary, and to keep such share invested, pay the income or capital or as much of either or both as my Executor considers advisable for the maintenance, education, advancement or benefit of such minor beneficiary and to pay or transfer the capital of such share or the amount remaining of that share to such beneficiary when he or she reaches the age of majority or, during the minority of such beneficiary, to pay or transfer such share to any parent or guardian of such beneficiary subject to like conditions and the receipt of any such parent or guardian discharges my Executor.

9.      The above authority and powers granted to my Executor are in addition to any powers and elective rights conferred by state or federal law or by other provision of this Will and may be exercised as often as required, and without application to or approval by any court.

## DISPOSITION OF ESTATE

### Distribution of Residue

10.     To receive any gift or property under this Will a beneficiary must survive me for thirty (30) days. Beneficiaries of my estate residue will receive and share all of my property and assets not specifically bequeathed or otherwise required for the payment of any debts owed, including but not limited to, expenses associated with the probate of my Will, the payment of taxes, funeral expenses or any other expense resulting from the administration of my Will. The entire estate residue is to be divided between my designated beneficiaries with the beneficiaries receiving a share of the entire estate residue.  All property given under this Will is subject to any encumbrances or liens attached to the property.

11.     The entire residue of my estate will be transferred to my spouse, if my spouse survives me for thirty (30) full days, for their own use absolutely.

### Wipeout Provision

12.     Should my spouse predecease me, or fail to survive me for thirty (30) full days or should my spouse die before becoming entitled to receive the whole of their share of my estate, then I direct my Executor to divide any remaining residue of my estate into one hundred (100) equal shares and to pay and transfer such shares as follows:

Case 1:21-cv-03070-NRM-TAM    Document 185    Filed 04/29/25    Page 5 of 16 PageID #: 7108

a.    50 shares to be divided equally between my parents and siblings, or the survivors thereof, for their own use absolutely, if all or any of them is then alive. If any of these beneficiaries shall die before becoming entitled, in accordance with the terms of this my Will, to receive the whole of his or her share of my estate, but such beneficiary has a child or children which survive me, that beneficiary shall be deemed to have survived me for the purposes of this distribution. Provided however, that if all of my parents and siblings shall predecease me and have no children surviving them, or surviving me, die before receiving their share of my estate, I direct that their share of my estate or the amount remaining of that share will be divided equally between my spouse's parents and siblings for their own use absolutely, if all or any of them is then alive; and

b.    50 shares to be divided equally between my spouse's parents and siblings, or the survivors thereof, for their own use absolutely, if all or any of them is then alive. If any of these beneficiaries shall die before becoming entitled, in accordance with the terms of this my Will, to receive the whole of his or her share of my estate, but such beneficiary has a child or children which survive me, that beneficiary shall be deemed to have survived me for the purposes of this distribution. Provided however, that if all of my spouse's parents and siblings shall predecease me and have no children surviving them, or surviving me, die before receiving their share of my estate, I direct that their share of my estate or the amount remaining of that share will be divided equally between my parents and siblings for their own use absolutely, if all or any of them is then alive.

## TESTAMENTARY TRUST

### Testamentary Trust For Minor Beneficiaries

13.    It is my intent to create a testamentary trust (the "Testamentary Trust") for each minor beneficiary named in this my Will. I name my Executor(s) as trustee (the "Trustee") of any and all Testamentary Trusts required in this my Will. Any assets bequeathed, transferred, or gifted to a minor beneficiary named in this my Will are to be held in a separate trust by the Trustee until that minor beneficiary reaches the designated age. Any property left by me to any minor beneficiary in this my Will shall be given to my Executor(s) to be managed until that minor beneficiary reaches the age of majority.

## Trust Administration

14.    The Trustee shall manage the Testamentary Trust as follows:

    a.    The assets and property will be managed for the benefit of the minor until the minor reaches the age set by me for final distribution;

    b.    Upon the minor reaching the age set by me for final distribution, all property and assets remaining in the trust will be transferred to the minor beneficiary as quickly as possible; and

    c.    Until the minor beneficiary reaches the age set by me for final distribution, my Trustee will keep the assets of the trust invested and pay the whole or such part of the net income derived therefrom and any amount or amounts out of the capital that my Trustee may deem advisable to or for the support, health, maintenance, education, or benefit of that minor beneficiary.

15.    The Trustee may, in the Trustee's discretion, invest and reinvest trust funds in any kind of real or personal property and any kind of investment, provided that the Trustee acts with the care, skill, prudence and diligence, considering all financial and economic considerations, that a prudent person acting in a similar capacity and familiar with such matters would use.

16.    No bond or other security of any kind will be required of any Trustee appointed in this my Will.

## Trust Termination

17.    The Testamentary Trust will end after any of the following:

    a.    The minor beneficiary reaching the age set by me for final distribution;

    b.    The minor beneficiary dies; or

    c.    The assets of the trust are exhausted through distributions.

Case 1:21-cv-03070-NRM-TAM    Document 185    Filed 04/29/25    Page 7 of 16 PageID #: 7110

### General Trust Provisions

18.    The expression 'my Trustee' used throughout this Will includes either the singular or plural number, or the masculine or feminine gender as appropriate wherever the fact or context so requires.

### (1) Powers of Trustee

To carry out the terms of my Will, I give my Trustee the following powers to be used in his or her discretion at any time in the management of a trust created hereunder, namely:

a.    The power to make such expenditures as are necessary to carry out the purpose of the trust;

b.    Subject to my express direction to the contrary, the power to sell, call in and convert into money any trust property, including real property, that my Trustee in his or her discretion deems advisable;

c.    Subject to my express direction to the contrary, the power to mortgage trust property where my Trustee considers it advisable to do so;

d.    Subject to my express direction to the contrary, the power to borrow money where my Trustee considers it advisable to do so;

e.    Subject to my express direction to the contrary, the power to lend money to the trust beneficiary if my Trustee considers it is in the best interest of the beneficiary to do so;

f.    To make expenditures for the purpose of repairing, improving and rebuilding any property;

g.    To exercise all rights and options of an owner of any securities held in trust;

h.    To lease trust property, including real estate, without being limited as to term;

i.    To make investments he or she considers advisable, without being limited to those investments authorized by law for trustees;

j.      To receive additional property from any source and in any form of ownership;

k.      Instead of acting personally, to employ and pay any other person or persons, including a body corporate, to transact any business or to do any act of any nature in relation to a trust created under my Will including the receipt and payment of money, without being liable for any loss incurred. And I authorize my Trustee to appoint from time to time upon such terms as he or she may think fit any person or persons, including a body corporate, for the purpose of exercising any powers herein expressly or impliedly given to my Trustee with respect to any property belonging to the trust;

l.      Without the consent of any persons interested in trusts established hereunder, to compromise, settle or waive any claim or claims at any time due to or by the trust in such manner and to such extent as my Trustee considers to be in the best interest of the trust beneficiary, and to make an agreement with any other person, persons or corporation in respect thereof, which shall be binding upon such beneficiary;

m.      To make or not make any election, determination, designation or allocation required or permitted to be made by my Trustee (either alone or jointly with others) under any of the provisions of any local, state, federal, or other taxing statute, in such manner as my Trustee, in his or her absolute discretion, deems advisable, and each such election, determination, designation or allocation when so made shall be final and binding upon all persons concerned;

n.      To pay himself or herself a reasonable compensation out of the trust assets; and

o.      To employ and rely on the advice given by any attorney, accountant, investment advisor, or other agent to assist the Trustee in the administration of this trust and to compensate them from the trust assets.

The above authority and powers granted to my Trustee are in addition to any powers and elective rights conferred by statute or federal law or by other provision of this Will and may be exercised as often as required, and without application to or approval by any court.

**(2) Other Provisions**

a.   Subject to the terms of this my Will, I direct that my Trustee will not be liable for any loss to

my estate or to any beneficiary resulting from the exercise by him or her in good faith of any discretion given him or her in this my Will;

b.   Any trust created in this Will shall be administered as independently of court supervision as possible under the laws of the State having jurisdiction over the trust; and

c.   If any trust condition is held invalid, it will not affect other provisions that can be given effect without the invalid provision.

## GENERAL PROVISIONS

### Individuals Omitted From Bequests

19.   If I have omitted to leave property in this Will to one or more of my heirs as named above or have provided them with zero shares of a bequest, the failure to do so is intentional.

### Insufficient Estate

20.   If the value of my estate is insufficient to fulfill all of the bequests described in this Will then I give my Executor full authority to decrease each bequest by a proportionate amount.

### Pet Caretaker

21.   In all cases, where any pet of mine is suffering, in poor health, or beyond reasonable treatment, or where my Executor is unable to place that pet with a suitable caretaker for any reason, then I direct my Executor to have my pet humanely euthanized as soon as practicable. All costs relating to the care, treatment and euthanasia of my pets during the period immediately following my death and prior to any adoption by a permanent guardian will be paid out of the residue of my estate.

22.   Where my pet, Lola, (Jack Russell / Chihuahua) is alive and healthy at the time of my death, I direct my Executor to place Lola in a permanent, safe and loving environment as soon as practicable after my death. I give my Executor the fullest possible discretion in the placement of this pet in a permanent home. I direct my Executor to provide a maximum of $1,000.00 (USD) out of the residue of my estate as a one time only sum to be used for the future care, feeding and maintenance of this pet.

**Additional Provisions**





26. ████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

27. ████████████████████████████████████████████████████████████████████████████████████████████

## No Contest Provision

28.   If any beneficiary under this Will contests in any court any of the provisions of this Will, then each and all such persons shall not be entitled to any devises, legacies, bequests, or benefits under this Will or any codicil hereto, and such interest or share in my estate shall be disposed of as if that contesting beneficiary had not survived me.

## Severability

29.   If any provisions of this Will are deemed unenforceable, the remaining provisions will remain in full force and effect.

## AFFIDAVIT

STATE OF WASHINGTON

COUNTY OF _____

I, Richard Andrew O'Keefe-Jones, the Testator, sign my name to this instrument this _____ day of

_____, 20_____, and being first duly sworn, declare to the undersigned authority all of the

following:

1. I execute this instrument as my Last Will.

2. I sign this Last Will willingly, or willingly direct another to sign for me.

3. I execute this Last Will as my free and voluntary act for the purposes expressed therein.

4. I am 18 years of age or older, of sound mind and under no constraint or undue influence.


Testator: _____


We, _____, _____ and _____, the witnesses, being first

duly sworn, sign our names to this instrument and declare to the undersigned authority all of the following:

1. The Testator executes this instrument as their Last Will.

2. The Testator signs it willingly, or willingly directs another to sign for them

3. Each of us, in the conscious presence of the Testator, signs this Last Will as a witness.

4. To the best of our knowledge, the Testator is 18 years of age or older, of sound mind and under no constraint

or undue influence.


_____          _____          _____

Witness #1                            Witness #2                            Witness #3


Subscribed and sworn to before me by Richard Andrew O'Keefe-Jones, the Testator, and by

_____, _____ and _____, witnesses, this _____ day of

_____, 20_____.


(Seal)

(Signed) _____


_____

(Official capacity of officer)


©2002-2019 LawDepot.com®

This is my last will and testament signed on June 13, 2019

Richard A Okeefe-Jones

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of April 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Natalie S. Pang*
Natalie S. Pang